IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC. and AMERICAN SOCIETY OF CIVIL ENGINEERS,<br><br>            Plaintiffs,<br><br>v.<br><br>UPCODES, INC.;<br>GARRETT REYNOLDS; and<br>SCOTT REYNOLDS,<br><br>            Defendants.<br>. | Civil Action No. 1:17-cv-6261 |

# COMPLAINT

International Code Council, Inc. and the American Society of Civil Engineers, by and through their undersigned counsel, bring this action against UpCodes, Inc., Mr. Garrett Reynolds and Mr. Scott Reynolds, and alleges as follows.

## PARTIES

1.      Plaintiff International Code Council, Inc. ("ICC") is a not-for-profit corporation organized under the laws of the State of California, with its principal place of business in Washington, D.C.  ICC develops model codes and standards used in the design, build and compliance process to construct safe, sustainable, affordable and resilient structures.  ICC's mission is to provide the highest quality codes, standards, products, and services for all concerned with the safety and performance of the built environment.

2.      Plaintiff American Society of Civil Engineers ("ASCE") is a not-for-profit corporation organized under the laws of the State of New York, with its principal place of business in Reston, Virginia.  Founded in 1852, ASCE is an educational and scientific society

representing more than 150,000 members worldwide, including some 110,000 engineers and comprising hundreds of technical and geographic organizations, chapters, and committees. Its objective is to advance the science and profession of engineering to enhance the welfare of humanity. The ASCE facilitates education in the science of engineering by publishing technical and professional papers, books, standards, codes, and other works; by conducting educational conferences, seminars, and other forums related to the engineering field, and; by encouraging and promoting professionalism, leadership, career growth, and environmental stewardship within the profession to protect public health and safety and improve quality of life.

3. Defendant UpCodes, Inc. ("UpCodes") is a corporation organized and existing under the laws of Delaware, which lists its principal place of business at 108 West 13th Street, Wilmington, DE 19801.

4. Upon information and belief, Mr. Garrett Reynolds is an individual with an address of 391 Valencia Street, Apt. 404, San Francisco, CA 94103 and is a co-founder and officer of Defendant UpCodes, Inc.

5. Upon information and belief, Mr. Scott Reynolds is an individual with an address of 391 Valencia Street, Apt. 404, San Francisco, CA 94103 and is a co-founder and officer of Defendant UpCodes, Inc.

**JURISDICTION AND VENUE**

6. This is an action for infringement of federally registered copyrights in violation of 17 U.S.C. § 501.

7. This court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this court pursuant to 28 U.S.C. § 1400(a) because Defendants may be found in this district.

## PLAINTIFFS AND THEIR COPYRIGHTED WORKS

9. ICC develops and maintains model codes and standards, known as the International Codes or I-Codes, through a consensus process that is designed to protect the health, safety and welfare of people around the world and to encourage sustainability and water and energy conservation.

10. The I-Codes include the International Building Code, International Residential Code for One and Two-Family Dwellings, International Existing Building Code, International Fire Code, International Plumbing Code, International Mechanical Code, International Fuel Gas Code, International Property Maintenance Code; International Energy Conservation Code; International Swimming Pool and Spa Code; International Wildland-Urban Interface Code; ICC Performance Code for Buildings and Facilities; International Private Sewage Disposal Code; International Zoning Code; and International Green Construction Code.

11. ICC revises the I-Codes on a regular basis based on changes in technology and best practices. New versions may add content that responds to changes in the industry, or may expand and improve the codes to make them more effective. ICC publishes new versions of each of the I-Codes every three years.

12. ASCE develops and maintains a number of technical standards, including ASCE 7, Minimum Design Loads and Associated Criteria for Buildings and Other Structures, which defines magnitudes of loads suitable for the design of buildings and other structures, including dead loads from the weight of construction materials and fixed installations, live loads caused by

the user, and environmental loads such as those that arise from the effects of wind, snow and earthquakes.

13.     ASCE 7 is developed through a consensus process that is designed to protect the health, safety and welfare of people around the world.

14.     ASCE revises ASCE 7 on a regular basis.  ASCE 7-10 was the version of ASCE 7 that was first published in 2010.

15.     ICC and ASCE (collectively, "Plaintiffs") incur substantial costs and expend substantial resources to provide the administrative, technical and other support necessary to produce the I-Codes and ASCE 7-10 (collectively, "Plaintiffs' Copyrighted Works").  Among other costs, Plaintiffs must pay for the salary and benefits for their administrative and expert staffs, office space, meeting facilities, information technology that allows for online participation in the development process, outreach and education efforts, and the cost of publishing Plaintiffs' Copyrighted Works.

16.     To recover some portion of these substantial costs of development, Plaintiffs sell copies of the Plaintiffs' Copyrighted Works.  Sales of the I-Codes account for a significant portion of ICC's total revenue.  Sales of ASCE 7-10 represent a significant source of revenue to ASCE.

17.     Plaintiffs' Copyrighted Works are reasonably available to the regulated public. For example, ICC makes the I-Codes available for free viewing in read-only form on its website.

18.     Plaintiffs' Copyrighted Works offer substantial advantages to building professionals, engineers, states and local governments, and the public.

19.     For example, architects, engineers, designers, manufacturers and contractors can work with a relatively consistent set of requirements throughout the United States.

20. Additionally, because of Plaintiffs' Copyright Works, uniform education and certification programs can be used across the country and even around the world.

21. Another benefit of Plaintiffs' Copyrighted Works is that individual jurisdictions do not have the expertise or financial ability to develop high-quality codes or standards, to keep such codes and standards up to date with developments in technology and in the marketplace, or to comply with the demanding requirements for creating voluntary consensus codes or standards. State legislatures can adopt certain provisions of the I-Codes or can incorporate by reference ASCE 7 instead of creating their own codes or standards, which allows them to develop a comprehensive regulatory scheme quickly and with limited costs.

22. ICC owns the copyrights in the I-Codes.

23. ICC has obtained Certificates of Copyright Registration from the Registrar of Copyrights for each of the I-Codes listed in Exhibit A hereto. Exhibit A lists the I-Codes that Defendants have infringed by the acts complained of herein and identifies by number the Certificates of Registration issued to ICC for each of the relevant I-Codes.

24. States or cities that adopt building codes that contain significant amounts of content from the I-Codes recognize that their building codes are based on the I-Codes, which are copyrighted works owned by ICC. For example, the copyright page of the 2014 New York City Building Code states: "The 2014 New York City Building Code is based on the 2009 International Building Code, which is a copyrighted work owned by the International Code Council. ICC reserves all rights in its copyrighted works."

25. ASCE owns the copyright in ASCE 7-10. Attached hereto as Exhibit B is a list that identifies by number the Certificates of Registration issued to ASCE for ASCE 7-10.

**DEFENDANTS AND THEIR INFRINGING ACTIVITIES**

26. Defendant UpCodes has developed an internet-based platform that allows customers to view and print a variety of building codes and standards, including the I-Codes and ASCE 7-10.

27. Upon information and belief, Defendant UpCodes purchased or obtained digital copies of Plaintiffs' Copyrighted Works for the purpose of displaying them on the UpCodes website and mobile web platform. Defendant Garret Reynolds purchased copies of certain I-Codes from ICC for the purpose of displaying copies of the I-Codes on UpCodes' website and mobile web platform.

28. UpCodes displays and distributes exact copies of Plaintiffs' Copyrighted Works through the UpCodes website and mobile web platform, where Plaintiffs' Copyrighted Works can be viewed by members of the public at no cost.

29. UpCodes also obtained copies of state building codes for various states that contain significant amounts of content from the I-Codes. UpCodes displays and distributes these state codes through the UpCodes website and mobile web platform, where they can be viewed by members of the public at no cost.

30. The versions of the I-Codes, the state building codes that contain significant amounts of content from the I-Codes, and ASCE 7-10 that are displayed on the UpCodes website and mobile web platform are referred to collectively herein as "Infringing Materials".

31. Users who pay a monthly or annual fee can print entire chapters, sections or subsections of the Infringing Materials from the UpCodes website and mobile web platform.

32. UpCodes also offers users who pay a monthly or annual fee the ability to see differences between the I-Codes and building codes that have been adopted by certain

jurisdictions. For example, UpCodes offers for sale versions of certain I-Codes that show in strikethrough format all text that appears in a particular I-Code but that has not been adopted by a specific jurisdiction.

33. The versions of the I-Codes that UpCodes posted on its website and mobile web platform include copyright notices that indicate that ICC owns the copyright in the I-Codes.

34. The versions of state and city building codes that UpCodes posted on its website and mobile web platform include copyright notices that indicate that the state and city codes contain substantial copyrighted material from certain I-Codes and that the ICC owns the copyright in those I-Codes.

35. The version of ASCE 7-10 that UpCodes posted on its website and mobile web platform includes a copyright notes that indicates that ASCE owns the copyright in ASCE 7-10.

36. The UpCodes website also acknowledges that the website may contain "rules and regulations which are copyrighted works owned by relevant organizations and associations."

37. Upon information and belief, Defendants Garrett Reynolds and Scott Reynolds are co-founders and officers of Defendant UpCodes.

38. Upon information and belief, Defendants Garrett Reynolds and Scott Reynolds were personally involved in copying, displaying, and distributing copies of the Infringing Materials.

39. The business model of Defendant UpCodes relies on the display and distribution of Infringing Materials to the public through the UpCodes website and mobile web platform. Upon information and belief, as the co-founders and officers of Defendant UpCodes, and two of a small number of employees of UpCodes, Defendants Garret Reynolds and Scott Reynolds knew about, substantially participated in, and authorized UpCodes' copyright infringement.

## COUNT I
## COPYRIGHT INFRINGEMENT

40.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     ICC owns registered copyrights for the I-Codes, which are listed in Exhibit A.

42.     ASCE owns registered copyrights for ASCE 7-10, which are listed in Exhibit B.

43.     The Infringing Materials contain content that is wholly copyrightable subject matter under the laws of the United States.

44.     Defendants had access to each of Plaintiffs' Copyrighted Works.

45.     Notwithstanding Plaintiffs' ownership of the copyright in Plaintiffs' Copyrighted Works, Defendants copied and created derivative works based upon Plaintiffs' Copyrighted Works and displayed and distributed copies of the Infringing Materials through the UpCodes website and mobile web platform without Plaintiffs' consent.

46.     The Infringing Materials are identical, or substantially similar, to Plaintiffs' Copyrighted Works.

47.     By copying and creating derivative works based upon Plaintiffs' Copyrighted Works and displaying and distributing the Infringing Materials through the UpCodes website and mobile web platform, Defendants have infringed Plaintiffs' copyright in Plaintiffs' Copyrighted Works.  Specifically, Defendants have violated the exclusive right of Plaintiffs to reproduce, distribute, display, and make derivative works of their copyrighted works under 17 U.S.C. § 106. The infringement of each of Plaintiffs' Copyrighted Works constitutes a separate act of copyright infringement.

48.     Defendants' copyright infringement has been knowing, willful and/or intentional.

49. Defendants Garrett Reynolds and Scott Reynolds are the moving, active, conscious force behind UpCodes' copyright infringement and are subject to personal liability for UpCodes' copyright infringement.

50. Defendants' copyright infringement has caused and will continue to cause monetary damage to Plaintiffs.

51. Defendants' copyright infringement has caused and will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.  Plaintiffs are entitled to, and seek, injunctive relief as a result thereof pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against Defendants as follows:

1) That Defendants UpCodes, Inc., Garrett Reynolds, and Scott Reynolds and their officers, agents, servants employees and attorneys, and all those in active concert with it or in participation with them, be preliminarily and permanently enjoined from all further unauthorized reproduction of Plaintiffs' Copyrighted Works and any other codes, standards or materials published by ICC or ASCE, preparation of derivative works based upon any codes, standards or materials published by ICC or ASCE, and distribution or display of copies of the Infringing Materials or any codes, standards or materials published by ICC or ASCE by any means or method.

2) That the Defendants be directed to file with the Court and serve upon Plaintiffs, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which Defendants have complied with the provisions set forth in Paragraph 1 of this Prayer for Relief.

3) That Plaintiffs be awarded their actual damages and any profits earned by Defendants from the sale of the Infringing Materials or derivative works based on Plaintiffs'

Copyrighted Works or, at Plaintiffs' election, statutory damages of up to $150,000 per work infringed.

   4) That the Court declare that Defendants' copyright infringement was willful.

   5) That the Court declare that Defendants are jointly and severally liable for all damages assessed against any Defendant.

   6) That Plaintiffs be awarded pre-judgment interest on all damages awarded by the Court.

   7) That Plaintiffs be entitled to recover their reasonable attorneys' fees and costs of suit.

   8) That Plaintiffs be awarded any and all such other and further relief as this Court shall deem just and proper.

             Respectfully submitted,

Dated: August 17, 2017      By: /s/ J. Kevin Fee
                J. Kevin Fee
                James Hamilton (*pro hac vice* motion forthcoming)
                Jordana S. Rubel (*pro hac vice* motion forthcoming)
                MORGAN, LEWIS, & BOCKIUS LLP
                1111 Pennsylvania Avenue, NW
                Washington, DC  20004
                Phone: 202-373-6026
                Facsimile: 202-739-3001
                kevin.fee@morganlewis.com
                james.hamilton@morganlewis.com
                jordana.rubel@morganlewis.com

                *Counsel for International Code Council, Inc. and American Society of Civil Engineers*