**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC. and AMERICAN SOCIETY OF CIVIL ENGINEERS,<br><br>                       Plaintiffs,<br><br>   v.<br><br>UPCODES, INC.; GARRETT REYNOLDS; and SCOTT REYNOLDS,<br><br>                   Defendants. | Civil Action No. 1:17-cv-6261-JFK<br><br>**ECF Case**<br><br>Hon. John F. Keenan<br>Courtroom: 20C |
| UPCODES, INC.,<br><br>           Counterclaim-Plaintiff,<br><br>   v.<br><br>INTERNATIONAL CODE COUNCIL, INC.,<br><br>          Counterclaim-Defendant. | |

**DEFENDANTS UPCODES, INC., GARRETT REYNOLDS, AND SCOTT REYNOLDS'
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants UpCodes, Inc. ("UpCodes"), Garrett Reynolds, and Scott Reynolds (collectively, "Defendants"), by their undersigned counsel, hereby answer the Complaint of Plaintiffs International Code Council, Inc. ("ICC") and American Society of Civil Engineers ("ASCE") (collectively, "Plaintiffs") as follows, based on information reasonably available to Defendants:

## PARTIES[1]

1.       Defendants admit that ICC is involved in the development of model codes. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

2.       Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

3.       Admitted.

4.       Admitted.

5.       Admitted.

## JURISDICTION AND VENUE

6.       Defendants admit that the Complaint purports to state claims for copyright infringement.  Defendants deny any remaining allegations of this paragraph.

7.       Admitted.

8.       Solely for purposes of this matter, Defendants admit that venue is proper in this District.  Defendants deny the remaining allegations of this paragraph.

---

[1] Defendants neither admit nor deny the contents of the various headings and subheadings in the Complaint, which are reproduced herein solely for convenience.

1

## PLAINTIFFS AND THEIR COPYRIGHTED WORKS

9.     Defendants admit that ICC is involved in the development of model codes. Defendants admit that the model codes developed by ICC are known as the "International Codes" or "I-Codes."  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

10.     Admitted.

11.     Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

12.     Defendants admit that ASCE is involved in the development of ASCE 7, which is titled "Minimum Design Loads and Associated Criteria for Buildings and Other Structures." Defendants admit that ASCE 7 defines magnitudes of loads suitable for the design of buildings and other structures, including dead loads from the weight of construction materials and fixed installations, live loads caused by the user, and environmental loads such as those that arise from the effects of wind, snow and earthquakes.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

13.     Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

14.     Defendants admit that ASCE 7-10 was published in 2010.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

15.     Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

16.     Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

17.     Denied.

18.     Defendants admit that model codes offer substantial advantages to building professionals, engineers, states and local governments, and the public.  Defendants deny any remaining allegations of this paragraph.

19.     Defendants admit that, because model codes have been adopted into law in a variety of jurisdictions, architects, engineers, designers, manufacturers, and contractors can work with a relatively consistent set of requirements throughout the United States.  Defendants deny any remaining allegations of this paragraph.

20.     Defendants admit that, because model codes have been adopted into law in a variety of jurisdictions, uniform education and certification programs can be used across the country and even around the world.  Defendants deny any remaining allegations of this paragraph.

21.     Defendants admit that state legislatures can save time and money by adopting model codes.  Defendants deny any remaining allegations of this paragraph.

22.     Denied.

23.     Denied.

24.     Defendants are without knowledge or information sufficient to admit or deny the allegations of the first sentence of this paragraph, and on that basis deny them.  Defendants admit that the quoted language appears in some copies of the 2014 New York City Building Code. Defendants deny that the quoted language is a statement made by any government, as opposed to a statement made by ICC.  Defendants deny any remaining allegations of this paragraph.

25.     Denied.

## **DEFENDANTS AND THEIR INFRINGING ACTIVITIES**

26.     Defendants admit that UpCodes has built an internet-based platform that allows customers to view and print a variety of laws.  Defendants deny any remaining allegations of this paragraph.

27.     Denied.

28.     Denied.

29.     Admitted.

30.     This paragraph purports to define a term, to which no response is required.  To the extent a response is deemed required, denied.

31.     Defendants admit that users can print their own copies of the law using UpCodes, whether or not they pay a fee.  Defendants deny any remaining allegations of this paragraph.

32.     Defendants admit that users can see which portions of the law were adopted from the I-Codes and which portions of the law were not, whether or not they pay a fee.  Defendants deny any remaining allegations of this paragraph.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Admitted.

38.     Denied.

39.     Denied.

## COUNT I

## COPYRIGHT INFRINGEMENT

40. This paragraph is an incorporation by reference, to which no response is required. To the extent a response is deemed required, denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants admit that UpCodes had access to the text of the laws posted on the UpCodes website. Defendants deny any remaining allegations of this paragraph.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Complaint, Defendants assert the following affirmative defenses. Defendants do not concede that they have the burden of proof on the defenses listed below:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of the material in which Plaintiffs claim copyright is in the public domain as a result of its adoption into law.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited by the doctrine of merger.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited by the idea/expression dichotomy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited because the material in which Plaintiffs claim copyright constitute scenes a faire.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs do not own copyright in the material in which Plaintiffs claim copyright because that material was authored in whole or in part by third parties.

**SEVENTH AFFIRMATIVE DEFENSE**

The claimed copyright infringement is de minimis.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent there is copying of copyrightable expression, that copying constitutes fair use.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by collateral estoppel.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Defendants hereby

demand trial by jury of Plaintiffs' claims.

Dated:  October 19, 2017                    DURIE TANGRI LLP


By:  _____*/s/ Joseph C. Gratz*_____
RAGESH K. TANGRI (*Pro Hac Vice*)
rtangri@durietangri.com
JOSEPH C. GRATZ (*Pro Hac Vice*)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendants
UPCODES, INC., GARRETT REYNOLDS, and
SCOTT REYNOLDS

7

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on October 19, 2017 with a copy of this document via the Court's CM/ECF system.

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ