**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC., | Civil Action No. 1:17-cv-06261-VM-DCF |
| Plaintiff, | **ECF Case** |
| v. | Hon. Victor Marrero Courtroom 11B |
| UPCODES, INC.; GARRETT REYNOLDS; and SCOTT REYNOLDS, | |
| Defendants. | |
| UPCODES, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| INTERNATIONAL CODE COUNCIL, INC., | |
| Counterclaim-Defendant. | |

**DEFENDANTS' RESPONSE TO INTERNATIONAL CODE COUNCIL'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF**

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

Pursuant to Local Rule 56.1, Defendants UpCodes, Inc., Garrett Reynolds, and Scott Reynolds (collectively, "Defendants") hereby submit their responses to Plaintiff International Code Council, Inc.'s statement of material facts in support of its Motion for Summary Judgment.

## I.    THE STANDARDS DEVELOPMENT SYSTEM

**ICC Fact 1.**    " ████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████    Declaration of Mark Johnson ("Johnson Decl.") ¶ 4.

> **RESPONSE**:  Disputed but immaterial.  Model laws are not a type of "standard," but are instead a proposal for legislative action.  Decl. of Joseph C. Gratz in Supp. of Opp. ("Gratz Opp. Decl.") Ex. 27 ("ICC00008307") at ICC00008325 (International Building Code 2015 includes "SAMPLE LEGISLATION FOR ADOPTION OF THE *INTERNATIONAL BUILDING CODE*," which "addresses several key elements" and makes it easier for "[j]urisdictions wishing to adopt the 2015 *International Building Code* as an enforceable regulation" to do so).

**ICC Fact 2.**    American National Standards Institute ("ANSI") defines a standard as "a document, established by consensus that provides rules, guidelines or characteristics for activities or their results."  Declaration of Jane Wise ("Wise Decl.") ¶ 2, Ex. 1.

> **RESPONSE**:  This statement is not a "material fact" and the cited evidence is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.  This statement therefore is disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

**ICC Fact 3.**    Similarly, the Office of Management and Budget Circular No. A-119 ("OMB Circular") defines "standards" as documents that include:

(i) common and repeated use of rules, conditions, guidelines or characteristics for products or related processes and production methods, and related management systems practices; (ii) the definition of terms; classification of components; delineation of procedures; specification of dimensions, materials, performance, designs, or operations; measurement of quality and quantity in describing materials, processes, products, systems, services, or practices; test methods and sampling procedures; formats for information and communication exchange; or descriptions of fit and measurements of size or strength; and (iii) terminology, symbols, packaging, marking or labeling requirements as they apply to a product, process, or production method.

Wise Decl. ¶¶ 3–4, Exs. 2 & 3.

    **RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 4.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮  Johnson Decl. ¶ 5.

    **RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 5.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Johnson Decl. ¶ 6.

    **RESPONSE**:  Disputed.  Kidder Report ¶¶ 48–49 ("there is tremendous diversity of organizations involved in setting standards," including government agencies).

**ICC Fact 6.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Johnson Decl. ¶ 7; Wise Decl. ¶ 5, Ex. 4 at 197 (ANSI Amicus Brief). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮  Johnson Decl. ¶ 10; Wise Decl. ¶ 66, Ex. 65, Expert Report of John C. Jarosz dated December 14, 2018 ("Jarosz Report") ¶¶ 66–70.

    **RESPONSE**:  These statements are not a "material fact" but instead call for a legal conclusion regarding the public interest.  They are also compound and the ANSI Amicus

Brief is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802. These statements therefore are disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

**ICC Fact 7.** ███████████████████████████████████████████

████████. Johnson Decl. ¶ 8; Wise Decl. ¶ 6, Ex. 5, Deposition of Melike Oncu ("Oncu Dep.") at 21:7-17 (████████████████████████████████████████

████); Wise Decl. ¶ 7, Ex. 6, Deposition of Michael Pfeiffer ("Pfeiffer Dep.") at 89:3–90:5

(████████████████████████████████████████

████████████████████████████████████████). 

**RESPONSE**: This statement is not a "material fact" and therefore is disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

**ICC Fact 8.** ████████████████████████████████████

███████████████████ Johnson Decl. ¶ 9.

**RESPONSE**: Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 9.** ████████████████████████████████████

████████████████████████████████████

████████████████████████████████. Jarosz Report ¶¶ 7, 42-63; Johnson Decl. ¶¶ 10, 12-13; Wise Decl. ¶ 5, Ex. 4 at 199-200 (ANSI Amicus); Wise Decl. ¶ 8, Ex. 7, Deposition of Douglas Kidder ("Kidder Dep.") at 98:9-100:6.

**RESPONSE**: Disputed that this is a "material fact." Additionally, these statements are compound and the ANSI Amicus Brief is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802. These statements therefore are disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

**ICC Fact 10**. Model codes offer substantial advantages to building professionals, engineers,

states and local governments, and the public. ECF No. 20 ¶ 18.

**RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 11**.  ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████  Wise Decl. ¶ 5, Ex. 4 at 200 (ANSI Amicus Brief); Johnson Decl. ¶¶

13, 39-41, 56-57; Jarosz Report ¶ 95.

**RESPONSE**:  This statement is disputed to the extent it relies on the ANSI Amicus Brief,

which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 12**.  State legislatures save time and money by adopting model codes. ECF No. 20 ¶ 21;

Wise Decl. ¶¶ 3-4, Exs. 2 & 3.

**RESPONSE**:  Undisputed.

**ICC Fact 13**.  ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████. Johnson

Decl. ¶ 11. Jarosz Report ¶¶ 121-24, 128.

**RESPONSE**:  Disputed.  Government agencies are a form of standardization body.  Kidder

Report ¶ 49.

**ICC Fact 14**.  ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████. Johnson Decl. ¶ 12; Jarosz Report ¶¶ 65, 122-25; Wise Decl. ¶¶ 3-4, Exs. 2 & 3.

**RESPONSE**:  This statement is not a "material fact" but instead calls for a legal

conclusion, and therefore is disputed to the extent a response is required under Fed. R. Civ.

P. 56 or L.R. 56.1.

**ICC Fact 15**.  Defendants acknowledge that "ICC provides a valuable service [], coordinating the

4

committees to write the codes is important work, so in that they are doing a great job." Wise Decl.

¶ 26, Ex. 25.

> **RESPONSE**:  Undisputed.

**ICC Fact 16.**   Defendants agree that ICC's codes are important to "protect and create safety

within the built environment." Wise Decl. ¶ 14, Ex. 13, UpCodes Rule 30(b)(6) Deposition

through its designee Scott Reynolds ("S. Reynolds Dep.") at 44:6-10.

> **RESPONSE**:  Disputed.  The cited evidence reflects that Mr. Reynolds testified that "it's
>
> important for building codes to protect and create safety within the built environment."
>
> Wise Decl. Ex. 13, UpCodes Rule 30(b)(6) Deposition through its designee Scott Reynolds
>
> ("S. Reynolds Dep.") at 44:6-10.

## II.    ICC AND ITS INTELLECTUAL PROPERTY

**ICC Fact 17.**



. Johnson Decl. ¶ 2.

> **RESPONSE**:  Disputed.  ICC's missions include developing "
>
> ."  Decl. of Joseph C. Gratz in Supp. of Opp. ("Gratz Opp.
>
> Decl.") Ex. 12 ("Yerkes Dep.") at 107:12–16.
>
> . Gratz Opp. Decl. Ex. 20 ("Sims
>
> Dep.") at 21:19–22:3. ."
>
> Sims Dep. at 162:10–14.

**ICC Fact 18.**   ICC's mission is provide the highest-quality codes, standards, products and

services for all concerned with the safety and performance of the built environment. Johnson Decl.

¶¶ 3, 19, Ex. 3.

**RESPONSE**:  Disputed.  ICC's missions include 

Additionally, Johnson Decl. Ex. 3 is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 19.**  ICC has developed 15 comprehensive model codes through its exhaustive code development process:

a.  International Building Code,
b.  International Residential Code for One and Two-Family Dwellings,
c.  International Existing Building Code,
d.  International Fire Code,
e.  International Plumbing Code,
f.  International Mechanical Code,
g.  International Fuel Gas Code,
h.  International Performance Code for Buildings and Facilities,
i.  International Energy Conservation Code,
j.  International Private Sewage Disposal Code,
k.  International Wildland-Urban Interface Code,
l.  International Property Maintenance Code,
m. International Swimming Pool and Spa Code,
n.  International Zoning Code, and
o.  International Green Construction Code.

Johnson Decl. ¶ 42, Exs. 2 & 3.

**RESPONSE**:  Undisputed that ICC has developed specific editions of the listed model codes, such as the International Building Code 2009.  Disputed in that the cited evidence is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 20.**  ICC registers its copyrights in these model codes with the Copyright Office.

Johnson Decl. ¶ 43, Ex. 5.

**RESPONSE**:  Disputed that ICC registers copyrights in unspecified model codes not

identified in ICC Fact 20. Undisputed that ICC registers copyrights in the editions of the model codes identified in Johnson Decl. Ex. 5.

**ICC Fact 21.** ICC is the Registrant for the following works (collectively, the "I-Codes"):

a)   International Building Code 2009, as shown in Copyright Registration TX 6-965-247

b)   International Building Code 2012, as shown in Copyright Registration TX 7-395-359

c)   International Building Code 2015, as shown in Copyright Registration TX 8-035-271

d)   International Residential Code for One and Two-Family Dwellings 2009, as shown in Copyright Registration TX 6-989-523

e)   International Residential Code for One and Two-Family Dwellings 2012, as shown in Copyright Registration TX 6-989-523

f)   International Residential Code for One and Two-Family Dwellings 2015, as shown in Copyright Registration TX 8-035-272

g)   International Existing Building Code 2009, as shown in Copyright Registration TX 6-961-756

h)   International Existing Building Code 2012, as shown in Copyright Registration TX 7-387-162

i)   International Existing Building Code 2015, as shown in Copyright Registration TX 8-032-856

j)   International Fire Code 2009, as shown in Copyright Registration TX 6-970-296

k)   International Fire Code 2012, as shown in Copyright Registration TX 7-381-008

l)   International Fire Code 2015, as shown in Copyright Registration TX 8-032-843

m)   International Plumbing Code 2009, as shown in Copyright Registration TX 6-961-757

n)   International Plumbing Code 2012, as shown in Copyright Registration TX 7-384-132

o)   International Plumbing Code 2015, as shown in Copyright Registration TX 8-182-290

p)   International Mechanical Code 2009, as shown in Copyright Registration TX 6-965-238

q)   International Mechanical Code 2012, as shown in Copyright Registration TX 7-384-152

r)   International Mechanical Code 2015, as shown in Copyright Registration TX 8-203-278

s)   International Fuel Gas Code 2009, as shown in Copyright Registration TX 6-961-755

t)   International Fuel Gas Code 2012, as shown in Copyright Registration TX 7-384-157

u)   International Fuel Gas Code 2015, as shown in Copyright Registration TX 8-032-782

v)   International Performance Code for Buildings and Facilities 2009, as shown in

Copyright Registration TX0006-968-877

w)    International Performance Code for Buildings and Facilities 2012, as shown in Copyright Registration TX 7-416-975

x)    International Performance Code for Buildings and Facilities 2015, as shown in Copyright Registration TX 8-177-765

y)    International Energy Conservation Code 2009, as shown in Copyright Registration TX 6-981-098

z)    International Energy Conservation Code 2012, as shown in Copyright  Registration TX 7-414-751

aa)   International Private Sewage Disposal Code 2009, as shown in Copyright Registration TX 6-961-758

bb)   International Private Sewage Disposal Code 2012, as shown in Copyright Registration TX 7-384-189

cc)   International Private Sewage Disposal Code 2015, as shown in Copyright Registration TX 8-213-966

dd)   International Wildland-Urban Interface Code 2012, as shown in Copyright Registration TX 7-416-970

ee)   International Wildland-Urban Interface Code 2012, as shown in Copyright Registration TX 7-416-970

ff)   International Wildland-Urban Interface Code 2015, as shown in Copyright Registration TX 8-203-289

gg)   International Property Maintenance Code 2009, as shown in Copyright Registration TX 6-961-761

hh)   International Property Maintenance Code 2012, as shown in Copyright Registration TX 7-384-174

ii)   International Property Maintenance Code 2015, as shown in Copyright Registration TX 8-213-969

jj)   International Swimming Pool and Spa Code 2012, as shown in Copyright Registration TX 7-544-710

kk)   International Swimming Pool and Spa Code 2015, as shown in Copyright Registration TX 8-032-775

ll)   International Zoning Code 2012, as shown in Copyright Registration TX 7-384-167

mm)   International Zoning Code 2015, as shown in Copyright Registration TX 8-032-839

nn)   International G reen Construction Code 2012, as shown in Copyright Registration TX 7-544-998

oo)   International Green Construction Code 2015, as shown in Copyright Registration TX 8-213- 972

Johnson Decl. ¶ 43, Ex. 5.

**RESPONSE**:  Undisputed.

**ICC Fact 22**.  The following registrations were effective within 5 years of the date of first

publication identified in the Registration Certificate:

a)    International Building Code 2009, as shown in Copyright Registration TX 6-965-247

b)    International Building Code 2012, as shown in Copyright Registration TX 7-395-359

c)    International Building Code 2015, as shown in Copyright Registration TX 8-035-271

d)    International Residential Code for One and Two-Family Dwellings 2009, as shown in Copyright Registration TX 6-989-523

e)    International Residential Code for One and Two-Family Dwellings 2012, as shown in  Copyright Registration TX 7-414-765

f)    International Residential Code for One and Two-Family Dwellings 2015, as shown in Copyright Registration TX 8-035-272

g)    International Existing Building Code 2009, as shown in Copyright Registration TX 6-961-756

h)    International Existing Building Code 2012, as shown in Copyright Registration TX 7-387-162

i)    International Existing Building Code 2015, as shown in Copyright Registration TX 8-032-856

j)    International Fire Code 2009, as shown in Copyright Registration TX 6-970-296

k)    International Fire Code 2012, as shown in Copyright Registration TX 7-381-008

l)    International Fire Code 2015, as shown in Copyright Registration TX 8-032-843

m)    International Plumbing Code 2009, as shown in Copyright Registration TX 6- 961-757

n)    International Plumbing Code 2012, as shown in Copyright Registration TX 7- 384-132

o)    International Plumbing Code 2015, as shown in Copyright Registration TX 8- 182-290

p)    International Mechanical Code 2009, as shown in Copyright Registration TX 6-965-238

q)    International Mechanical Code 2012, as shown in Copyright Registration TX 7-384-152

r)    International Mechanical Code 2015, as shown in Copyright Registration TX 8-203-278

s)    International Fuel Gas Code 2009, as shown in Copyright Registration TX 6-961-755

t)    International Fuel Gas Code 2012, as shown in Copyright Registration TX 7-384-157

u)    International Fuel Gas Code 2015, as shown in Copyright Registration TX 8-032-782

v)    International Performance Code for Buildings and Facilities 2009, as shown in Copyright Registration TX0006-968-877

w)    International Performance Code for Buildings and Facilities 2012, as shown in Copyright Registration TX 7-416-975

x)    International Performance Code for Buildings and Facilities 2015, as shown in Copyright Registration TX 8-177-765

y)    International Energy Conservation Code 2009, as shown in Copyright Registration

TX 6-981-098

z)    International Energy Conservation Code 2012, as shown in Copyright Registration
      TX 7-414-751

aa)   International Private Sewage Disposal Code 2009, as shown in Copyright
      Registration TX 6-961-758

bb)   International Private Sewage Disposal Code 2012, as shown in Copyright
      Registration TX 7-384-189

cc)   International Private Sewage Disposal Code 2015, as shown in Copyright
      Registration TX 8-213-966

dd)   International Wildland-Urban Interface Code 2009, as shown in Copyright
      Registration TX 6-961-760

ee)   International Wildland-Urban Interface Code 2012, as shown in Copyright
      Registration TX 7-416-970

ff)   International Wildland-Urban Interface Code 2015, as shown in Copyright
      Registration TX 8-203-289

gg)   International Property Maintenance Code 2009, as shown in Copyright Registration
      TX 6-961-761

hh)   International Property Maintenance Code 2012, as shown in Copyright Registration
      TX 7-384-174

ii)   International Property Maintenance Code 2015, as shown in Copyright Registration
      TX 8-213-969

jj)   International Swimming Pool and Spa Code 2012, as shown in Copyright
      Registration TX 7-544-710

kk)   International Swimming Pool and Spa Code 2015, as shown in Copyright
      Registration TX 8-032-775

ll)   International Zoning Code 2012, as shown in Copyright Registration TX 7-384-
      167

mm)   International Zoning Code 2015, as shown in Copyright Registration TX 8-032-839

nn)   International Green Construction Code 2012, as shown in Copyright Registration
      TX 7-544-998

oo)   International Green Construction Code 2015, as shown in Copyright Registration
      TX 8-213-972

Johnson Decl. ¶ 43, Ex. 5.

   **RESPONSE**:  Undisputed.

**ICC Fact 23**. ███████████████████████████████████████

████████████████████████████████████████████████████

████████████. Johnson Decl. ¶ 44.

   **RESPONSE**:  Undisputed.

A.    **Purposes of Code Development**

**ICC Fact 24**.  By creating the I-Codes, ICC "help[s] the public good." Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. 43:15-44:13.

> **RESPONSE**:  Disputed.  The cited testimony states, "I think that some of the work that
>
> ICC does does help the public" and "I think some of the work that they [ICC] – they assist
>
> with creating I-Codes does help the public good." Wise Decl. Ex. 13, S. Reynolds Dep.
>
> 43:15-44:13.

**ICC Fact 25**. 

. Johnson Decl. ¶¶ 45-

53.

> **RESPONSE**:  Undisputed that
>
> . Disputed in that the
>
> . Gratz Opp. Decl. Ex. 19 (Oncu Dep.) at 123:11–15; *id*. Ex. 24 (Pfeiffer Dep.) at
>
> 90:13–18; *id*. Ex. 12 (Yerkes Dep.) at 68:18–23, 107:13–16, 193:25–195:14; *see also id.*
>
> Ex. 1 ("ICC Response to RFAs") at Nos. 1–41 (identifying adoption into law as one of the
>
> reasons for which the model codes are developed), Nos. 83–123 (identifying adoption as
>
> one of the intended uses of the model codes).

**ICC Fact 26**.

. Johnson Decl. ¶

46.

**RESPONSE**:  Undisputed.

**ICC Fact 27**.  ███████████████████████████████████████████████████

██████████████████████████████████████████. Johnson Decl. ¶

47; Wise Decl. ¶ 6, Ex. 5, Oncu Dep. 21:7-17; Wise Decl. ¶ 7, Ex. 6, Pfeiffer Dep. 89:3-90:5.

**RESPONSE**:  Undisputed that the I-Codes are created partly for the reasons identified in

ICC Fact 27.  Disputed in that the I-Codes are also created so ███████████████

████████████████████████████████████████████. Gratz

Opp. Decl. Ex. 19 (Oncu Dep.) at 123:11–15; *id*. Ex. 24 (Pfeiffer Dep.) at 90:13–18; *id*. Ex.

12 (Yerkes Dep.) at 68:18–23, 107:13–16, 193:25–195:14; *see also id*. Ex. 1 ("ICC

Response to RFAs") at Nos. 1–41 (identifying adoption into law as one of the reasons for

which the model codes are developed), Nos. 83–123 (identifying adoption as one of the

intended uses of the model codes).

**ICC Fact 28**.   The I-Codes and other standards are used in a wide range of fields, including

architecture, construction, manufacturing, design, and research. Johnson Decl. ¶ 3, Ex. 3.

**RESPONSE**:  Disputed that this is a "material fact," and to the extent that the Johnson

Decl. Ex. 3 is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 29**.  ███████████████████████████████████████████████████

██████████████████████████████████. Johnson Decl. ¶ 48; Wise Decl. ¶ 6, Ex. 5,

Oncu Dep. 21:7-17; Wise Decl. ¶ 7, Ex. 6, Pfeiffer Dep. 89:3-90:5.

**RESPONSE**:  Undisputed that one way the I-Codes are used is as identified in ICC Fact

29.

**ICC Fact 30**.  ███████████████████████████████████████████████████

██████████████████████████████████████████. Johnson Decl. ¶ 49.

**RESPONSE**:  Undisputed that the I-Codes are created partly for the reasons identified in ICC Fact 30.  Disputed in that the I-Codes are also created ████████████████ ████████████████████████████████████████████████████.  Gratz Opp. Decl. Ex. 19 (Oncu Dep.) at 123:11–15; *id*. Ex. 24 (Pfeiffer Dep.) at 90:13–18; *id*. Ex. 12 (Yerkes Dep.) at 68:18–23, 107:13–16, 193:25–195:14; *see also id.* Ex. 1 ("ICC Response to RFAs") at Nos. 1–41 (identifying adoption into law as one of the reasons for which the model codes are developed), Nos. 83–123 (identifying adoption as one of the intended uses of the model codes).

**ICC Fact 31**.  ████████████████████████████████████ ████████████████████.  Johnson Decl. ¶ 50; Wise Decl. ¶ 6, Ex. 5, Oncu Dep. 21:7- 17; Wise Decl. ¶ 7, Ex. 6, Pfeiffer Dep. 89:3-90:5.

**RESPONSE**:  Undisputed that one way the I-Codes are used is as identified in ICC Fact 31.

**ICC Fact 32**.  ████████████████████████████████████████ ██████████████.  Johnson Decl. ¶ 51.

**RESPONSE**:  Undisputed that the I-Codes are created partly for the reasons identified in ICC Fact 32.  Disputed in that the I-Codes are also created ████████████████ ████████████████████████████████████████████████████.  Gratz Opp. Decl. Ex. 19 (Oncu Dep.) at 123:11–15; *id*. Ex. 24 (Pfeiffer Dep.) at 90:13–18; *id*. Ex. 12 (Yerkes Dep.) at 68:18–23, 107:13–16, 193:25–195:14; *see also id.* Ex. 1 ("ICC Response to RFAs") at Nos. 1–41 (identifying adoption into law as one of the reasons for which the model codes are developed), Nos. 83–123 (identifying adoption as one of the intended uses of the model codes).

**ICC Fact 33**. ██████████████████████████████████████████████████

████████████████. Johnson Decl. ¶ 52.

 **RESPONSE**:  Undisputed that the I-Codes are created partly for the reasons identified in

ICC Fact 33.  Disputed in that the I-Codes are also created ██████████████████

████████████████████████████████████████████████████. Gratz

Opp. Decl. Ex. 19 (Oncu Dep.) at 123:11–15; *id*. Ex. 24 (Pfeiffer Dep.) at 90:13–18; *id*. Ex.

12 (Yerkes Dep.) at 68:18–23, 107:13–16, 193:25–195:14; *see also id.* Ex. 1 ("ICC

Response to RFAs") at Nos. 1–41 (identifying adoption into law as one of the reasons for

which the model codes are developed), Nos. 83–123 (identifying adoption as one of the

intended uses of the model codes).

**ICC Fact 34**. ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████. Johnson Decl. ¶ 53.

 **RESPONSE**:  Undisputed that ████████████████████████████████████

████████████████████ Disputed to the extent that ICC claims that there are any "████████

██████████ to doing so which are not identified in ICC Fact 34, other than ██████████

████████████████████████████████████████████████████████████

████████.

**ICC Fact 35**.  The Office of Management and Budget ("OMB") addressed the question of whether

incorporation into law should destroy copyright protection in a recent proposal for revision of

OMB Circular A-119: "OMB does not believe the public interest would be well served by



---

[1] The state and local codes derived from the I-Codes are referred to as the "I-Codes as Adopted."
The I-Codes and the I-Codes as Adopted are collectively referred to as "ICC's Codes."

requiring standards incorporated by reference to be made available 'free of charge.'" Jarosz Report ¶ 158.

     **RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 36**.  Numerous federal agencies have explicitly taken the position that incorporation of materials into regulations does not destroy the copyright in those materials. Wise Decl. ¶ 64, Ex. 63. Similarly, the Office of the Federal Register's Final Rule on Incorporation by Reference ("OFR Rule Announcement") states: "If we required that all materials IBR'd into the CFR be available for free, that requirement would compromise the ability of regulators to rely on voluntary consensus standards, possibly requiring them to create their own standards, which is contrary to the NTTAA and the OMB Circular A-119." Wise Decl. ¶ 65, Ex. 64.

     **RESPONSE**:  Disputed in that Wise Decl. Ex. 63 at 4-9 consists of letters responding to Freedom of Information Act ("FOIA") requests and do not "take the position that incorporation of materials into regulations does not destroy the copyright in those materials."

     **B.**    **ICC's Code Development Process**

**ICC Fact 37**.  ███████████████████████████████████████ National Standards Strategy of 2000, a roadmap to developing reliable, market-driven standards, and by the OMB's Circular No. A-119, a memorandum detailing the federal government's policy on the use of voluntary consensus standards. Johnson Decl. ¶¶ 15, 17, Ex. 1 at ICC00082961-63.

     **RESPONSE**:  Disputed that this is a "material fact," and to the extent it relies on Johnson Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 38**.  ████████████████████████████████████████ ██████████████████████████. Johnson Decl. ¶¶ 15, 19, Ex. 3; Jarosz Report ¶ 16.

**RESPONSE**:  Disputed that this is a "material fact," and to the extent it relies on Johnson

Decl. Ex. 3, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 39.**  ████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████. Johnson Decl. ¶¶ 16, 17, Ex. 1 at ICC00082963-64; Jarosz Report ¶ 18.

**RESPONSE**:  Disputed that this is a "material fact," and to the extent it relies on Johnson

Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 40.**  ████████████████████████████████████████████

██████████████████████████. Johnson Decl. ¶¶ 3, 20, 24; Jarosz Report ¶ 16. ███████

██████████████████████████████████████████████████████████

███████████████████████████████████████████. Johnson Decl.

¶ 20.

**RESPONSE**:  Disputed that it is a "material fact" that "████████████████████████

████████████████████████████████████████████████████."

Undisputed otherwise.

**ICC Fact 41.**  ████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████. Johnson Decl. ¶¶ 20, Exs. 1-3;

Jarosz Report ¶¶ 77-78.

**RESPONSE**:  Disputed that this is a "material fact," and to the extent it relies on Johnson

Decl. Exs. 1-3, which are inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 42.** ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████.

Johnson Decl. ¶ 22, Ex. 1 at ICC00082966-69.

> **RESPONSE**: Disputed to the extent it relies on Johnson Decl. Ex. 1, which is inadmissible
>
> hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 43.** ██████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████. Johnson Decl. ¶ 23,

Ex. 1, at ICC00082964; id. Ex. 3 at 12.

> **RESPONSE**: Disputed that this is a material fact, and to the extent it relies on Johnson
>
> Decl. Exs. 1, 3 which are inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 44.** ███████████████████████████████████

████████████████████████████████████████

██████. Johnson Decl. ¶ 24.

> **RESPONSE**: Disputed that this is a material fact, undisputed otherwise.

**ICC Fact 45.** ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████. Johnson Decl. ¶ 24;

Jarosz Report ¶ 16.

     **RESPONSE**:  Disputed that this is a material fact, undisputed otherwise.

**ICC Fact 46.**  ██████████████████████████████████████

████████████████████████████ Johnson Decl. ¶ 14.

     **RESPONSE**:  Disputed that this is a material fact, undisputed otherwise.

**ICC Fact 47.**  ██████████████████████████████████████

█████████████████████████████████████████████

████████. Johnson Decl. ¶ 26.

     **RESPONSE**:  Disputed that this is a material fact and to the extent that it relies on Johnson

     Ex. 4, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 48.**  ████████████████████████████. Johnson Decl. ¶ 27.

     **RESPONSE**:  Disputed that this is a material fact, undisputed otherwise.

**ICC Fact 49.**  ███████████████████████████████████

█████████████████████████████████████████

████████████████████ Johnson Decl. ¶¶ 17, 19, 28, Exs. 1 & 3; Wise Decl. ¶

9, Ex. 8, Johnson Dep. 74:20-76:3; Jarosz Report ¶ 87.

     **RESPONSE**:  Disputed that this is a material fact and to the extent it relies on Johnson

     Decl. Exs. 1, 3, which are inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802,

     undisputed otherwise.

**ICC Fact 50.**  ████████████████████████████████████

█████████████████████████████. Johnson Decl. ¶ 29; Wise

Decl. ¶ 9, Ex. 8, Johnson Dep. 74:20-76:3.

**RESPONSE**:  Disputed that this is a material fact, undisputed otherwise.

**ICC Fact 51.** ████████████████████████████████████████

Johnson Decl. ¶ 30 Ex. 4, ICC00079780 at ICC00079783 § 3.3.5.5.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**RESPONSE**:  Undisputed.

**ICC Fact 52.** ████████████████████████████████████████

████████████████████████████████████. Johnson Decl. ¶ 31, Ex. 1 at

ICC00082967. ████████████████████████████

████████████████████████████████████████████████████

████████████████████████. Johnson Decl. ¶ 31, Ex. 1 at ICC00082967.

**RESPONSE**:  Disputed that this is a material fact and to the extent it relies on Johnson

Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

otherwise.

**ICC Fact 53.** ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████. Johnson Decl.

¶¶ 33-34, Ex. 1 at ICC00082967.

**RESPONSE**:  Disputed that this is a material fact and to the extent it relies on Johnson

Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

otherwise.

**ICC Fact 54.** ███████████████████████████████████

███████████████████████████████████████████████.

Johnson Decl. ¶ 35, Ex. 1 at ICC00082968.

     **RESPONSE**:  Disputed that this is a material fact and to the extent it relies on Johnson

     Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

     otherwise.

**ICC Fact 55**. ███████████████████████████████████

████████████████████████████████. Johnson Decl. ¶ 36,

Ex. 1 at ICC00082968.

     **RESPONSE**:  Disputed that this is a material fact and to the extent it relies on Johnson

     Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

     otherwise.

**ICC Fact 56.** █████████████████████████████████████████████

████████████████████████████. Johnson Decl. ¶ 37, Ex. 1 at

ICC00082969; Wise Decl. ¶ 9, Ex. 8, Johnson Dep. 76:16-78:9.

     **RESPONSE**:  Disputed that this is a material fact and to the extent it relies on Johnson

     Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

     otherwise.

**ICC Fact 57.**  The chart below summarizes ICC's code development process.



Johnson Decl. ¶ 13 Ex. 3.

**RESPONSE**: Disputed that this is a material fact and to the extent it relies on Johnson

Decl. Ex. 3, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

otherwise.

**ICC Fact 58.** ███████████████████████████████████████████████

███████████████████████████████████████████████████. Johnson

Decl. ¶ 38, Ex. 1 at ICC00082969.

**RESPONSE**: Disputed that this is a material fact and to the extent it relies on Johnson

Decl. Ex. 1, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802, undisputed

otherwise.

**ICC Fact 59.** ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████. Johnson Decl. ¶ 13; Jarosz Report ¶¶ 95-97.

**RESPONSE**: Undisputed that ICC currently pays for code development expenses through

████████████████████████████████, which is not limited to model code

publications.  Disputed in that its revenue from copyrighted content ███████████

███████████  Jarosz Report Tab 4; ICC00102050 at 82.  Disputed in that ICC has

other methods of paying for its code development expenses, ███████████████████

███████████████████████.  Jarosz Report Tab 4;

ICC00102050 at 82; Kidder Report ¶¶ 11, 44.

**ICC Fact 60.**  ███████████████████████████████████.  Johnson

Decl. ¶¶ 39-41; Jarosz Report ¶ 129; Wise Decl. ¶ 67, Ex. 66, Supplemental Report of John C.

Jarosz ("Jarosz Supp. Report") ¶ 25.

   **RESPONSE**:  Disputed that ICC's code development expenses are more than $███████

████████████████████████████████████████████

███████████████████.  Jarosz Report ¶ 17, Tab 5; ICC00101956 at

ICC00101966.

**ICC Fact 61.**  ███████████████████████████████

███████████████████████████████████████

███████████████████████████.  Johnson Decl. ¶ 39; Jarosz Report

¶ 95.

   **RESPONSE**:  Disputed that ICC's code development expenses are more than ███████

████████████████████████████████████████████

███████████████████.  Jarosz Report ¶ 17, Tab 5; ICC00101956 at

ICC00101966.  Mr. Pfeiffer, who oversees the code development process, testified ███████

███████████████████████████████  Pfeiffer 69:24-71:6.  ██

███████████████████████████████



██████████████████████████████████████████████. Pfeiffer
Dep. at 24:3-26:20.  ICC001019566 lists expenses ████████████████████████
████████████████████████, and so it is possible that the $██████████
███████████ expenses identified in ICC001019566 are or include the "████████
████████████████████████████████████████████████████"

**ICC Fact 62.**  █████████████████████████████████████████████████
████████████████████████. Jarosz Report ¶ 88.

    **RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 63.**  ████████████████████████████████████████████████
█████████████████████████████████. Jarosz Supp. Report ¶ 25; Jarosz Tab 5.  ██████████
███████████████████████████████████████████████. Johnson
Decl. ¶ 40; Jarosz Report ¶ 90. ██████████████████████████████████
█████████████████████████████. Jarosz Report ¶ 26, Tab 4 (cost of product 2017).

    **RESPONSE**:  Disputed that ICC's code development expenses are more than $███████████
████████████████████████████████████████████████████████████████████
████████████████████████████ Jarosz Report ¶ 17, Tab 5; ICC00101956 at
ICC00101966.  Disputed that in 2017 ICC spent over ██████████ on the publication of
copyrighted materials.  The ████████████████████████████████ expense for
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████.
Jarosz Report Tab 4; Jarosz Supp. Report ¶¶ 5–10 (stating that the █████████████
████████████████████████████████████████████████████, and opining
that "████████████████████████████████████████████████████

██████████████████████████████████████████████ ”).  The ████

████████████████████ expense includes expenses for ██████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████.” Jarosz

Report Tab 4; Kidder Opp. Decl. ¶ 6.  “████████████████████████████

████████████████████, which are not at issue in this case.  ICC 102050 at 64; ECF No.

1 ¶¶ 10–11, 15-16; ECF No. 1-1 (listing the works that ICC alleges Defendants have

infringed copyright on).  Undisputed otherwise.

**ICC Fact 64.** █████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████.  Johnson Decl. ¶ 41; Jarosz Supp. Report ¶ 25.

    **RESPONSE**:  Disputed to the extent “████████████” referred to in ICC Fact 64 are

ambiguous and not identified, and disputed that ICC's code development expenses are

more than ████████████████████████████████████████████████████

████████████████████████████████████████.  Jarosz Report ¶ 17, Tab 5;

ICC00101956 at ICC00101966.  Undisputed otherwise.

**ICC Fact 65.** █████████████████████████████████████████████

Jarosz Supp. Report ¶ 25; see also Wise Decl. ¶ 8, Ex. 7, Kidder Dep. at 102:18-23.

    **RESPONSE**:  Disputed that ICC's code development expenses are more than ████████

████████████████████████████████████████████████████████████

████████████████████████.  Jarosz Report ¶ 17, Tab 5; ICC00101956 at

ICC00101966.  Disputed to the extent that it relies on Mr. Kidder's testimony, which states

only, "I've certainly seen the ICC's accounting saying that it cost them between ███

█████████████████ a year to create those standards." Wise Decl. ¶ 8, Ex. 7, Kidder

Dep. at 102:18-23.

C.    **ICC's Copyrighted Publications.**

**ICC Fact 66.** ICC makes its I-Codes available to view for free on its website through its online

digital library, called publicACCESS. Any member of the public who wants to read or access the

I-Codes can do so simply by going to ICC's website (shown below). Johnson Decl. ¶ 54; Jarosz

Report ¶ 98. ████████████████████████████████████

██████████████████. Johnson Decl. ¶¶ 54-55, Ex. 7.







Wise Decl. ¶¶ 10-12, Exs. 9-11.

**RESPONSE**:  Disputed to the extent it relies on Johnson Decl. Ex. 7, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 67.**  ICC also offers a subscription service called premiumACCESS, which provides users with access to additional features such as full access to commentaries, and tools to highlight, bookmark, annotate, and collaborate with multi-user functionality. Johnson Decl. ¶ 55, Ex. 7.

**RESPONSE**:  Disputed to the extent it relies on Johnson Decl. Ex. 7, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.  Disputed that the cited evidence identifies any tool to "████████████████████████" other than "█████████████████████ ████████████."  Johnson Decl. Ex. 7 at ICC00069479.

**ICC Fact 68.**  ████████████████████████████████████████

████████ Jarosz Report ¶¶ 26, 107-11.

**RESPONSE**:  Disputed that ICC requires its copyrights to obtained revenue for its code development.

ICC has continued developing model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22-25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's Senior Vice President of Government Relations testifying ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

27

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████.” Johnson

Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck*

case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ████

████████████████ in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7-167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA – The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



███████████████████████████████████████████. *Id.*

**ICC Fact 69.**  ██████████████████████████████████████████

████████  ICC sells hard copy and electronic versions of its I-Codes and supplementary

materials through its online store. Members of the public can purchase copies of the codes, in hard

copy or digital format, and on one-off or subscription bases. ICC sells copies of codes and

standards at reasonable cost. For example, individual I-Codes sell in the range of $25-$150.

Johnson Decl. ¶ 56.

      **RESPONSE**:  Undisputed that in 2017, ████████████████████████████

████████████████████████████████████████

████████████████████████  Jarosz Report Tab 4; Kidder Report ¶ 9.

**ICC Fact 70.**  ICC's pricing is modest compared to other technical reference works. Jarosz Report

¶ 99.

      **RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 71.**  ████████████████████████████████████████

████████████████. Jarosz Report ¶¶ 26, 95, Tabs 3-4. ████████████████████

████████████████████████. Jarosz ¶¶ 26, 95, Tabs 3-4. ████████████████

████████████████████████████████████████████. Jarosz

Report ¶ 97, Tabs 3-4.

      **RESPONSE**:  Disputed in that ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████  Disputed in that the cited evidence, Jarosz Report ¶¶ 26, 95, Tab 3, Tab 4



**ICC Fact 72.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮  Johnson Decl. ¶ 57, Ex. 8; Jarosz Report ¶ 97.

**RESPONSE**: Disputed.  Third party nonprofit Public.Resource.Org hosts copies of 45 building codes developed by ICC and adopted into law, including 20 of the building codes at issue in this case.  Gratz Opp. Decl.  Ex. 15. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  ICC00097664.

**ICC Fact 73.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮. Johnson Decl. ¶ 57.

**RESPONSE**:  Disputed that this is a "material fact," undisputed otherwise.

**ICC Fact 74.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Jarosz Report ¶ 39.

**RESPONSE**:  Disputed to the extent "▮▮▮▮▮▮▮" are not identified. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ even though third party nonprofit

Public.Resource.Org hosts copies of 45 building codes developed by ICC and adopted into

law, including 20 of the building codes at issue in this case.  Gratz Opp. Decl.  Ex. 15.

**ICC Fact 75.**  ICC also ensures that the public can easily search its website to find and review its

codes. ███████████████████████████████████████████████████████████

███████████████████████████████████. Johnson Decl. ¶ 58.

     **RESPONSE**:  Disputed in that the search capability on ICC's free, publicACCESS version

     of the codes "███████████████████████." Johnson Decl. Ex. 7 at

     ICC00069501.

**ICC Fact 76.** ███████████████████████████████████████████

███████████████████████████. Johnson Decl. ¶ 59.

     **RESPONSE**:  Undisputed.

**ICC Fact 77.** ████████████████████████████████████████████

█████████████████ Johnson Decl. ¶ 60.

     **RESPONSE**:  Undisputed.

**ICC Fact 78.** ████████████████████████████████████████████

███████████████████████████████████████████████. Johnson

Decl. ¶ 61.

     **RESPONSE**:  Undisputed.

**ICC Fact 79.** █████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████. Johnson Decl. ¶ 62; Jarosz

Report ¶ 110.

RESPONSE: Undisputed.

**ICC Fact 80.** ████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████. Johnson Decl. ¶ 63, Ex. 9.

    RESPONSE: Disputed in ████████████████████████████

████████████ referenced in ICC Fact 80 are not identified.

**ICC Fact 81.** ████████████████████████████████████████

████████████████████████████████████████. Jarosz Report ¶¶ 122-

25.

    RESPONSE: Disputed. Jurisdictions can adopt model codes developed by other standard

SDOs. Yerkes Dep. 85:2-14, 94:8-17, 97:22-98:17. Other SDOs develop standards.

Yerkes Dep. 93:12-20.

**ICC Fact 82.** ████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████Jarosz Report ¶ 160.

    RESPONSE: Disputed that ██████████████████████████████

███████████████████████████████████████████████

████████████████ ICC has continued developing model codes and encouraging

jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress*

*International, Inc.*, 293 F.3d 791 (5th Cir. 2002). Gratz Opp. Decl. Exs. 6–11; Yerkes Dep.

at 13:22-25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's

Senior Vice President of Government Relations testifying that █████████████████



Johnson Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45 building codes developed by ICC and adopted into law, including 20 of the building codes at issue in this case.  Gratz Opp. Decl. Ex. 15.  ICC has not taken any actions to make Public.Resource.Org remove ICC's building codes from its website, other than the ▮▮ ▮▮ in 2013, and filing amicus briefs in another SDO's lawsuit against that organization.  Oncu Dep. at 166:7-167:13.

Disputed that " ▮▮ ▮▮ and some SDOs offer their standards for free.  Jarosz Report Tab 10.  At least four SDOs offer free access to their model codes or standards in unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the American Institute of Steel

Construction, APA – The Engineered Wood Association, and the National Fenestration

Rating Council.  Jarosz Report Tab 10.

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████

Disputed that other standards-development organizations would be affected by the

outcome of this case.  Kidder Report ¶¶ 45-52.

**ICC Fact 83.**  ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

████  Jarosz Report ¶ 160.

**RESPONSE**:  The statement that "████████████████████████████████████████████

███████████████████████████████" is a legal conclusion and therefore is

disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

Disputed that the loss of copyright protection will be a likely reduction in the

number, quality, and acceptability of critical standards.  ICC has continued developing

model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v.*

*Southern Building Code Congress International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz

Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22-25, 103:15–24, 210:3–13, 224:12–225:2,

225:19–24, 228:20–229:10 (ICC's Senior Vice President of Government Relations

testifying that 

Johnson Dep. at 184:19–185:22.  But there is no

evidence of any effects on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the

in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7-167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA – The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



**ICC Fact 84.**  Defendants have not identified any plausible way that ICC could develop ICC's Codes in the manner that they are currently developed if ICC could not recover its investment through the sale and licensing of ICC's Codes. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. 44:11-46:22; Wise Decl. ¶ 8, Ex. 7, Kidder Dep. 87:24-88:15.

RESPONSE: Disputed in that the cited evidence does not support ICC Fact 84.  Mr. Reynolds was not asked to identify any way that ICC could develop ICC's Codes if ICC could not recover its investment through the sale and licensing of ICC's Codes and thus did not testify on any such way.  Wise Decl. Ex. 13, S. Reynolds Dep. 44:11-46:22.  Mr. Kidder was not asked to identify any way that ICC could develop ICC's Codes if ICC could not recover its investment through the sale and licensing of ICC's Codes and thus did not testify on any such way.  Wise Decl. Ex. 7, Kidder Dep. 87:24-88:15.  Mr. Kidder testified that he was not "offering any opinion on the appropriate course of action for ICC to take," not that he was not identify any courses of action.  *Id.*  Mr. Kidder identified multiple ways for ICC to continue developing the model codes even if ICC could not

recover its investment through the sale and licensing of ICC's Codes. Kidder Report ¶¶ 42-44, Kidder Supp. Report ¶¶ 5-7.

**ICC Fact 85.** Defendants' expert, Douglas Kidder, does not have "the necessary expertise to offer an opinion" on how ICC or any other SDO could or should respond to a finding that it is not entitled to copyright protection for any works that are incorporated by governmental agencies. Wise Decl. ¶ 8, Ex. 7, Kidder Dep. 87:24-88:15.

> **RESPONSE**: Undisputed to the extent that Mr. Kidder testified that he did not have the expertise to offer an opinion on "the appropriate course of action for ICC to take." Wise Decl. Ex. 7, Kidder Dep. 87:24-88:15. Disputed that Mr. Kidder lacks expertise to offer an expert opinion on "the study of how people use resources and respond to incentives." Kidder Opp. Decl. ¶ 5.

**ICC Fact 86.** Mr. Kidder does not claim to be an expert on incentives faced by standards organizations. Wise Decl. ¶ 8, Ex. 7, Kidder Dep. 76:10-15 ("Q. Do you claim to be an expert in the incentives faced by standards development organizations? [Objection] A. No.").

> **RESPONSE**: Disputed that Mr. Kidder lacks expertise to offer an expert opinion on "the study of how people use resources and respond to incentives." Kidder Opp. Decl. ¶ 5.

### III.    DEFENDANTS' UNAUTHORIZED COPYING AND DISTRIBUTION OF ICC'S CODES

#### A.    Defendants' Business Model

**ICC Fact 87.** Defendant UpCodes is a start-up for-profit corporation founded and run by Defendants Garrett and Scott Reynolds. Wise Decl. ¶ 13, Ex. 12, UpCodes Rule 30(b)(6) Deposition through its designee Garrett Reynolds ("G. Reynolds Dep.") at 43:10-11, 44:4-45:19; ECF No. 20 ¶ 37.

> **RESPONSE**: Undisputed.

**ICC Fact 88.**  Defendants are backed by Y Combinator, a San Francisco-based investor that claims to have funded over 2,000 startups worth more than $100 billion, including Airbnb, Dropbox, and Doordash. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 46:12-25, 47:21-48:10; Wise Decl. ¶ 57, Ex. 56; Wise Decl. ¶ 58, Ex. 57 (███████████████████████████████████

████████████████████████████████████████████████

████████ ).

      **RESPONSE**:  Undisputed that Defendants executed ████████████████████████

████████████████████  Disputed to the extent that ICC Fact 88 relies on Wise Decl. Ex. 56, which is inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 89.**  Defendants do not claim that they need access to any of the I-Codes in order to comply with government laws or regulations or that they were unable to access any of the ICodes before Defendants posted the I-Codes on their website. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. 31:19–32:1, 33:4–9, 130:10–15, 133:2–15.

      **RESPONSE**:  Undisputed.

**ICC Fact 90.**  Before the lawsuit, Defendants were aware that ICC made the codes available for free. Wise Decl. ¶ 15, Ex. 14 ("███████████████████████████████

██████████████████████████████████████████████████

██████████████████

      **RESPONSE**:  Undisputed.

**ICC Fact 91.**  UpCodes' website redirected to ICC's publicACCESS website for users to access the 2015 International Zoning Code. Wise Decl. ¶ 16, Ex. 15 at 279–280.

      **RESPONSE**:  Undisputed.

**ICC Fact 92.**  Defendants did not seek ICC's permission to post ICC's Codes. Wise Decl. ¶ 17,

Ex. 16 at Defs.' Resp. Nos. 48, 75, 103, 131, 159, 187, 215, 243, 271, 299, 327, 355, 383, 411,

439, 467, 495, 523, 551, 579, 607, 635, 663, 691, 719, 747, 775, 803, 831, 859, 887, 915, 943, 971,

999, 1027, 1055, 1083, 1139, 1167 (admitting that "Upcodes did not seek express authorization

from ICC before displaying one or more portions of" the I-Codes).

     **RESPONSE**: Undisputed.

**ICC Fact 93.** Defendants sought to profit from ICC's Codes by making them available on

UpCodes' website for free in a manner that others can copy, print, save, or distribute ICC's Codes

without limitations or restrictions. Wise Decl. ¶ 18, Ex. 17 (showing monthly recurring revenue

from UpCodes' users); Wise Decl. ¶ 46, Ex. 45 at UPCODES00090696 ███████████████

███████████████

     **RESPONSE**: Disputed in that Defendants did not post the International Zoning Code 2015

     on the pre-lawsuit version of the UpCodes website ("Historical UpCodes") or the current

     version of the UpCodes website ("Current UpCodes").  Garrett Opp. Decl. ¶ 8.

**ICC Fact 94.** ███████████████████████████████████████████████

███████████████████████████████████████████████████." Wise

Decl. ¶ 19, Ex. 18 at UPCODES00036531 (UpCodes' application to Y Combinator explaining



     **RESPONSE**: Undisputed.

**ICC Fact 95.** Defendants "███████████████████████████████████████

██████████████████████████████████████████. Wise Decl. ¶ 20, Ex. 19 at

UPCODES00089241 (Defendants' Google Drive memo ███████████████████████████

██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████

> **RESPONSE**:  Undisputed that the paid access portion of Historical UpCodes displayed
> some state building codes with the additions and deletions integrated into the text of the
> codes.  G. Reynolds Opp. Decl. ¶ 10; Gratz Opp. Decl.  Ex. 3.  Disputed that the text of
> state amendments are behind a paywall on Current UpCodes.  Current UpCodes posts only
> the building codes as enacted or adopted by state and local jurisdictions on its website. G.
> Reynolds Opp. Decl. ¶ 18.  All of the laws on Current UpCodes are available for free and
> may be viewed without registering for an UpCodes account.  G. Reynolds Opp. Decl.  ¶ 32.

**ICC Fact 96.**  To encourage users to buy subscriptions, Defendants offered a combination of free
trials and initially free features. For example, UpCodes placed a quota on code searches, which
would prompt a user to convert to UpCodes' premium subscription after 5 searches. Wise Decl. ¶
21, Ex. 20.

> **RESPONSE**:  Undisputed.

**ICC Fact 97.**  Defendants' primary revenue source comes from individual and multi-user licenses
providing premium access to model codes it posted. Wise Decl. ¶ 22, Ex. 21; Wise Decl. ¶ 23, Ex.
22 (explaining that individual accounts are not geared toward multiple users).

> **RESPONSE**:  Disputed in that this statement calls for a legal conclusion that Defendants
> are posting "model codes" rather than the law.  Disputed in that Current UpCodes posts

only the building codes as enacted or adopted by state and local jurisdictions on its website,

and not "model codes".  G. Reynolds Opp. Decl. ¶ 18.

**ICC Fact 98.**  Prices for UpCodes's premium subscription has varied over time, but ranges from

$33 per month for individual licenses to $490 per month for 10 team licenses. Wise Decl. ¶ 22, Ex.

21.

> **RESPONSE**:  Disputed in that the $490 per month fee is for 10 "floating" licenses.  Wise
>
> Decl. Ex. 21.

**ICC Fact 99.**  UpCodes does not publish a pricing model for more than 10 licenses. Wise Decl. ¶

22, Ex. 21.

> **RESPONSE**:  Undisputed.

**ICC Fact 100.**  Instead, ███████████████████████████████████. Wise

Decl. ¶ 24, Ex. 23.

> **RESPONSE**:  Undisputed that on May 30, 2017, ██████████████████████
>
> ██████████████████████████████████████████████
>
> Wise Decl. Ex. 23 at 3 of 7.

**ICC Fact 101.**  ███████████████████████████████████

██████████████████████████████████████████

███████████████████████████████

> **RESPONSE**:  Undisputed.

**ICC Fact 102.**  UpCodes features ARCO National Construction on its website in the "Trusted by

Industry Leaders" section.  Wise Decl. ¶ 63, Ex. 62.



**RESPONSE**:  Undisputed.

**B.    Defendants' Creation and Posting of ICC's Codes**

**ICC Fact 103.**   Defendants copied ICC's I-Codes and the state and local codes derived from the I-Codes ("I-Codes as Adopted") by ███████████████████████████████████ ████████████████████████████████ Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 96:6-97:4.

**RESPONSES**:  Undisputed.

**ICC Fact 104.**  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████   Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 90:8-16, 97:24-6, 107:23-108:25; Wise Decl. ¶ 25, Ex. 24.



**RESPONSE**:  Undisputed.

**ICC Fact 105:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮  Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 97:5-14; Wise Decl. ¶ 26, Ex. 25

at 3 of 5.

**RESPONSE**:  Undisputed.

**ICC Fact 106.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 98:22-99:13.

**RESPONSE**:  Undisputed.

**ICC Fact 107.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮



**RESPONSE**:  Disputed.  The cited evidence does not acknowledge in writing that ████

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████.

**ICC Fact 108.**  █████████████████████████████████

████████████████  Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 99:14–102:13, 102:19–

103:19; Jarosz Report ¶ 144.

**RESPONSE**:  Disputed.  ████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████  Wise Decl. Ex. 12, G.

Reynolds Dep. 99:14–102:13, 102:19–103:19

**ICC Fact 109.**  ████████████████████████████████  Wise Decl. ¶

13, Ex. 12, G. Reynolds Dep. at 102:24–103:19.

**RESPONSE**:  Disputed.  ████████████████████████████

█████████████████████████████████████████████



**ICC Fact 110.**  Defendants' ████████ cannot replicate ICC's rigorous standard for ensuring the accuracy of its codes. Jarosz Report ¶ 144.

> **RESPONSE**:  Disputed. ████████████████████████████
>
> ████████████████████████████████████████
>
> Wise Decl. Ex. 12 at 99:18–100:11.

**ICC Fact 111.**  ████████████████████████████████████

████████████████████████████████████████

████████████  Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 89:6–90:2, 95:8–96:5.

> **RESPONSE**: Undisputed.

**ICC Fact 112.**  Because of the time it took to copy and post HTML versions, Defendants also posted downloadable PDFs of ICC's Codes directly to their website. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 107:2–22; Wise Decl. ¶ 16, Ex. 15 at 281–286.



RESPONSE:  Undisputed.

**ICC Fact 113.**  Defendants refer to the process of preparing hard copy and soft-copy I-Codes for

conversion to HTML and display on UpCodes' website as "ingesting" the I-Codes.  Wise Decl. ¶

13, Ex. 12, G. Reynolds Dep. 92:10–93:1.

RESPONSE:  Undisputed.

**ICC Fact 114.**  Defendants displayed the I-Codes without amendments on the UpCodes website.

Wise Decl. ¶ 17, Ex. 16 at Defendants' Response Nos. 60, 87, 115, 143, 171, 199, 227, 255, 283,

311, 339, 367, 395, 423, 451, 479, 507, 535, 563, 591, 619, 647, 675, 703, 731, 759, 787, 815, 27

843, 871, 899, 927, 955, 983, 1011, 1039, 1067, 1095, 1151, 1179 (admitting that UpCodes posted

each of the I-Codes "as a model code" except the International Zoning Code 2015).

RESPONSE:  Disputed in that neither Historical UpCodes nor Current UpCodes displays

the International Zoning Code 2015.  G. Reynolds Opp. Decl. ¶ 8.  Disputed that Current

UpCodes displays the "I-Codes without amendments."  Current UpCodes posts only the

building codes as enacted or adopted by state and local jurisdictions on its website.  G.

Opp. Reynolds Decl. ¶ 18.

**ICC Fact 115**.  Defendants distributed the I-Codes without amendments (except the International

Zoning Code 2015).

> Q. Mr. Reynolds, I want to talk briefly about the services or features available on UpCodes.
> First of all, it's possible to view codes on the UpCodes website; correct?
> A. Yes.
> Q. And is it also possible to download codes from the UpCodes website?
> A. Are you referring about a specific download feature?
> Q. Is there an ability to save codes that are available on the UpCodes website to a hard
> drive, for example?
> A. I suppose someone could use their browser to save functionality.
> Q. Is it possible to print codes from UpCodes' website?
> A. We do have a print feature that is designed to print sections of the code.

Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 272:3–21.

> **RESPONSE**:  Undisputed that unamended version of the I-Codes, excluding the
>
> International Zoning Code 2015, were available on Historical UpCodes.  Disputed that the
>
> unamended version of the I-Codes, excluding the International Zoning Code 2015, are
>
> available on Current UpCodes.  G. Reynolds Opp. Decl. ¶¶ 17–19, 31.  Disputed that
>
> Current UpCodes distributes the "I-Codes without amendments."  Current UpCodes posts
>
> only the building codes as enacted or adopted by state and local jurisdictions on its website.
>
> G. Opp. Reynolds Decl. ¶ 18.

**ICC Fact 116**.  In February 2016, Defendants began posting copies of ICC's Codes on UpCodes'

website. Wise Decl. ¶ 28, Ex. 27 (showing more than ███████████ of UpCodes' website since

February 2016); Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 276:14–278:23.

> **RESPONSE**:  Disputed in that Defendants did not post the International Zoning Code
>
> 2015 on Historical UpCodes.  G. Reynolds Opp. Decl. ¶ 8.

**ICC Fact 117.**  UpCodes launched its site by posting the I-Codes as model codes. Wise Decl. ¶ 17,

Ex. 16 at Defendants' Response Nos. 60, 87, 115, 143, 171, 199, 227, 255, 283, 311, 339, 367,

395, 423, 451, 479, 507, 535, 563, 591, 619, 647, 675, 703, 731, 759, 787, 815, 843, 871, 899, 927, 955, 983, 1011, 1039, 1067, 1095, 1151, 1179.

> **RESPONSE**:  Disputed in that Defendants did not post the International Zoning Code 2015 on Historical UpCodes.  G. Reynolds Opp. Decl. ¶ 8.

**ICC Fact 118.**  UpCodes' goal was to make all codes available in "one place." Wise Decl. ¶ 19, Ex. 18.

> **RESPONSE**:  Disputed.  The cited evidence states that  Wise Decl. Ex. 18 at UPCODES00036528.

**ICC Fact 119.**  UpCodes promoted its service by highlighting the fact that the I-Codes were available on its website. Wise Decl. ¶ 29, Ex. 28.



> **RESPONSE**:  Undisputed.

**ICC Fact 120.**  The I-Codes as Adopted are generally available for free online. In fact, UpCodes told a prospective customer  Wise Decl. ¶ 24, Ex. 23.



**RESPONSE**: Undisputed that UpCodes stated that ███████████████████

███████████████████ Disputed otherwise. Wise Decl. Ex. 23 at p. 2

(████████████████████████████████████████████████

███████████████████████████████") (emphasis added).

**ICC Fact 121.** UpCodes identified the model I-Codes as "General Building Codes" and identified

each of ICC's Codes by its trademark name (e.g., International Building Code 2015 or 29 IBC

2015) rather than the law of any particular jurisdiction. Wise Decl. ¶ 30, Ex. 29; Wise Decl. ¶ 16,

Ex. 15, see e.g., at 9, 84, 183; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 62:11–24.



**RESPONSE**:  Disputed that the International Zoning Code 2015 was displayed on Historical UpCodes.  G. Reynolds Opp. Decl. ¶ 8.  Disputed in that Historical UpCodes identified the adopting jurisdictions for several of the building codes.  Wise Decl. Ex. 15 at 3, 10, 17, 24, 31, 38, 45, 58, 85, 92, 99, 106, 113, 120, 127, 134, 146, 184, 191, 198, 205, 212, 219, 226, 233, 240, 292.  Disputed in that on Current UpCodes, the laws are identified as the law of the particular state or local jurisdiction that enacted the law.  G. Reynolds Decl. ¶ 19.

**ICC Fact 122**.  At that time, if a user clicked on a particular building code, such as the International Building Code 2015, Defendants' website displayed the International Building Code 2015 as a model code. Wise Decl. ¶ 17, Ex. 16 at Defs.' Resp. Nos. 60, 87, 115, 143, 171, 199, 227, 255, 283, 311, 339, 367, 395, 423, 451, 479, 507, 535, 563, 591, 619, 647, 675, 703, 731, 759, 787, 815, 843, 871, 899, 927, 955, 983, 1011, 1039, 1067, 1095, 1151, 1179; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 66:17–67:5, 71:19–72:20, 73:8–75:15, 76:25–77:23, 79:3–80:5, 84:3–20. If a user clicked into Chapter 1 of the International Building Code 2015 they would see "all the text

of the sections found in the International Building Code 2015." Wise Decl. ¶ 13, Ex. 12, G.

Reynolds Dep. 79:3–80:5.

> **RESPONSE**: Undisputed that on Historical UpCodes, if a user clicked on a particular
>
> building code, such as the International Building Code 2015, Defendants' website
>
> displayed the International Building Code 2015 as a model code. Disputed as to Current
>
> UpCodes, which posts only the building codes as enacted or adopted by state and local
>
> jurisdictions on its website. G. Reynolds Opp. Decl. ¶ 18.

**ICC Fact 123.** Defendants described UpCodes' services as covering all of the I-Codes from 2015,

2012, and 2009. Wise Decl. ¶ 31, Ex. 30.



> **RESPONSE**: Undisputed.

**ICC Fact 124.** As of August 2017, Defendants' website made all of the copyrighted works in

Exhibit A to ICC's Complaint available to the public to view, print, copy, and download except the

International Zoning Code 2015. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 86:5–87:19, 88:4–

89:4.

> **RESPONSE**: Undisputed.

**ICC Fact 125.** UpCodes admits that it reproduced and intentionally displayed all of ICC's ICodes

except the International Zoning Code 2015. Wise Decl. ¶ 17, Ex. 16 at Defendants' Response Nos. 34, 61, 89, 117, 145, 173, 201, 229, 257, 285, 313, 341, 369, 397, 425, 453, 481, 509, 537, 565, 593, 621, 649, 677, 705, 733, 761, 789, 817, 845, 873, 901, 929, 957, 985, 1013, 1041, 1069, 1125, 1153 (UpCodes admitting that it "reproduced one or more portions of the [ICodes]" except the International Zoning Code 2015); *id.* at Defs.' Resp. Nos. 52, 79, 107, 135, 163, 191, 219, 247, 275, 303, 331, 359, 387, 415, 443, 471, 499, 527, 555, 583, 611, 639, 667, 695, 723, 751, 779, 807, 835, 863, 891, 919, 947, 975, 1003, 1031, 1059, 1087, 1143, 1171 (UpCodes admitting that it "displayed one or more portions of the [I-Codes] on the UpCodes Website intentionally" except the International Zoning Code 2015).

     **RESPONSE**:  Undisputed.

**ICC Fact 126.**  UpCodes copied much of the text from of each of the I-Codes. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 317:2-22 ("Q. Did UpCodes copy the vast majority of each of the ICodes and post that language on its website? A. ██████████████████████████████ ██████████████████████.")

     **RESPONSE**: Disputed in that Historical UpCodes did not display the International Zoning Code 2015.  G. Reynolds Opp. Decl. ¶ 8.

**ICC Fact 127.**  Among ICC's Codes that Defendants reproduced and displayed, three have not been adopted in any U.S. jurisdiction. Wise Decl. ¶ 33, Ex. 32 (showing UpCodes chart of adopting jurisdictions for the International Private Sewage Disposal Code 2009, International Zoning Code 2012, International Private Sewage Disposal Code 2015).







**RESPONSE**:  Disputed.  *See* Gainesville, Tex. Ordinance No. 1281-11-2011 (Nov. 4 & 6,

2011), *available at* http://www.gainesville.tx.us/DocumentCenter/View/252/Ord--1281-

Building-and-Technical-Code-Amendments?bidId= (Gainesville, Tex. adopting IPSDC

2009, Nov. 6, 2011); Foristell, Mo. Ordinance No. 776 (Oct. 31, 2011) , *available at*

http://www.cityofforistell.org/pdfs/building-code-amendments-2011.pdf (Foristell, Mo.

adopting IPSDC 2009, Oct. 31, 2011); Ch. 26, Art. III § 26-72, *available at*

https://library.municode.com/TX/cleveland/codes/code_of_ordinances?nodeId=PTIICOOR

_CH26BUBURE_ARTIIIPLGA_S26-72COAD  (Cleveland, Tex. adopting IPSDC 2015

through Ordinance No. 1092, Dec. 15, 2015); Alton, Tex. Ordinance 2012-14-1127 (Nov.

27, 2012), *available at*  https://alton-tx.gov/wp-content/uploads/2019/01/Fees-and-Codes-

2012-14.pdf (Alton, Tex. adopting IZC 2012, November 27, 2012); Rawlins, Wyo.

Ordinance No. 09-2012 (Sept. 4, 2012), *available at* http://www.rawlins-

wyoming.com/DocumentCenter/View/6798/09-2012-Adopting-2012-International-

Codes?bidId= (Rawlins, Wyo. adopting IZC 2012, Sept. 4, 2012).  Each of the displayed

building codes on Historical UpCodes had been adopted as law by a state or local

government.  Gratz Opp. Decl. Ex. 1 at Nos. 42–79, 81–82 (admitting that one or more

jurisdictions have enacted laws that include text from each of the model codes hosted on

free, Historical UpCodes), *id.* at Nos. 124–161, 163–164 (admitting that text in each of the

model codes hosted on free, Historical UpCodes has been adopted into law); S. Reynolds

Opp. Decl. ¶ 9 (Scott confirmed that each of the model codes appearing on UpCodes' site

at the time this lawsuit was filed—Historical UpCodes—had been adopted into law before

they were posted on Historical UpCodes).

**ICC Fact 128.**  Defendants reproduced and displayed the International Property Maintenance

Code 2009, although they claim that Philadelphia was the only adopting jurisdiction and those

amendments are "not currently available." Wise Decl. ¶ 33, Ex. 32.



> **RESPONSE**:  Disputed in that the cited evidence reflects Current UpCodes, and disputed
>
> that Current UpCodes reproduces the International Property Maintenance Code 2009.
>
> Current UpCodes posts the Philadelphia Property Maintenance Code.  Gratz Opp. Decl. Ex.
>
> 25.  Current UpCodes posts only the building codes as enacted or adopted by state and
>
> local jurisdictions on its website.  G. Reynolds Opp. Decl. ¶ 18.

**ICC Fact 129.** Additionally, for several of the I-Codes that Defendants reproduced and displayed

as model codes, the only jurisdiction to adopt the code without amendment was the Village of

South Holland, IL. In certain instances, South Holland, IL was the only jurisdiction to adopt the

code at all.  Wise Decl. ¶ 59, Ex. 58.



RESPONSE: Undisputed that Current UpCodes lists only South Holland, IL's adoption of

the IPSDC 2012 as available on Current UpCodes.  Disputed that this shows that South

Holland, IL was the only jurisdiction to adopt that code.  *See, e.g.*, Kansas City, Mo.

Ordinance No. 120375 (April 19, 2012), amending Art. VIII. § 18-142 Kansas City

Building & Rehabilitation Code (KCBRC), *available at*

http://cityclerk.kcmo.org/liveweb/Documents/Document.aspx?q=2eXpMGmLAcZ02Uc9A

0r3%2BMrvIO9Gw7zIFRNm5QS7ycZ3nH6Y1DVUaj8Z4NiPGQmo (Kansas City, Mo.

adopting the IPSDC 2012).  Disputed that "for several of the I-Codes. . . the only

jurisdiction to adopt the code without amendment was the Village of South Holland, IL."

The cited evidence shows only that Current UpCodes lists certain of South Holland, IL's

building codes as being available on Current UpCodes.  Wise Decl. Ex. 58; *see also*

Semmes, Al. Ordinance No. 2012-130 (July 5, 2012), *available at*

https://cityofsemmesal.gov/wp-content/uploads/2017/05/2012-130-ADOPTION-OF-

BUILDING-LAWS-AND-CODES.pdf (Semmes, AL adopting the International

Residential Code 2012 without amendments on July 5, 2012); Rawlins, Wyo. Ordinance

No. 09-2012 (Sept. 4, 2012), *available at* http://www.rawlins-

wyoming.com/DocumentCenter/View/6798/09-2012-Adopting-2012-International-

Codes?bidId= (Rawlins, WY adopting the International Performance Code 2012 without

amendments on Sept. 4, 2012).

**ICC Fact 130.**  Defendants posted the entire content of the I-Codes, including appendixes that

contained express statements that they were "not mandatory" or "not part of the code." Wise Decl.

¶ 16, Ex. 15, see, e.g., at 188, 195.





**RESPONSE**:  Disputed that Historical UpCodes posts "the entire content of the I-Codes" in that Historical UpCodes did not post the International Zoning Code 2015.  G. Reynolds Opp. Decl. ¶ 8.  Disputed as to Current UpCodes, which posts only the building codes as enacted or adopted by state and local jurisdictions on its website.  *Id.* ¶¶ 18, 23–24, 28–31.

**ICC Fact 131.**  In addition to copying and displaying all of the I-Codes except the International Zoning Code 2015, Defendants promoted access to the I-Codes as Adopted. However, UpCodes' website limited access to the local amendments to users that upgraded to access the "base code+local amendments." Wise Decl. ¶ 34, Ex. 33; Wise Decl. ¶ 16, Ex. 15 at 292–295 (showing UpCodes Historic Site from New York State Building Codes).



**RESPONSE**: Undisputed that some state or local jurisdictions amended the model building codes by adding or deleting text, and Historical UpCodes users could view these state or local building codes with the additions and deletions integrated into the text of the codes in the paid access portion of Historical UpCodes.  G. Reynolds Opp. Decl. ¶ 10.  Disputed that Current UpCodes users need to pay to view the building codes with integrated state and local amendments.  G. Reynolds Opp. Decl. ¶¶ 17, 28–31, 32.

**ICC Fact 132.**  To access state and local amendments, users were required to pay for UpCodes' premium subscription service or choose to "continue without amendments" to access the ICodes.  Wise Decl. ¶ 34, Ex. 33.

**RESPONSE**: Undisputed that some state or local jurisdictions amended the model building codes by adding or deleting text, and Historical UpCodes users could view these state or local building codes with the additions and deletions integrated into the text of the codes in the paid access portion of Historical UpCodes.  G. Reynolds Opp. Decl. ¶ 10.  Disputed that Current UpCodes users need to pay to view the building codes with integrated state

and local amendments.  G. Reynolds Opp. Decl. ¶¶ 17, 28–31, 32.

**ICC Fact 133**.  Defendants reproduced ICC's copyright notices contained in the preface to each

ICode. Wise Decl. ¶ 17, Ex. 16 at Defs.' Resp. Nos. 56, 83, 111, 139, 167, 195, 223, 251, 279,

307, 335, 363, 391, 419, 447, 475, 503, 531, 559, 587, 615, 643, 671, 699, 727, 755, 783, 811, 839,

867, 895, 923, 951, 979, 1007, 1035, 1063, 1091, 1147, 1175 (UpCodes admitting that it displayed

the copyright chapter of the model codes); Wise Decl. ¶ 50, Ex. 49 (showing copyright 35 notice);

Wise Decl. ¶ 51, Ex. 50 (same); Wise Decl. ¶ 16, Ex. 15, *see, e.g.*, at 4-5, 86-87, 185-186.



**RESPONSE**:  Undisputed that ICC's copyright notices contained in the preface to each

ICode, excluding the International Zoning Code 2015, were displayed on Historical

UpCodes.  Disputed that ICC's copyright notice contained in the International Zoning Code

2015 was displayed on Historical UpCodes.  G. Reynolds Decl. ¶8.

**ICC Facts 134.**  UpCodes also copied ICC's copyright notices in the I-Codes as Adopted. Wise

Decl. ¶ 60, Ex. 59.



**RESPONSE**: Undisputed.

**C.     Garrett and Scott Reynolds Were Personally Involved in Copying ICC's Codes**

**ICC Fact 135.**



**RESPONSE**: Undisputed.

**ICC Fact 136.**  Garrett Reynolds admits that he personally reproduced the I-Codes except the

International Zoning Code 2015. Wise Decl. ¶ 17, Ex. 16 at Defs.' Resp. Nos. 35, 62, 90, 118, 146,

174, 202, 230, 258, 286, 314, 342, 370, 398, 426, 454, 482, 510, 538, 566, 594, 622, 650, 678, 706, 734, 762, 790, 818, 846, 874, 902, 930, 958, 986, 1014, 1042, 1070, 1126 (admitting "Garrett Reynolds reproduced one or more portions of [all of the I-Codes]" except the International Zoning Code 2015).

      **RESPONSE**: Undisputed that Garrett Reynolds admits that he personally reproduced one or more portions of the I-Codes except the International Zoning Code 2015.

**ICC Fact 137.** ███████████████████████████████████████████

████████████████████████ Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 99:4–13.

      **RESPONSE** ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██

**ICC Fact 138**.   Garrett and Scott Reynolds were solely responsible for the decision to display the I-Codes on UpCodes' website. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 137:15–19.

      **RESPONSE**:  Disputed in that the cited evidence states "it's possible either both of [Scott and Garrett] or [Scott] made that decision" to put the I-Codes online.  Wise Decl. Ex. 13, S. Reynolds Dep. at 137:15–19.  Disputed in that Historical UpCodes did not display the International Zoning Code 2015 and so there was no "decision to display" it.  G. Reynolds Opp. Decl. ¶ 8.

**ICC Fact 139.**  Garrett Reynolds was responsible for writing the software code that ███████████

████████████████████████████████████████████

████ Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 89:6-90:2. Scott Reynolds was responsible for identifying amendments to the codes made in particular jurisdictions. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 94:20–95:7.

> **RESPONSE**: Undisputed that the process used at UpCodes to create copies of the I-Codes so that they could be hosted on the UpCodes website was "primarily" Garrett's responsibility. Wise Decl. Ex. 12, G. Reynolds Dep. 89:6–90:2. Disputed that Historical UpCodes hosted the International Zoning code 2015. G. Reynolds Opp. Decl. ¶ 8.

### D.    Defendants' Purported Posting of "the Law"

**ICC Fact 140.**    After ICC brought this lawsuit in September 2017, UpCodes redesigned its website, ████████████████████████ to remove the model I-Codes and only display what it claimed to be the I-Codes as Adopted by particular states and redlines comparing those I-Codes as Adopted to the model I-Codes. Wise Decl. ¶ 35, Ex. 34.

> **RESPONSE**:  Undisputed that Current UpCodes displays only the state and local building codes as adopted into law by the relevant jurisdictions, including any applicable additions, deletions, and modifications from the ICC's model codes. G. Reynolds Opp. Decl. ¶ 31. Undisputed that when a jurisdiction's building code omits a provision that was in an ICC model code, Current UpCodes displays only the title (and not the body) of the provision, in red, strike-through text. *Id.* ¶ 30. Disputed that Current UpCodes displays the body of any provision that a jurisdiction deleted from the ICC's model codes. *Id.*

**ICC Fact 141.**    ████████████████████████████████
████████████████████████████████. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 68:17–24; Wise Decl. ¶ 35, Ex. 34.

> **RESPONSE**: Disputed in that the cited evidence does not show that "████████
████████████████████████████████."  Wise Decl. Ex.



12, G. Reynolds Dep. 68:17–24 (███████████████████████); Wise Decl.

Ex. 34 (██████████████████████████████████

████████████████████).

**ICC Fact 142.** ████████████████████████████████████



**RESPONSE**: Disputed in that Wise Decl. Ex. 35, 36, and 38 do not show ████████

Disputed in that portions of Wise Decl. Exs. 20,

35, 36, 38 are inadmissible hearsay under Fed. R. Ev. 801(c)(2), 802.

**ICC Fact 143.** Although UpCodes claims that it only made "the law" available, its website did

not make state or local amendments free to view or access for almost a year after it launched. Wise

Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 96:8–97:18; Wise Decl. ¶ 35, Ex. 34 (█████████

█████; Wise Decl. ¶ 38, Ex. 37 at UPCODES00062404 ("██████████████████████

██████); Wise Decl. ¶ 39, Ex. 38, UPCODES00064102 (███████████████████████

████████████████████████████████████████).

> **RESPONSE**:  Undisputed in that the paid access portion of Historical UpCodes displayed
>
> some state building codes with the additions and deletions integrated into the text of the
>
> codes, and on Current UpCodes, the state and local building codes as adopted into law by
>
> the relevant jurisdictions, including any applicable additions, deletions, and modifications
>
> from the ICC's model codes, are available for free.  G. Reynolds Opp. Decl. ¶¶ 10, 31–32.
>
> Disputed in that Wise Decl. Ex. 38 reflects ██████████████████████████
>
> ██████████████████████████████████
>
> ██████  Wise Decl. Ex. 38, UPCODES00064102–04.

**ICC Fact 144.**  For UpCodes' premium subscribers, UpCodes' website featured the same "general

code names" (e.g., International Building Code 2015) and bold text indicating that this copy of the

I-Code as Adopted contained state amendments.



**RESPONSE**:  Disputed that the cited evidence supports the statement that Current

UpCodes featured the "same general code names (e.g., International Building Code 2015)

and bold text indicating that this copy of the I-Code as Adopted contained state

amendments" or reflects Current UpCodes.  The cited evidence is a screenshot of Historical

UpCodes, as shown in the domain name https://upcodes-private-historic-

site.herokuapp.com/.

Disputed in that on the Current UpCodes website, the laws are identified as the law

of the particular state or local jurisdiction that enacted the law.  G. Reynolds Opp. Decl. ¶

19.  Undisputed that the Current UpCodes website also identifies the model code on which

the state or local building code is based.  *Id.* ¶ 21, Ex. 1.

**ICC Fact 145.**   Within each of the I-Codes that UpCodes displayed, UpCodes reproduced the full text of the I-Code in redlined form to show the state level amendments.   Wise Decl. ¶ 40, Ex. 39; Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. 67:4–71:13.





**RESPONSE**:  Disputed that the cited evidence supports the statement that as to Current UpCodes, "[w]ithin each of the I-Codes that UpCodes displayed, UpCodes reproduced the full text of the I-Code in redlined form to show the state level amendments."  The screenshots are from Historical UpCodes, as shown in the domain name https://upcodes-private-historic-site.herokuapp.com/.  Wise Decl. Ex. 39 is a printout from Historical UpCodes, as shown in the domain name https://upcodes-private-historic-site.herokuapp.com/ in the footer.  Wise Decl. Ex. 39.  Disputed that Current UpCodes reproduces the "full text of the I-Code in redlined form to show the state level amendments.  When a jurisdiction's building code omits a provision that was in an ICC model code, Current UpCodes displays only the title (and not the body) of the provision, in red, strike-through text.  G. Reynolds Opp. Decl. ¶ 30.  Current UpCodes publishes only the state and local building codes as adopted into law by the relevant jurisdictions, including any applicable additions, deletions, and modifications from the ICC's model codes.  *Id.* ¶ 31.

**ICC Fact 146.**  During the course of this litigation, Defendants have continued to post versions of the I-Codes and I-Codes as Adopted, including as recently as 2019. Wise Decl. ¶ 32, Ex. 31 (posting unamended versions of International Building Code 2018, International Existing Building Code 2018, International Fire Code 2018, International Mechanical Code 2018, and International Fuel Gas Code 2018). According to UpCodes, the only state to adopt these I-Codes without amendment is Wyoming. *Id.*



**RESPONSE**: Disputed that during the course of this litigation, Defendants have continued

to post versions of the I-Codes.  Current UpCodes publishes the building codes of 36 state

and local jurisdictions, and only the building codes as enacted or adopted by state and local

jurisdictions.  G. Reynolds Opp. Decl. ¶¶ 17-19, 31.  Disputed that Defendants posted

"unamended versions of International Building Code 2018, International Existing Building

Code 2018, International Fire Code 2018, International Mechanical Code 2018, and

International Fuel Gas Code 2018."  Current UpCodes publishes the building codes of 36

state and local jurisdictions, and only the building codes as enacted or adopted by state and

local jurisdictions.  G. Reynolds Opp. Decl. ¶¶ 17-19, 31.  Undisputed that only

Wyoming's adoption of these codes are currently available on Current UpCodes.  Wise

Decl. Ex. 31.

**ICC Fact 147**.   Defendants' press kit states that they are "currently ingesting [Virginia 2018 codes] and will post ASAP." Wise Decl. ¶ 26, Ex. 25 at 3 of 5.

 **RESPONSE**: Undisputed.

**ICC Fact 148.**   Defendants plan to continue to expand their code coverage, as the I-Codes as Adopted on UpCodes' website are integrated with their code inspection "UpCodes AI" tool. Wise Decl. ¶ 61, Ex. 60 at 2 of 5.

 **RESPONSE**: Disputed in that the cited evidence states that "UpCodes AI as an installed plugin is integrated with the ***UpCodes website backend***." Wise Decl. Ex. 60 at 2 of 5 (emphasis added).

  **E.** **Defendants' Willful Infringement of ICC's Codes**

**ICC Fact 149.**   Defendants rely on the strength of ICC's reputation to drive traffic to UpCodes' website and to bolster Defendants' reputation. For example, Defendants promote the codes featured on the UpCodes website by using ICC's trademark names, e.g., International Building Code 2015, instead of identifying codes by a generic term such as "New York building code." Wise Decl. ¶ 41, Ex. 40 (identifying "general codes" by ICC's trademark name); Wise Decl. ¶ 42, Ex. 41 (same, showing IBC 2015, IRC 2015, and IPC 2015 among the listed codes); Wise Decl. ¶ 19, Ex. 18 ("███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 162:11–165:5 (confirming that there is nothing preventing Defendants from using "Building Code 2015" instead of "IBC 2015").

 **RESPONSE**: Undisputed that ICC's trademark names appear on Current UpCodes.

**ICC Fact 150.**   In addition to using ICC's brands on its websites, Defendants promote their website to customers as I-Codes.  Wise Decl. ¶ 43, Ex. 42 at UPCODES00054079.



**RESPONSE**: Undisputed that on June 9, 2017, ████████████████████

████████████████████████████████████████████████.

Disputed that Defendants promote Current UpCodes to customers as I-Codes.  Current

UpCodes posts only the building codes as enacted or adopted by state and local

jurisdictions on its website.  G. Reynolds Opp. Decl. ¶ 18.  On the Current UpCodes

website, the laws are identified as the law of the particular state or local jurisdiction that

enacted the law.  *Id.* ¶ 19.

**ICC Fact 151**.  Defendants state that they are the "only source to view these amendments

integrated into the model codes" and the "only source of integrated local amendments" despite

their awareness that ICC makes integrated model codes and state amendments available through its

premiumACCESS service.  Wise Decl. ¶ 44, Ex. 43; Wise Decl. ¶ 62, Ex. 61 (same).



**RESPONSE**:  Undisputed that Current UpCodes states it is the "only source to view these amendments integrated into the model codes" and the "only source of integrated local amendments."  Disputed that Defendants are aware that ICC makes integrated model codes and state amendments available through its premiumACCESS service.  *See* Wise Decl. Ex. 13, S. Reynolds Dep. at 118:12-123:12 (testifying "[t]o the best of my knowledge, UpCodes is the only source to view some jurisdictions with the integrated local amendments").

**ICC Fact 152.**  Defendants did little-to-no research to substantiate this statement. Wise Decl. ¶ 14, Ex. 13, Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 118:12–123:12.

**RESPONSE**:  Disputed. *See* Wise Decl. Ex. 13, S. Reynolds Dep. at 118:12–123:12 (testifying "I believe I did no research, but I just don't remember precisely what that research was" and "I would speculate that we would search for any kind of version of these two mentioned codes like New York State and Massachusetts online").

**ICC Fact 153**. Defendants also openly compete with ICC's authorized distribution channels including by █████████████████████████████████████████████ ███████████████████████████████████████. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. 278:18–279:20, 280:4–281:12; Wise Decl. ¶ 45, Ex. 44 (tracking keyword

advertisements).

      **RESPONSE**: Undisputed that Defendants use █████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

**ICC Fact 154.**  Defendants copied and displayed the I-Codes, knowing that they were

copyrighted works, and stated that "████████████████████████████████████████████

█████████████████████  *Wise Decl.* ¶ 46, Ex. 45 at UPCODES00090693.

      **RESPONSE**: Disputed that Defendants displayed the International Zoning Code 2015.  G.

Reynolds Opp. Decl. ¶ 8. Disputed that Defendants "copied and displayed the I-Codes,

knowing that they were copyrighted works."  Garrett and Scott understood and believed

that it was legal for UpCodes to display the building codes.  G. Reynolds Opp. Decl. ¶¶ 11,

12; S. Reynolds Opp. Decl. ¶¶ 8, 10.  They did their own research on whether it was legal

to host laws on the internet.  G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.

They read articles about the *Veeck v. Southern Bldg. Code Congress Int'l, Inc.* case,

including the thorough Wikipedia article summarizing that case, and learned that this case

dealt with exactly what they wanted UpCodes to do.  G. Reynolds Opp. Decl. ¶ 12; S.

Reynolds Opp. Decl. ¶ 10.  Based on reading the *Veeck* Wikipedia entry and other articles

analyzing the *Veeck* case, they understood that when a model code was adopted into law, it

entered the public domain and could be posted online by anyone. G. Reynolds Opp. Decl. ¶

12; S. Reynolds Opp. Decl. ¶ 10.  Based on their research, they understood and believed

that posting building codes that had been adopted into law would not infringe any

copyrights. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.

**ICC Fact 155.** ██████████████████████████████████

██████ ██



Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 199:11–200:21.

    **RESPONSE**: Undisputed that ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

    Wise Decl. Ex. 12, G. Reynolds Dep. at 199:11–200:21.

**ICC Fact 156.** ████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Wise Decl. ¶ 13, Ex. 12, G. Reynolds Tr. 200:23–201:8.

    **RESPONSE**: Undisputed.

**ICC Fact 157.** ████████████████████████████████

."

Wise Decl. ¶ 20, Ex. 19; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 196:1–198:16 (describing same).

**RESPONSE**: Undisputed.

**ICC Fact 158.**



Wise Decl. ¶ 46, Ex. 45 at UPCODES00090701 (from UpCodes' notes in preparation of talking to investors); Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 230:22–231:6.

**RESPONSE**:  Undisputed.

**ICC Fact 159.**

.



Wise Decl. ¶ 19, Ex. 18 at UPCODES00036531 (UpCodes' response to Y Combinator application question).

**RESPONSE**: ███████████████████████████████████ ██████

**ICC Fact 160.**  UpCodes competes with ICC by (1) making ICC's Codes free for viewing, downloading, and printing, and (2) offering a paid subscription model, which includes access to ICC's Codes combined with certain enhanced features. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 272:24-276:13.

> **RESPONSE**: Disputed in that neither Current UpCodes nor Historical UpCodes made the International Zoning Code 2015 free for viewing, downloading, and printing.  G. Reynolds Opp.  Decl. ¶ 8.  Disputed in that the paid version of Historical UpCodes included access to some state building codes with the additions and deletions integrated into the text of the codes, not ICC's Codes.  G. Reynolds Opp. Decl. ¶ 10.  Disputed in that Current UpCodes contains only text having the force of law in a particular, identified jurisdiction.  *Id.*¶ 23, 31.  UpCodes does not post any of ICC's model codes (or other content) except as adopted into law by specific jurisdictions.  *Id.*  Disputed in that the laws available on Current UpCodes are available for free and do not require a paid subscription.  *Id.* ¶ 32.

**ICC Fact 161.**  Like ICC's premiumACCESS tool, UpCodes' paid subscription allows users to search, bookmark, highlight, and comment on code sections. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 115:6–25, 124:5-15; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 273:10–276:13; Wise Decl. ¶ 22, Ex. 21.

> **RESPONSE**:  Undisputed.

**ICC Fact 162.**  Defendants have offered users an "███████████████████" in an attempt to lure

users to switch from ICC's licensed material to UpCodes' premium subscription.  Wise Decl. ¶ 47, Ex. 46.



**RESPONSE**: Undisputed that Defendants have offered users an "███████████ ████████████████████████████████████████████████."  Wise Decl. Ex. 46.

**ICC Fact 163.**  To date, Defendants claim to have over 200,000 active monthly users. Wise Decl. ¶ 26, Ex. 25; Wise Decl. ¶ 56, Ex. 55.

**RESPONSE**: Undisputed.

**ICC Fact 164.**  Defendants have promoted that the ICC's Codes that they have posted on their website are free to copy.  Wise Decl. ¶ 48, Ex. 47.



**RESPONSE**:  Undisputed that the cited language states "Each state adopts model codes

published by the International Code Council (ICC)." Wise Decl. Ex. 47. Disputed that

Defendants post ICC's Codes on Current UpCodes. Current UpCodes publishes the

building codes of 36 state and local jurisdictions for free. G. Reynolds Opp. Decl. ¶ 17.

Current UpCodes contains only text having the force of law in a particular, identified

jurisdiction. UpCodes does not post any of ICC's model codes (or other content) except as

adopted into law by specific jurisdictions. *Id.* ¶ 23.

**ICC Fact 165.** These promotional efforts encourage members of the public to download ICC's

Codes from Defendants' website without paying for them. Jarosz Report ¶ 131; Wise Decl. ¶ 8,

Ex. 7, Kidder Dep. 92:16–23.

> **RESPONSE**: Disputed that ICC's Codes are available for download from Current
>
> UpCodes. Current UpCodes publishes the building codes of 36 state and local
>
> jurisdictions. G. Reynolds Opp. Decl. ¶ 17. Current UpCodes contains only text having
>
> the force of law in a particular, identified jurisdiction. UpCodes does not post any of ICC's
>
> model codes (or other content) except as adopted into law by specific jurisdictions. *Id.* ¶
>
> 23.

**ICC Fact 166**. Defendants knew that enabling parties to print and save copies of the I-Codes for

free would be devastating to ICC and its nonprofit mission of promoting building safety. Wise

Decl. ¶ 46, Ex. 45 at UPCODES00090701 ████████████████████████████

████████████████████

> **RESPONSE**: Disputed that Defendants enabled parties to print and save copies of the I-
>
> Codes for free. Current UpCodes publishes the building codes of 36 state and local
>
> jurisdictions. G. Reynolds Opp. Decl. ¶ 17. Current UpCodes contains only text having
>
> the force of law in a particular, identified jurisdiction. UpCodes does not post any of ICC's

model codes (or other content) except as adopted into law by specific jurisdictions. *Id.* ¶ 23.

**ICC Fact 167.**    Defendants knowingly reproduced and displayed ICC's Codes, ███████ ████████████████████████████████████████████████████ Wise Decl. ¶ 20, Ex. 19; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 196:1-198:16 (███████████ ████

> **RESPONSE**: Disputed that Defendants reproduced and displayed ICC's Codes on Current UpCodes.  Current UpCodes publishes the building codes of 36 state and local jurisdictions.  G. Reynolds Opp. Decl. ¶ 17.  Current UpCodes contains only text having the force of law in a particular, identified jurisdiction.  UpCodes does not post any of ICC's model codes (or other content) except as adopted into law by specific jurisdictions. *Id.* ¶ 23.  That Defendants "knowingly reproduced and displayed ICC's Codes" on Historical UpCodes, is not a "material fact" but calls for a legal conclusion and therefore is disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

**ICC Fact 168.**    Defendants did not seek legal advice regarding the legality of their plan even though they were well aware of ICC's copyrights in the I-Codes. Wise Decl. ¶ 14, Ex. 13, S. Reynolds 182:18-185:10; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 122:1–8.

> **RESPONSE**:  Undisputed that when UpCodes was founded, Garrett and Scott could not afford to hire a law firm to advise UpCodes on its business.  G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.  Garrett and Scott used their savings to start UpCodes.  G. Reynolds Opp. Decl. ¶ 6; S. Reynolds Opp. Decl. ¶ 6.  To save on expenses, Scott even moved onto an airbed in Garrett's studio apartment.  G. Reynolds Opp. Decl. ¶ 6; S. Reynolds Opp. Decl. ¶ 6.  Garrett and Scott did not even pay themselves a salary from

UpCodes until November 2017, more than a year after founding UpCodes.  G. Reynolds

Opp. Decl. ¶ 15; S. Reynolds Opp. Decl. ¶ 7.  Garrett's salary is currently $70,000 and

Scott's salary is $60,000.  G. Reynolds Opp. Decl. ¶ 7; S. Reynolds Opp. Decl. ¶ 7.

Disputed that Defendants were "well aware of ICC's copyrights in the I-Codes."  Garrett

and Scott did their own research on whether it was legal to host laws on the internet.  G.

Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.  They read articles about the

*Veeck v. Southern Bldg. Code Congress Int'l, Inc.* case, including the thorough Wikipedia

article summarizing that case, and learned that this case dealt with exactly what they

wanted UpCodes to do.  G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.  Based

on reading the *Veeck* Wikipedia entry and other articles analyzing the *Veeck* case, they

understood that when a model code was adopted into law, it entered the public domain and

could be posted online by anyone. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶

10.  Based on their research, they understood and believed that posting building codes that

had been adopted into law would not infringe any copyrights. G. Reynolds Opp. Decl. ¶ 12;

S. Reynolds Opp. Decl. ¶ 10.



**ICC Fact 169.**  Defendants hired ████████████████████████████

████████████████████████████████████████

████████████████████████. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 265:13–

21; Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 185:23–186:2.

**RESPONSE**: Undisputed that ████████████████████████

████████████████████████████████████████

████. S. Reynolds Opp. Decl. ¶ 12.

**ICC Fact 170.** ████████████████████████, Defendants displayed a notice to users at the

bottom of every chapter of every I-Code that stated that UpCodes' "website may also contain rules and regulations which are copyrighted works owned by relevant organizations and associations." Wise Decl. ¶ 34, Ex. 33; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 138:11–16.



      **RESPONSE**: Undisputed.

**ICC Fact 171.** UpCodes' Terms and Conditions also contain a notice in the Intellectual Property Rights section that "The website may also contain rules and regulations which are copyrighted works owned by relevant organizations and associations." Wise Decl. ¶ 49, Ex. 48 at 3 of 8.

      **RESPONSE**:  Undisputed that the Terms and Conditions available on Historical UpCodes contained a notice in the Intellectual Property Rights section that "The website may also contain rules and regulations which are copyrighted works owned by relevant organizations and associations."

**ICC Fact 172.** UpCodes did not seek advice from Ms. Baranchikova, or any attorney in the United States, regarding whether Defendants' plan to post the I-Codes as model codes may constitute copyright infringement before ICC filed this lawsuit. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 182:18-185:10; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 122:1-8.

    **RESPONSE**: Undisputed that when UpCodes was founded, Garrett and Scott could not afford to hire a law firm to advise UpCodes on its business. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. Garrett and Scott used their savings to start UpCodes. G. Reynolds Opp. Decl. ¶ 6; S. Reynolds Opp. Decl. ¶ 6. To save on expenses, Scott even moved onto an airbed in Garrett's studio apartment. G. Reynolds Opp. Decl. ¶ 6; S. Reynolds Opp. Decl. ¶ 6. Garrett and Scott did not even pay themselves a salary from UpCodes until November 2017, more than a year after founding UpCodes. G. Reynolds Opp. Decl. ¶ 15; S. Reynolds Opp. Decl. ¶ 7. Garrett's salary is currently $70,000 and Scott's salary is $60,000. G. Reynolds Opp. Decl. ¶ 7; S. Reynolds Opp. Decl. ¶ 7. Disputed that Defendants were "well aware of ICC's copyrights in the I-Codes." Garrett and Scott did their own research on whether it was legal to host laws on the internet. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. They read articles about the *Veeck v. Southern Bldg. Code Congress Int'l, Inc.* case, including the thorough Wikipedia article summarizing that case, and learned that this case dealt with exactly what they wanted UpCodes to do. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. Based on reading the *Veeck* Wikipedia entry and other articles analyzing the *Veeck* case, they understood that when a model code was adopted into law, it entered the public domain and could be posted online by anyone. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. Based on their research, they understood and believed that posting building codes that

had been adopted into law would not infringe any copyrights. G. Reynolds Opp. Decl. ¶ 12;
S. Reynolds Opp. Decl. ¶ 10.  Disputed in that Historical UpCodes did not display the
International Zoning Code 2015.  G. Reynolds Opp. Decl. ¶ 8.

**ICC Fact 173.**  Defendants never sought authorization or a license from ICC to copy, display, or
distribute ICC's Codes. Wise Decl. ¶ 17, Ex. 16 at Defendants' Response Nos. 48, 75, 103, 131,
159, 187, 215, 243, 271, 299, 327, 355, 383, 411, 439, 467, 495, 523, 551, 579, 607, 635, 663, 691,
719, 747, 775, 803, 831, 859, 887, 915, 943, 971, 999, 1027, 1055, 1083, 1139, 1167 (UpCodes
admitting it did not seek authorization to post the model codes); Wise Decl. ¶ 14, Ex. 13, S.
Reynolds Dep. at 180:13-15, 181:5-14.

> **RESPONSE**: Undisputed that Defendants did not seek authorization or a license from ICC
> to copy, display, or distribute ICC's model codes.  Disputed that Historical UpCodes
> displayed the International Zoning Code 2015.  G. Reynolds Opp. Decl. ¶ 8.  Disputed that
> Current UpCodes copies, displays, or distributes ICC's Codes.  Current UpCodes publishes
> the building codes of 36 state and local jurisdictions.  G. Reynolds Opp. Decl. ¶ 17.
> Current UpCodes contains only text having the force of law in a particular, identified
> jurisdiction.  UpCodes does not post any of ICC's model codes (or other content) except as
> adopted into law by specific jurisdictions.  *Id.* ¶ 23.

**ICC Fact 174.**  Defendants' [sic] removed ICC's copyright notices and the statements that the
posted rules and regulations contain "copyrighted works owned by relevant organizations and
associations" after ICC instituted the lawsuit. Wise Decl. ¶ 17, Ex. 16 at Defendants' Response
Nos. 27–29.

> **RESPONSE**: Undisputed.

**ICC Fact 175.**  Before ICC brought this lawsuit, Defendants became aware that the NFPA and

other SDOs sued Public.Resource.org ("PRO") for copyright infringement based on scanning and posting codes and standards online to be freely downloaded. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 257:24–259:25 (recalling that PRO's owner said "stay away from plumbers. They're extremely litigious."); Wise Decl. ¶ 52, Ex. 51 (█████████████████████████ █████); Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. 202:19–204:14).

RESPONSE: Undisputed that Garrett and Scott met with Mr. Malamud.

**ICC Fact 176.** ████████████████████████████████ ████████████████. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 134:24–136:20.

RESPONSE: Undisputed that it is possible that the fact that the National Fire Protection Association has sued Public Resource was one of many considerations. Wise Decl. Ex. 13 S. Reynolds Dep. at 136:3–24.

**ICC Fact 177.** Defendants became aware of the legal controversy surrounding copyrightability of standards incorporated into law. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 198:13–200:24; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 122:1–8. However, Defendants still did not seek advice of counsel regarding their actions. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 122:1–8.

RESPONSE: This statement is not a "material fact" but instead calls for a legal conclusion about the status of the copyrightability of standards incorporated into law, and therefore is disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1. Disputed that "Defendants became aware of the legal controversy surrounding copyrightability of standards incorporated into law." Garrett and Scott did their own research on whether it was legal to host laws on the internet. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. They read articles about the *Veeck v. Southern Bldg. Code Congress Int'l, Inc.* case, including the thorough Wikipedia article summarizing that case,

and learned that this case dealt with exactly what they wanted UpCodes to do. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. Based on reading the *Veeck* Wikipedia entry and other articles analyzing the *Veeck* case, they understood that when a model code was adopted into law, it entered the public domain and could be posted online by anyone. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. Based on their research, they understood and believed that posting building codes that had been adopted into law would not infringe any copyrights. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.

**ICC Fact 178.** The only research that Defendants could identify having conducted before launching a competing business to ICC was reading a summary of a Wikipedia article on the *Veeck v. Southern Building Code Congress International, Inc.*, 293 F.3d 791, 815 n.42 (5th Cir. 2002) (en banc) decision. Wise Decl. ¶ 53, Ex. 52; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 144:24–149:4, 167:1-168:11.

> **RESPONSE**: Disputed. Garrett and Scott read articles about and analyzing the *Veeck* case, including the thorough Wikipedia article summarizing that case, and learned that this case dealt with exactly what they wanted UpCodes to do. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10.

**ICC Fact 179.** Defendants did not attempt to read the *Veeck* decision, nor did they seek advice from an attorney regarding its meaning or about their business decision to duplicate and post ICC's Codes. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 198:13-200:24; Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 122:1–8, 147:1–18, 150:24–151:2, 151:3–154:8, 158:5–14, 163:15–166:15.

> **RESPONSE**: Undisputed that when UpCodes was founded, Garrett and Scott could not afford to hire a law firm to advise UpCodes on its business. G. Reynolds Opp. Decl. ¶ 12; S. Reynolds Opp. Decl. ¶ 10. Garrett and Scott used their savings to start UpCodes. G.

Reynolds Opp. Decl. ¶ 6; S. Reynolds Opp. Decl. ¶ 6.  To save on expenses, Scott even

moved onto an airbed in Garrett's studio apartment.  G. Reynolds Opp. Decl. ¶ 6; S.

Reynolds Opp. Decl. ¶ 6.  Garrett and Scott did not even pay themselves a salary from

UpCodes until November 2017, more than a year after founding UpCodes.  G. Reynolds

Opp. Decl. ¶ 15; S. Reynolds Opp. Decl. ¶ 7.  Garrett's salary is currently $70,000 and

Scott's salary is $60,000.  G. Reynolds Opp. Decl. ¶ 7; S. Reynolds Opp. Decl. ¶ 7.

Disputed that Defendants duplicated and posted the International Zoning Code 2015.  G.

Reynolds Opp. Decl. ¶ 8.

**ICC Fact 180.**  Before the lawsuit, Defendants prepared " ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████  Wise Decl. ¶ 54, Ex. 53; Wise Decl. ¶ 13, Ex. 12, G. Reynolds

Dep. 262:6–264:21.

    **RESPONSE**:  Undisputed.

**ICC Fact 181.**  In fact, UpCodes had not consulted with counsel about the legality prior to

posting the I-Codes on UpCodes' website. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. at 122:1–8.

    **RESPONSE**: Undisputed that when UpCodes was founded, Garrett and Scott could not

afford to hire a law firm to advise UpCodes on its business.  G. Reynolds Opp. Decl. ¶ 12;

S. Reynolds Opp. Decl. ¶ 10.  Garrett and Scott used their savings to start UpCodes.  G.

Reynolds Opp. Decl. ¶ 6; S. Reynolds Opp. Decl. ¶ 6.  To save on expenses, Scott even

moved onto an airbed in Garrett's studio apartment.  G. Reynolds Opp. Decl. ¶ 6; S.

Reynolds Opp. Decl. ¶ 6.  Garrett and Scott did not even pay themselves a salary from

UpCodes until November 2017, more than a year after founding UpCodes.  G. Reynolds

Opp. Decl. ¶ 15; S. Reynolds Opp. Decl. ¶ 7.  Garrett's salary is currently $70,000 and

Scott's salary is $60,000.  G. Reynolds Opp. Decl. ¶ 7; S. Reynolds Opp. Decl. ¶ 7.

Disputed that Defendants posted the International Zoning Code 2015.  G. Reynolds Opp.

Decl. ¶ 8.

**ICC Fact 182.**   Defendants are not relying on the advice of counsel as a defense to willfulness.

Wise Decl. ¶ 55, Ex. 54, at Defs.' Resp. to Interrog. No. 15.

> **RESPONSE**: Undisputed.

**ICC Fact 183.**   Defendant Garrett Reynold lied about his identity when he purchased at least

some codes from ICC, claiming to be "███████." Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep.

90:8–16, 97:24–6, 107:23–108:25; Wise Decl. ¶ 25, Ex. 24.

> **RESPONSE**: Undisputed that Garrett Reynolds used the email address
>
> ████████████ on the ICC website, which he used when "signing up for a service
>
> that [he] think[s] is going to send [him] a lot of spam." Wise Decl. Ex. 12, G. Reynolds
>
> Dep. at 107:23-108:25.

**ICC Fact 184.**  Defendants also obtained copies of the I-Codes from PRO, despite their

knowledge that PRO was involved in multiple lawsuits for copyright infringement of model codes

and standards. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 91:12–92:6.

> **RESPONSE**:  Disputed that Defendants knew that Public.Resource.Org was involved in
>
> lawsuits for copyright infringement of model codes and standards at the time that
>
> Defendants obtained documents from Public.Resource.Org.  Wise Decl. Ex. 12, G.
>
> Reynolds Dep. at 118:12–120:15.

**ICC Fact 185.**  After ICC instituted this lawsuit, Defendants made "████████████ to

UpCodes' website to remove the model I-Codes and only display what they claimed to be the

ICodes as Adopted by a particular state, city, or village. Wise Decl. ¶ 35, Ex. 34; Wise Decl. ¶ 59, Ex. 58.

> **RESPONSE**:  Disputed in that Historical UpCodes did not display the International Zoning Code 2015 and Defendants did not remove it from Historical UpCodes. G. Reynolds Opp. Decl. ¶ 8.

## IV.    DEFENDANTS' AFFIRMATIVE DEFENSES ARE MERITLESS

**ICC Fact 186.**   Copyright vested initially in the author of the I-Codes at the time they were written. Wise Decl. ¶ 55, Ex. 54, at Defs.' Resp. to Interrog. No. 8.1.

> **RESPONSE**: This statement is not a "material fact" but instead calls for a legal conclusion, and therefore is disputed to the extent a response is required under Fed. R. Civ. P. 56 or L.R. 56.1.

**ICC Fact 187.**   ICC is the author of at least some material contained in each of the I-Codes. Wise Decl. ¶ 55, Ex. 54, at Def. Resp. to Interrog. No. 8.1.

> **RESPONSE**: Undisputed.

**ICC Facts 188.**   Defendants are not aware of any evidence that there was only one way to write any of the I-Codes at the time they were written. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 305:11–23, 306:11–25, 307:19–308:15, 309:8–309:19; Wise Decl. ¶ 55, Ex. 54, at Defs.' Resp. to Interrog. No. 9.1.

> **RESPONSE**:  Undisputed.

**ICC Fact 189.**   Defendants have not identified any language in any of the I-Codes for which there is only one way or a handful of ways to express the concepts of any of the I-Codes. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 309:21-311:6; Wise Decl. ¶ 55, Ex. 54, at Defs.' Resp. to Interrog. No. 10.

> **RESPONSE**:  Disputed to the extent that this statement calls for a legal conclusion

regarding whether there is more than one way to express the text of an enacted statute to

identical legal effect; there is not.  Gratz Opp. Decl. Ex. 26 at Response to Interrog. No. 18.

**ICC 190.**  Defendants claim that "because the meaning of the law sometimes depends on its

context, the entirety of the law must be used. In addition, in order to accurately and completely

represent a particular law, the entirety of that law must be used." Wise Decl. ¶ 55, Ex. 54, at Defs.'

Resp. to Interrog. No. 12. Likewise Defendants claim that "copying of protected material is so

trivial as to fall below the quantitative threshold of substantial similarity." Wise Decl. ¶ 55, Ex. 54,

at Def. Resp. to Interrog. No. 11. However, UpCodes downloaded and posted much of the text of

the I-Codes, which comprises over 3,600 pages of content. Wise Decl. ¶ 13, Ex. 12, G. Reynolds

Dep. 317:2–22; Jarosz Report ¶ 144.

> **RESPONSE**:  Undisputed that the free access version of Historical UpCodes displayed
>
> model building codes developed by ICC, excluding the International Zoning Code 2015.
>
> Each of the displayed building codes had been adopted as law by a state or local
>
> government.  Gratz Opp. Decl. Ex. 1 at Nos. 42–79, 81–82 (admitting that one or more
>
> jurisdictions have enacted laws that include text from each of the model codes hosted on
>
> free, Historical UpCodes), *id.* at Nos. 124–161, 163–164 (admitting that text in each of the
>
> model codes hosted on free, Historical UpCodes has been adopted into law); S. Reynolds
>
> Opp. Decl. ¶ 9 (Scott confirmed that each of the model codes appearing on UpCodes' site
>
> at the time this lawsuit was filed—Historical UpCodes—had been adopted into law before
>
> they were posted on Historical UpCodes).  G. Reynolds Opp. Decl. ¶ 8.  Disputed that
>
> Current UpCodes posts the text of any of ICC's model codes, except as adopted into law by
>
> specific jurisdictions.  *Id.* ¶ 23.  Current UpCodes publishes only the state and local
>
> building codes as adopted into law by the relevant jurisdictions, including any applicable

additions, deletions, and modifications from the ICC's model codes.  *Id.* ¶ 31.

**ICC Fact 191.**   Defendants do not claim their use of the I-Codes is transformative, although

Defendants state their use was made "at least partially for nonprofit educational purposes" and "at

least partially for the purpose of enabling commentary on the law." Wise Decl. ¶ 55, Ex. 54, at

Def. Resp. to Interrog. No. 12. Defendants did not provide any criticism of any of ICC's Codes on

the UpCodes website. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 180:1-3.

> **RESPONSE**:  Disputed to the extent that this statement sets forth a legal conclusion or
>
> legal contention, rather than a fact; Defendants' legal arguments are set forth in the briefs.
>
> As to the second fact set forth in this paragraph, undisputed that Defendants did not provide
>
> criticism of ICC's Codes on the UpCodes website.

**ICC Fact 192.**   Defendants do not offer any interpretation or analysis of ICC's Codes on the

UpCodes website. Wise Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 180:5-10. Defendants claim that

"because the meaning of the law sometimes depends on its context, the entirety of the law must be

used. In addition, in order to accurately and completely represent a particular law, the entirety of

that law must be used." Wise Decl. ¶ 55, Ex. 54, at Def. Resp. to Interrog. No. 12.

> **RESPONSE**:  Undisputed.

**ICC Facts 193.**   Defendants do not parody any of ICC's Codes on the UpCodes website. Wise

Decl. ¶ 14, Ex. 13, S. Reynolds Dep. at 180:10-12.

> **RESPONSE**:  Disputed to the extent that this statement calls for a legal conclusion about
>
> whether Defendants' posting of the model codes on Historical UpCodes or the state and
>
> local building codes as adopted into law on Current UpCodes is parody.

**ICC Fact 194.**   Defendants have not identified any specific language where they claim the

doctrine of collateral estoppel would apply. Wise Decl. ¶ 13, Ex. 12, G. Reynolds Dep. 314:14–

315:13; Wise Decl. ¶ 55, Ex. 54, at Def. Resp. to Interrog. No. 13.

> **RESPONSE**: Disputed to the extent that this statement sets forth a legal conclusion or legal contention, rather than a fact; Defendants' legal arguments are set forth in the briefs. Also disputed in that Defendants have identified such specific language. *See* ECF No. 85-1 ("Defs' Mot.") at 45–46.

## V.     HARM TO ICC FROM LOSING COPYRIGHT PROTECTION

**ICC Fact 195.** ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████ Johnson Decl. ¶ 65.

> **RESPONSE**: Disputed.  Kidder Report ¶¶ 23–44.

**ICC Fact 196.** ██████████████████████████████████████████████

████████████████████████████████████████████████████. Johnson

Decl. ¶ 65; Jarosz Report ¶¶ 131, 134–36.

> **RESPONSE**: Disputed.  Kidder Report ¶¶ 23–44.

**ICC Fact 197.** ██████████████████████████████████████████████

██████████████████████████ Johnson Decl. ¶ 65; Jarosz Report ¶¶ 131, 134–36;

Jarosz Supp. Report ¶¶ 16, 26; Wise Decl. ¶ 8, Ex. 7, Kidder Dep. 92:16–23.

> **RESPONSE**:  Disputed.  Kidder Report ¶¶ 23–44.

**ICC Fact 198.** ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████. Jarosz Report ¶ 131.

> **RESPONSE**: Disputed.  Kidder Report ¶¶ 23–44.

**ICC Fact 199.** ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████.

Johnson Decl. ¶ 66.

      **RESPONSE**:  Disputed.  Kidder Report ¶¶ 23–44.

**ICC Fact 200.**  █████████████████████████████████████. Jarosz

Report ¶¶ 134-135.

      **RESPONSE**:  Disputed.  Kidder Report ¶¶ 23-44.

**ICC Fact 201.**  ███████████████████████████████

████████████. Jarosz Report ¶¶ 134–35.

      **RESPONSE**: Disputed.  Kidder Report ¶¶ 23–44.

**ICC Fact 202.**  Additionally, one of the benefits of membership that ICC provides is one copy of

an I-Code for the individual members and packages of I-Codes for governmental and institutional

members as part of the membership fee. █████████████████████

█████████████████████████████████████████████

██████████████  Johnson Decl. ¶ 67; Jarosz Report ¶ 131; Jarosz Supp. Report ¶¶ 16, 26;

Wise Decl. ¶ 8, Ex. 7, Kidder Dep. 92:16–23.

      **RESPONSE**: Disputed in that there is no evidence that ICC's members join ICC to get one

copy of an I-Code or packages of I-Codes as part of the membership fee. ████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    *See also* Kidder Report ¶¶ 23–41.

**ICC Fact 203.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Jarosz Report ¶ 93.

    **RESPONSE**: Disputed that ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ICC Fact 204.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Jarosz Supp. Report ¶ 11; Johnson Decl. ¶¶ 68-72.

    **RESPONSE**: Disputed.  ICC has continued developing model codes and ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ adopt them despite the ruling in *Veeck v. Southern Building Code Congress*

*International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep.

at 13:22-25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's

Senior Vice President of Government Relations testifying that ████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████  Johnson Dep. at 184:19–185:22.  But there is no evidence of any

effects on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC, Inc. has subsidiary entities, one of which is the entity that develops the model codes

(this entity is the International Code Council, or "ICC").  Kidder Report ¶¶ 7–8.

██████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ████

██████████████ in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA—The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



Disputed that Defendants' activities have caused direct or indirect harm to ICC.

Kidder Report ¶¶ 21–44.

Disputed that other standards-development organizations would be affected.

Kidder Report ¶¶ 45–52.

ICC has mission-driven incentives to continue developing model codes.  ████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

**ICC Fact 205.**  ███████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████. Johnson

Decl. ¶ 68; Jarosz Report ¶ 127.

**RESPONSE**: Disputed.  ICC has continued developing model codes and encouraging

jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress*

*International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep.

at 13:22–25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's

Senior Vice President of Government Relations testifying that ████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████  Johnson Dep. at 184:19–185:22.  But there is no evidence of any effects

on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ██████

██████████████ in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA – The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



ICC has mission-driven incentives to continue developing model codes.  ██████

Disputed that Defendants' activities have caused direct or indirect harm to ICC.

Kidder Report ¶¶ 21–44.

**ICC Fact 206.**  This would impact ICC's ability to keep its codes updated and current, resulting in long lapses between updates. Johnson Decl. ¶ 69.

> **RESPONSE**:  Disputed.  ICC has continued developing model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22–25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's Senior Vice President of Government Relations testifying that ███████████████
>
> ███████████████████████████████████
>
> █████████████████████████████████████████████
>
> ██████████████████████████████████████
>
> ███████████████████████████████████████
>
> █████████████████████████████████████
>
> ████████████████████████████████████████
>
> ████████████████████████████████████████
>
> ████████████████████████████████████████
>
> ████████████████████████████████████████
>
> ██████████████  Johnson Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.
>
> ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45 building codes developed by ICC and adopted into law, including 20 of the building codes at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make Public.Resource.Org remove ICC's building codes from its website, other than the ███████
>
> ██████████████  in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the American Institute of Steel Construction, APA—The Engineered Wood Association, and the National Fenestration Rating Council.  Jarosz Report Tab 10.



Disputed that Defendants' activities have or would cause direct or indirect harm to ICC.  Kidder Report ¶¶ 21–44.

**ICC Fact 207.**



Johnson Decl. ¶ 70; Jarosz Report ¶¶ 92, 118.

**RESPONSE**: Disputed that

ICC has continued developing model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*,

293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22-25,

103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's Senior Vice

President of Government Relations testifying that  Johnson

Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck*

case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the

in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA—The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



Disputed that Defendants' activities have caused direct or indirect harm to ICC. Kidder Report ¶¶ 21-44.

Disputed that raising membership dues could participation in the code development process, because you do not have to be an ICC member to participate in the code development process.  ICC SUF ¶ 40; *see also* Johnson Dep. at 73:23–78:9; Pfeiffer Dep. at 22:10–23:5, 24:3–26:20, 28:10–13 (head of the ICC code development process testifying that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

**ICC Fact 208.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Johnson Decl. ¶¶ 71–72; Jarosz Report ¶¶ 126–27.

**RESPONSE**: Disputed.   ICC has continued developing model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep.

at 13:22-25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's

Senior Vice President of Government Relations testifying that ████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████    Johnson Dep. at 184:19–185:22.  But there is no evidence of any effects

on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ████

████████████  in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA – The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



Disputed that Defendants' activities have caused direct or indirect harm to ICC.

Kidder Report ¶¶ 21–44.

ICC has mission-driven incentives to continue developing model codes.

**ICC Fact 209.**

Jarosz Report ¶ 160.

**RESPONSE**:  Disputed.   ICC has continued developing model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22–25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's

Senior Vice President of Government Relations testifying that ████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████ Johnson Dep. at

184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck* case.

Kidder Report ¶¶ 53–55.

ICC, Inc. has subsidiary entities, one of which is the entity that develops the model

codes (this entity is the International Code Council, or "ICC").  Kidder Report ¶¶ 7–8.

████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████████

██████████████████

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ███
████████████ in 2013, and filing amicus briefs in another SDO's lawsuit against that
organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in
unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the
American Institute of Steel Construction, APA—The Engineered Wood Association, and
the National Fenestration Rating Council.  Jarosz Report Tab 10.

████████████████████████████████████

█████████████████████████████████

████████████████████████████████

███████████████████████████████

████████████████████████████████████

█████████████████████████████████

██████████████████████████████████

█████████████████████████████

Disputed that Defendants' activities have caused direct or indirect harm to ICC.
Kidder Report ¶¶ 21–44.

ICC has mission-driven incentives to continue developing model codes.  █████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████

██████████████████████

**ICC Fact 210.**  █████████████████████████



Johnson Decl. ¶¶ 66–72; Jarosz Report ¶¶ 127–29.

**RESPONSE**: Disputed.   ICC has continued developing model codes and encouraging jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22–25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's Senior Vice President of Government Relations testifying that

Johnson Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC, Inc. has subsidiary entities, one of which is the entity that develops the model codes (this entity is the International Code Council, or "ICC").  Kidder Report ¶¶ 7–8.



ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45 building codes developed by ICC and adopted into law, including 20 of the building codes at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make Public.Resource.Org remove ICC's building codes from its website, other than the ▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ in 2013, and filing amicus briefs in another SDO's lawsuit against that organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the American Institute of Steel Construction, APA – The Engineered Wood Association, and the National Fenestration Rating Council.  Jarosz Report Tab 10.

███████████████████████████████████████

Disputed that Defendants' activities have caused direct or indirect harm to ICC.

Kidder Report ¶¶ 21–44.

ICC has mission-driven incentives to continue developing model codes. ████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████

**ICC Fact 211.**  █████████████████████████████████

████████████████████████████████████████████

Jarosz Report ¶¶ 138–41.

**RESPONSE**:  Disputed.  Kidder Report ¶¶ 23–41.

**ICC Fact 212.**   Many SDOs are funded in a "front loaded," or upfront-fee, fashion by charging

members to participate and contribute to the standards-development process. Jarosz Report ¶ 94.

**RESPONSE**:  Undisputed.

**ICC Fact 213.**  ████████████████████████████████

████  Jarosz Report ¶¶ 116–29, 153–59.

**RESPONSE**: Disputed to the extent this calls for a legal conclusion regarding the public

interest.  Disputed that ICC would have to alter its business model to a "front loaded"

model.  Kidder Report ¶¶ 42–44; Kidder Supp. Report ¶¶ 2–7.

ICC has continued developing model codes and encouraging jurisdictions to adopt

them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*,

293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22–25,

103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's Senior Vice

President of Government Relations testifying that ███████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████                              Johnson

Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck*

case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the █████

███████████  in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in

unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the

American Institute of Steel Construction, APA—The Engineered Wood Association, and

the National Fenestration Rating Council.  Jarosz Report Tab 10.



Disputed that Defendants' activities have caused direct or indirect harm to ICC.

Kidder Report ¶¶ 21–44.

ICC has mission-driven incentives to continue developing model codes.

**ICC Fact 214.**

. Jarosz Report ¶¶ 116–29, 153–59.

**RESPONSE**: Undisputed.

**ICC Fact 215.**

. Jarosz at ¶¶

126–29; Johnson Decl. ¶¶ 70–72.

**RESPONSE**: Disputed that ICC would have to alter its business model to a "front loaded"

model.  Kidder Report ¶¶ 42-44; Kidder Supp. Report ¶¶ 2-7.

ICC has continued developing model codes and encouraging jurisdictions to adopt

them despite the ruling in *Veeck v. Southern Building Code Congress International, Inc.*,

293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep. at 13:22–25,

103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's Senior Vice

President of Government Relations testifying that ███████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████

████████████████████████████████ Johnson

Dep. at 184:19–185:22.  But there is no evidence of any effects on ICC from the *Veeck*

case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ████

███████████████ in 2013, and filing amicus briefs in another SDO's lawsuit against that organization.  Oncu Dep. at 166:7–167:13.

At least four SDOs offer free access to their model codes or standards in unrestricted form, including the Air-Conditioning, Heating, and Refrigeration Institute, the American Institute of Steel Construction, APA—The Engineered Wood Association, and the National Fenestration Rating Council.  Jarosz Report Tab 10.



Disputed that Defendants' activities have caused direct or indirect harm to ICC. Kidder Report ¶¶ 21–44.

ICC has mission-driven incentives to continue developing model codes.  ██████

**ICC Fact 216.** ████████████████████████████

███████████████████████████████. Jarosz Report ¶¶ 146–49.

Moreover, Defendants do not have the money to pay for mutli-million dollar judgment. Jarosz

Report ¶ 152. As a result, money damages are not an adequate remedy in this case. Jarosz Report ¶

152.

     **RESPONSE**: Disputed as to the statement that "money damages are not an adequate

remedy," which is a legal conclusion.

**ICC Fact 217.** ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████. Jarosz Report ¶ 141.

     **RESPONSE**:  Disputed.  ICC has continued developing model codes and encouraging

jurisdictions to adopt them despite the ruling in *Veeck v. Southern Building Code Congress*

*International, Inc.*, 293 F.3d 791 (5th Cir. 2002).  Gratz Opp. Decl. Exs. 6–11; Yerkes Dep.

at 13:22–25, 103:15–24, 210:3–13, 224:12–225:2, 225:19–24, 228:20–229:10 (ICC's

Senior Vice President of Government Relations testifying that ████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████     Johnson Dep. at 184:19–185:22.  But there is no evidence of any effects

on ICC from the *Veeck* case.  Kidder Report ¶¶ 53–55.

ICC has known that third party nonprofit Public.Resource.Org hosts copies of 45

building codes developed by ICC and adopted into law, including 20 of the building codes

at issue in this case.  Gratz Opp. Decl.  Ex. 15.  ICC has not taken any actions to make

Public.Resource.Org remove ICC's building codes from its website, other than the ███████

██████████████     in 2013, and filing amicus briefs in another SDO's lawsuit against that

organization.  Oncu Dep. at 166:7–167:13.

Disputed that Defendants' activities have caused direct or indirect harm to ICC.

Kidder Report ¶¶ 21–44.  There is no evidence of what actions other parties might or might

not take or even the identities of any such parties.  *Id.* ¶¶ 45-46.

**ICC Fact 218.** ████████████████████████████████



**RESPONSE**: Disputed.  Kidder Report ¶¶ 40–41.  Further disputed that Current UpCodes

publishes ICC's Codes.  Current UpCodes publishes the building codes of 36 state and

local jurisdictions.  G. Reynolds Opp. Decl. ¶ 17.  Current UpCodes contains only text

having the force of law in a particular, identified jurisdiction.  UpCodes does not post any

of ICC's model codes (or other content) except as adopted into law by specific

jurisdictions.  *Id.* ¶ 23.

**ICC Fact 219.** ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

**RESPONSE**:  Disputed.  Kidder ¶¶ 40–41.

**ICC Fact 220.**     ████████████████████████████████

█████████████████████████████████████████████

█████████████████████

**RESPONSE**: Disputed.  Kidder ¶¶ 40-41.  Further disputed that Current UpCodes

reproduces ICC's Codes.  Current UpCodes publishes the building codes of 36 state and

local jurisdictions.  G. Reynolds Opp. Decl. ¶ 17.  Current UpCodes contains only text

having the force of law in a particular, identified jurisdiction.  UpCodes does not post any

of ICC's model codes (or other content) except as adopted into law by specific

jurisdictions.  *Id.* ¶ 23.

**ICC Fact 221.**     ████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

**RESPONSE**: Disputed.  Kidder Report ¶¶ 40–41.

**ICC Fact 222.**    Defendants have not tried to quantify the economic impact of their actions on

ICC. Wise Decl. ¶ 8, Ex. 7, Kidder Dep. 90:4–91:1.

**RESPONSE**: Undisputed.

Dated:  June 28, 2019                    DURIE TANGRI LLP


                           By:  _____
                                RAGESH K. TANGRI (*Pro Hac Vice*)
                                rtangri@durietangri.com
                                JOSEPH C. GRATZ (*Pro Hac Vice*)
                                jgratz@durietangri.com
                                CATHERINE Y. KIM (*Pro Hac Vice*)
                                ckim@durietangri.com
                                217 Leidesdorff Street
                                San Francisco, CA 94111
                                Telephone: (415) 362-6666
                                Facsimile: (415) 236-6300

                                Attorneys for Defendant and Counterclaim-Plaintiff
                                UPCODES, INC., GARRETT REYNOLDS, and
                                SCOTT REYNOLDS