# Morgan Lewis

**J. Kevin Fee**
Partner
+1.202.739.5353
kevin.fee@morganlewis.com

May 19, 2020

**VIA ECF**

The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: International Code Council, Inc. v. UpCodes, Inc., 1:17-cv-6261-VM-DCF

Dear Judge Marrero:

Pursuant to Your Honor's May 14, 2020 Order, International Code Council, Inc. ("ICC") submits this letter addressing the impact of *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020) on the parties' motions. This case addressed the scope of the government edicts doctrine, a doctrine that imposes "a limitation on copyright protection for certain government work product." *Id.* at 1504. *Georgia* confirms that the government edicts doctrine is "a straightforward rule based on the identity of the author," *id.* at 1506, assessed by asking "whether the author of the work is a judge or legislator" acting "in the course of his judicial or legislative duties" and not "whether given material carries 'the force of law,'" *id.* at 1513. Thus, *Georgia* confirmed that the doctrine "does not apply … to works created by … private parties[] who lack the authority to make or interpret the law," *id.* at 1507, such as ICC's I-Codes.

The Supreme Court's Decision in *Georgia v. Public.Resource.Org*

In *Georgia*, the Supreme Court addressed whether annotations included in the Official Code of Georgia Annotated ("OCGA") were ineligible for copyright protection based on the government edicts doctrine. The Court explained that "[t]he government edicts doctrine traces back to a trio of cases decided in the 19th century;" namely, *Wheaton v. Peters*, 8 Pet. 591 (1834); *Banks v. Manchester*, 1238 U.S. 244 (1888); and *Callaghan v. Meyers*, 128 U.S. 617 (1888). *Id*.

> These cases establish a straightforward rule: Because judges are vested with the authority to make and interpret the law, they cannot be the "author" of the works they prepare "in the discharge of their judicial duties." *Banks*, 128 U.S. at 253. This rule applies both to binding works (such as opinions) and to non-binding

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

T +1.202.739.3000
F +1.202.739.3001

> works (such as headnotes and syllabi). *Ibid*. It does not apply, however, to works created by government officials (or private parties) who lack the authority to make or interpret the law ….

*Id*.; *accord* Dkt. 90 at 11 (ICC explaining that these cases do not "address[] what happens to the copyrights in *privately* authored works"). "Rather than attempting to catalog the materials that constitute 'the law,' the doctrine bars the officials responsible for creating the law from being considered the 'author[s]' of 'whatever work they perform in their capacity' as lawmakers." *Id*. "Because these officials are generally empowered to make and interpret law, their 'whole work' is deemed part of the 'authentic exposition and interpretation of the law' and must be 'free for publication to all.'" *Id.* (quoting *Banks*, 128 U.S. at 253).

Thus, when an official empowered to make or interpret that law writes within the scope of that authority, the Court recognized that "no one can own the law." *Id*. At the same time, the Court made clear that the government edicts doctrine does not apply to "private parties[] who lack the authority to make or interpret that law," *id*., as the Court made clear a century earlier in *Callaghan*. The *Georgia* court explained that although the works at issue in *Callaghan* "mirrored the judge-made materials rejected in *Banks*, they came from an author who had not authority to speak with the force of a law. Because the reporter was not a judge, he was free to 'obtain a copyright' for the materials." *Id*. (quoting *Callaghan*, 128 U.S. at 647). Based on this trio of 19th century cases, the Court derived a two-part government edicts test: "[C]opyright does not vest in works that are (1) created by judges or legislators (2) in the course of the judicial and legislative duties." *Id*. at 1508.

The Court concluded that Georgia's annotations were not copyrightable under this test. *Id*. First, the Court held that the purported author, i.e., the Code Revision Commission (the "Commission"), was a legislator for the purpose of the government edicts doctrine. Although the annotations at issue were prepared in the first instance by a division of the LexisNexis Group pursuant to a work-for-hire agreement with the Commission, the Supreme Court recognized that "[t]he Copyright Act therefore deems the Commission the sole 'author' of the work." *Id*. The Court also recognized that, "as a matter of state law, the Commission wields the legislature's authority when it works with Lexis to produce the annotations." *Id*. Next, the Court held that the Commission created the annotations in the discharge of its legislative duties, noting that the Commission's "preparation of the annotations is under Georgia law an act of 'legislative authority.'" *Id*. at 1509 (quoting *Harrison Co. v. Code Revision Comm'n*, 244 Ga. 325, 330 (1979)). Thus, the Court held that "annotations published by legislators alongside the statutory text fall within the work legislators perform in their capacity as legislators," *id*., and "fall within the government edicts doctrine and are not copyrightable." *Id*.

<u>The *Georgia* Case Confirms the Copyrightability of the I-Codes</u>

It is now beyond dispute that the government edicts doctrine is "a straightforward rule *based on the identity of the author*," *id.* at 1506 (emphasis added), and not on "whether given material carries 'the force of law,'" *id.* at 1513, as Defendants previously insisted. *E.g.,* Dkt. 85-1 at 1. If the work at issue was written by a legislator in the scope of his or her capacity as a legislator,

then the work is not copyrightable. On the other hand, if the work is authored by a "private part[y] who lack[s] the authority to make or interpret that law," *id.* at 1507, the work is copyrightable.

In the present case, ICC is entitled a presumption that it is the author of the I-Codes as a result of its copyright registrations, Dkt. 84-9; Dkt. 92-1 ¶¶ 20-22; 17 U.S.C. § 410(c) (2018), and Defendants have not attempted to rebut that presumption. As the Court explained in *Georgia*, an author's "copyright protection is both instant and automatic" and it "vests as soon as a work is captured in a tangible form." 140 S. Ct., at 1513.[1]

A legislator that subsequently adopts or incorporates the I-Codes does not usurp ICC as the author of the copied language. The term "author" "presuppose[s] a degree of originality," *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991), and "[o]riginal, as the term is used in copyright, means … that the work was independently created by the author (as opposed to copied from other works)," *id.* at 345. A legislator in this scenario merely copies language from the I-Codes, and ICC (and not the legislator) remains the author of the copied language.[2]

With this understanding, I-Codes clearly do not meet either requirement of the government edicts doctrine. First, the I-Codes were undisputedly created by a "private part[y] … who lack[s] the authority to make or interpret the law," *id*. at 1507. ICC is a private non-profit organization; not a judge or legislator, and, unlike the annotations in the *Georgia* case, the I-Codes are not created as a work made for hire for any governmental authority. Second, ICC is not "wield[ing] the legislature's authority," *id*. at 1508, when it creates the I-Codes. It has no judicial or legislative function. As a result, the I-Codes do not meet either part of the government edicts test, and they are copyrightable, regardless of whether a governmental authority subsequently adopts them.

Respectfully submitted,

*/s/ J. Kevin Fee*

J. Kevin Fee

---

[1] The Court's recognition that copyright protection vests immediately confirms that subsequent state action destroying ICC's copyrights would violate the Takings and Supremacy Clauses. *See* Dkt. 90 at 7-10.

[2] In *Georgia*, Public.Resource.Org asked the Court to hold that "[w]orks that represent an 'authentic' exercise of state legal authority—*including legal works adopted by or 'published under the authority of' the State*—are uncopyrightable edicts of government and 'not the proper subject of private copyright,'" Resp. Br. at 17 in *Georgia*, No. 18-1150 (U.S. Oct. 9, 2019) (emphasis added). The Court was aware of the misguided nature of such a holding because ICC and others filed amicus briefs addressing those issues. *See generally* ICC & Am. Soc'y for Testing & Materials Brs. in *Georgia*, No. 18-1150 (U.S. Aug. 30, 2019). The Court refused to destroy privately-owned copyrights upon adoption, and instead held that the government edicts doctrine "does not apply … to works created by … private parties[] who lack the authority to make or interpret the law," *id.* at 1507.