# DurieTangri

Joseph Gratz
415-362-6666 (main)
jgratz@durietangri.com

August 21, 2020

**VIA ECF**

The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 1007-1312

   Re:  *International Code Council, Inc. et al. v. UpCodes, Inc. et al.*
         Case No. 1:17-cv-6261-VM-DCF

Dear Judge Marrero,

Pursuant to section II.B. of the Court's Individual Practices, I write to request a conference concerning Defendants UpCodes, Inc. and Garrett and Scott Reynolds' proposed motion to dismiss Plaintiff International Code Council, Inc.'s new complaint for false advertising and unfair competition.

Attached herewith are Defendants' August 7, 2020 letter outlining the proposed motion (ECF Nos. 108, 108-1), and Plaintiff's August 14, 2020 response (ECF No. 110). In its response, Plaintiff did not agree to any amendments to cure the deficiencies specified in Defendants' letter, and has elected to stand on its complaint. Accordingly, Defendants intend to proceed with the proposed motion, subject to any preliminary guidance or rulings from the Court.

Defendants' letter raised two deficiencies in the new complaint, which follows on the heels of this Court's ruling that ICC may not shut down UpCodes by imposing copyright infringement liability for posting the text of the law.

***First***, Defendants pointed out that the statements that form the basis for Plaintiff's false advertising allegations are either non-actionable puffery or not adequately alleged to be false. Defendants' letter divided the statements described in the Complaint into two categories: (1) statements that the UpCodes website is "always up to date" and provides a "complete understanding" of the code, which no reasonable consumer would interpret as a guarantee that UpCodes' website is always completely error-free; and (2) statements that UpCodes offers "Integrated Amendments" inserted into the base codes with "local amendment styling," which Plaintiff nowhere alleges are false.

With respect to the first category, Plaintiff's response maintains that because UpCodes advertises its website as "always up to date" and as affording a "complete understanding" of the relevant law, false advertising liability follows from a series of inaccuracies that are infinitesimal in comparison to the amount of law UpCodes has worked to integrate and post. As this Court wrote in the case Plaintiff cites,

The Honorable Victor Marrero
August 21, 2020
Page 2

"[c]ertain types of statements, including puffery and opinion statements, are not actionable because they are not materially misleading." *Oklahoma Police Pension Fund & Ret. Sys. v. Teligent, Inc.*, No. 19 CIV. 3354 (VM), 2020 WL 3268531, at *10 (S.D.N.Y. June 17, 2020). Plaintiff has not adequately alleged that the statements at issue are materially misleading in that they convey to a reasonable customer that the UpCodes website is 100% accurate, 100% of the time.

With respect to the second category of alleged misstatements, Plaintiff simply does not respond, except to say in a footnote that the Complaint alleges that there are also other, unspecified errors. ECF No. 110 at 2 n.1. Plaintiff does not explain how that supposedly makes it false to say that UpCodes offers "Integrated Amendments" with "local amendment styling."

***Second***, Defendants pointed out that insofar as the alleged misstatements are theoretically actionable and technically false, any sense in which they are false cannot possibly be material to a customer's purchasing decision. This is so both in light of the scope of the service that UpCodes provides, and in light of the fact that ICC's competitive offering, which ICC claims is harmed by UpCodes' alleged unfair competition, ***does not even purport*** to offer up-to-date integrated amendments for many codes, and is in any event more "riddled with errors" than UpCodes' website. Plaintiff's responsive letter all but ignores this point and instead attacks a straw man by asserting that accuracy is important to customers looking for information about legal requirements. But the law says that in order to support a false advertising claim, an alleged misstatement must be material ***to a customer's purchasing decision*** as between the competing parties, *Reed Const. Data Inc. v. McGraw-Hill Companies, Inc.*, 638 F. App'x 43, 45-46 (2d Cir. 2016), and the decision in question here is between buying the codes from the ICC or accessing them through UpCodes. Compl. ¶¶ 1, 28, 64-65.

As to ***that*** question, ICC says only two things. First, ICC claims it has plausibly alleged that the UpCodes' website contains "countless" errors, and is systematically inaccurate due to errors inherent to the process of scanning the code. ECF No. 110 at 2, Compl. ¶¶ 31-34. This entirely unsupported allegation does not cure the problem. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) ("Although we construe the pleadings liberally, 'bald assertions and conclusions of law will not suffice.'"). If that were even plausibly true, it would have been a simple matter for Plaintiff to come up with more than the isolated examples documented in the Complaint, at least one of which is demonstrably not even an error. Furthermore, the alleged errors listed in the Complaint bear no apparent relationship to the allegation of errors in the scanning process,[1] or any other indicia of some systemic problem that would support an assertion that they are the tip of the iceberg.

Second, ICC claims that the errors on ICC's own website, incorporated by reference into the Complaint and readily compared against judicially noticeable law, "present disputed factual issues" and in any event are not known to consumers. ICC does not identify any disputed factual issues, and it is hard to see what those would be. And regardless of whether customers are aware of ***specific*** errors on the ICC

---

[1] They are, instead, alleged errors in parsing what sections of the model codes have and have not been adopted by various jurisdictions. Compl. ¶¶ 34-42.

The Honorable Victor Marrero
August 21, 2020
Page 3

website, they are certainly aware that for many jurisdictions ICC does not even purport to carry up-to-date codes—indeed, ICC tells customers that "not all jurisdictions notify ICC of code adoptions" and to "contact the jurisdiction" to "obtain more detailed information on amendments and changes to adopted codes."[2]  Sporadic errors in an offering with which Plaintiff for the most part does not even try to compete cannot affect a customer's purchasing decision.

Defendants are available for a conference at the Court's convenience.

Respectfully submitted,

Joseph Gratz

cc:  Counsel for International Code Council, Inc.

---

[2] https://codes.iccsafe.org/ (last visited Aug. 19, 2020).