# EXHIBIT 1



Joseph Gratz
415-362-6666 (main)
jgratz@durietangri.com

August 7, 2020

**VIA ECF**

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
kevin.fee@morganlewis.com

Re: *International Code Council, Inc. et al. v. UpCodes, Inc. et al.*
Case No. 1:17-cv-6261-VM-DCF

Dear Counsel,

Pursuant to section II.B. of the Court's Individual Practices, I write to advise you of deficiencies in the International Code Council, Inc.'s new false advertising and unfair competition complaint against Defendants UpCodes, Inc. and Garrett and Scott Reynolds.

ICC appears to have filed this lawsuit as a back-up plan to misuse unfair competition law to shut down a superior competitor, since ICC's first attempt to shut down UpCodes failed. *See* ECF No. 105. But the complaint is deficient: ***First***, it relies on non-actionable statements that reasonable customers would not interpret to guarantee that UpCodes' website is 100% accurate, 100% of the time. ***Second***, it seeks to impose liability for a miniscule set of minor errors that no reasonable customer would consider material to a purchasing decision, because they are dwarfed by the amount of law that the UpCodes website (incorporated by reference into ICC's complaint) accurately presents. Additionally, as ICC's own website (also incorporated by reference) contains more errors than UpCodes', and does not even attempt to present current state and local amendments for many codes, ICC cannot plausibly allege injury from UpCodes' representations about UpCodes' accuracy.

**I.      The Alleged Misstatements Are Either Not Actionable, or Not Alleged to be False.**

The majority of the alleged misstatements that ICC complains of are not actionable as false advertising under the Lanham Act, New York Gen. Bus. Law § 349, or New York common law. "[G]eneralized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely" are "puffery," and may not serve as the basis for a false advertising suit. *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011); *see also Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995) ("Subjective claims about products, which cannot be proven either true or false, are not actionable under the Lanham Act.") (citation omitted). Whether statements are "puffery" is readily resolved on a motion to dismiss. *Fink v. Time Warner Cable,* 714 F.3d 739, 742 & n.3 (2d Cir. 2013) (affirming grant of motion to dismiss Section 349 claim where alleged misstatement was puffery).

J. Kevin Fee
August 7, 2020
Page 2

Most of the alleged misrepresentations are hyperbolic, clearly exaggerated statements that UpCodes'
website is "always up-to-date," permits users to "never work from outdated code," and affords a
"complete understanding" of the code. Compl. ¶¶ 50, 52, 70-71, 81-82, 91-92. These are not "concrete
and measurable" assertions that create liability. *In re Nevsun Res. Ltd.*, No. 12 CIV. 1845 PGG, 2013
WL 6017402, at *9 (S.D.N.Y. Sept. 27, 2013). Whether UpCodes conveys a "complete understanding"
of the relevant laws is not measurable. No reasonable consumer would interpret statements like "always
up-to-date" and "never . . . outdated" as factual claims meaning that UpCodes' website instantaneously
reflects newly adopted or revised codes the moment they are enacted and with complete accuracy.[1] That
would be impossible. These statements are not actionable false advertising. *Dyson, Inc. v. Garry
Vacuum, LLC*, No. CV 10-01626 MMM (VBKx), 2011 WL 13268002, at *15 (C.D. Cal. Jan. 4, 2011)
(claim that vacuum "always work[s] effectively" was non-actionable puffery); *Punian v. Gillette Co.*,
No. 14-CV-05028-LHK, 2016 WL 1029607, at *9 (N.D. Cal. Mar. 15, 2016) (claim that by buying
Duralock batteries you "will always have access to power" was non-actionable puffery); *Shields v. Alere
Home Monitoring, Inc.*, No. C15-2580 CRB, 2015 WL 7272672, at *10 (N.D. Cal. Nov. 18, 2015)
(claim that home medical monitoring device is "accurate and reliable" was non-actionable puffery).

The remaining statements ICC identifies aren't adequately alleged to be false. ***First***, ICC claims that
Defendants falsely advertise that "UpCodes offers 'Integrated Amendments,'" and that "they have 'code
updates inserted' with 'local amendment styling." Compl. ¶¶ 54-55. ICC highlights the statements that
"UpCodes hosts the adopted codes as enacted by the state or local jurisdiction" and that where states do
not provide integrated codes, "UpCodes has integrated the local amendments in jurisdiction[s] like
Pennsylvania and New York State." *Id.* ¶ 54. But ICC nowhere alleges that UpCodes does not show
codes as adopted by jurisdictions, with their updates and code amendments integrated into the text. At
most, ICC alleges that among the ***tens of thousands*** of integrated amendments on UpCodes' website,
about two dozen had errors. That does not make it false to say that UpCodes displays "integrated
amendments." *Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208, 212 (S.D.N.Y. 1994) (not false to advertise
that a service is available at "major airports" if it is operational at 36 of 39 such airports).

***Second***, ICC complains that UpCodes tweeted, "NJ 2018 codes are live with all 973 amendments
integrated." Compl. ¶ 61. ICC alleges that the tweet is false because New Jersey instructed that any
references to Chapter 1 of the model International Building Code ("IBC") 2018 be deleted, and
UpCodes' site references "Chapter 1." *Id.* ¶ 52. This allegation is wrong, in a way that is judicially
noticeable. UpCodes' references are to Chapter 1 of the ACI 318 (the American Concrete Institute's
Building Code Requirements, which New Jersey did not delete), ***not*** the IBC. *Id.* Indeed, ICC's website
***contains the exact same text that ICC complains about***. *See* https://codes.iccsafe.org/content/
NJBC2018P2/chapter-19-concrete#NJBC2018P2_Ch19_Sec1905.1.1 (last visited Aug. 3, 2020).

---

[1] The same applies to these statements: "kept up to date with all the amendments integrated natively
into the code"; "understand all code relevant to your project"; "provide[s] a full understanding of the
applicable codes for your project"; "understand all the requirements for your jurisdiction in one place";
"never miss important requirements in your jurisdiction." Compl. ¶¶ 51-52, 54.

J. Kevin Fee
August 7, 2020
Page 3

*Third*, ICC alleges that UpCodes falsely claims to be "the only source of integrated amendments." Compl. ¶ 63. But ICC's own screenshots show that UpCodes instead claims to be the only source of integrated codes for "jurisdictions [that] do not provide integrated code books." *Id.* ICC does not allege that this is false; paragraph 64 points only to the integrated code books provided by New York State.

## II. Any Alleged Misstatement Is Not Material and ICC Cannot Plausibly Plead Injury.

ICC's claims also fail because UpCodes' representations are not material to any customer decision, as required for all of ICC's claims. *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 63 (2d Cir. 2016) (Lanham Act); *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 609 (N.Y. App. 2d Dep't 2002) (Section 349); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) (elements of common law unfair competition mirror Lanham Act claim). UpCodes hosts over a million sections of law across 499 different codes, totaling over 180,000 printed pages. The integrated codes displayed by UpCodes include over 50,000 amendments that UpCodes worked to display in integrated format for the first time ever. (By contrast, for many codes, ICC does not even try to display years' worth of amendments that jurisdictions have made after adopting model codes.) Against this backdrop, ICC identifies about two dozen supposed errors. To the extent these minor errors in the course of a Herculean effort to provide a valuable service make UpCodes' claims of correctness and completeness "inaccurate in an analytical sense," that inaccuracy is not "serious enough to constitute a misrepresentation" under false advertising law. *Glenn v. Advert. Publications, Inc.*, 251 F. Supp. 889, 904 (S.D.N.Y. 1966); *see also Borden, Inc. v. Kraft, Inc.*, No. 84 C 5295, 1984 WL 1458, at *12 (N.D. Ill. Sept. 28, 1984) (Kraft's "5 ounces of milk in every slice" claim not a material misrepresentation where milk content was 4.6 oz.); *Riddell, Inc. v. Schutt Sports, Inc.*, 724 F. Supp. 2d 963, 980 (W.D. Wis. 2010) ("technical" falsity not enough to support Lanham Act claim).

Furthermore, any technical falsity is immaterial to a purchasing decision as between ICC and UpCodes. ICC's website has more errors than ICC claims to have found on UpCodes' website, all verifiable by comparison to judicially noticeable statutory text, including substantive misstatements of the law. A chart showing some of those errors is attached as Exhibit A. ICC cannot claim that UpCodes' alleged misstatements about its accuracy "are material, are likely to influence purchasing decisions, and have actually influenced purchasing decisions of consumers" where ICC's own offering is demonstrably less accurate and more "riddled with errors." Compl. ¶¶ 75, 86, 96. For the same reason, ICC cannot plausibly allege competitive harm from any such alleged misstatement. *New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, 312 F. Supp. 2d 195, 234–35 (D. Conn. 2004) (no basis to infer likely injury where plaintiff's product was the same as the defendant's in the respect in which defendant supposedly misled consumers, because no reason to think customers would have chosen plaintiff's product if they had known the truth).

Finally, ICC pleads no facts showing that UpCodes' representations about being the only place to find integrated amendments for jurisdictions without integrated books are material. Such an allegation would make no sense, as both UpCodes and ICC publicly display the text of the laws they host, so any prospective customer can see what codes they show, and in what format.

J. Kevin Fee
August 7, 2020
Page 4

Sincerely,

Joseph Gratz

cc: The Honorable Victor Marrero
   United States District Court, SDNY

# EXHIBIT A

**Selection of Errors on the International Code Council, Inc.'s Website**

| | Code Provision | ICC Website |
|---|---|---|
| 1. | **2015 Washington State Building Code § 504.4, Number of Stories**<br><br>TABLE 504.4 ALLOWABLE NUMBER OF STORIES ABOVE GRADE PLANE<br><br>2015 Washington State Building Code, § 504.4, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Under "Type of Construction," omits columns "A," "B," and "C" under "Type IV"<br><br>2015 Washington Building Code, § 504.4, *available at* https://codes.iccsafe.org/content/document/1337/14145291 |
| 2. | **2015 Washington State Building Code § 508.4.4.1, Construction**<br><br>"Required separations shall be fire barriers constructed in accordance with Section 707 or horizontal assemblies constructed in accordance with Section 711, or both, so as to completely separate adjacent occupancies. Mass timber elements serving as fire barriers or horizontal assemblies to separate occupancies in Type IV-B or IV-C construction shall be separated from the interior of the building with an approved thermal barrier consisting of a minimum of ½ inch (12.7 mm) gypsum board or a material that is tested in accordance with and meets the acceptance criteria of both the Temperature Transmission Fire Test and the Integrity Fire Test of NFPA 275."<br><br>2015 Washington State Building Code, § 508.4.4.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits "Mass timber elements serving as fire barriers or horizontal assemblies to separate occupancies in Type IV-B or IV-C construction shall be separated from the interior of the building with an approved thermal barrier consisting of a minimum of ½ inch (12.7 mm) gypsum board or a material that is tested in accordance with and meets the acceptance criteria of both the Temperature Transmission Fire Test and the Integrity Fire Test of NFPA 275."<br><br>2015 Washington Building Code, § 508.4.4.1, *available at* https://codes.iccsafe.org/content/document/1337/14145291 |

1

| | Code Provision | ICC Website |
|---|---|---|
| 3. | **2015 Washington State Building Code § 403.3.2, Water Supply to Required Fire Pumps**<br><br>"In all buildings that are more than 420 feet (128 m) in building height, and buildings of Type IV-A and IV-B that are more than 120 feet in building height, required fire pumps shall be supplied by connections to not fewer than two water mains located in different streets. Separate supply piping shall be provided between each connection to the water main and the pumps. Each connection and the supply piping between the connection and the pumps shall be sized to supply the flow and pressure required for the pumps to operate.<br><br>Exception: Two connections to the same main shall be permitted provided that the main is valved such that an interruption can be isolated so that the water supply will continue without interruption through not fewer than one of the connections."<br><br>2015 Washington State Building Code, § 403.3.2 *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits "and buildings of Type IV-A and IV-B that are more than 120 feet in building height".<br><br>2015 Washington Building Code, § 403.3.2, *available at* https://codes.iccsafe.org/content/document/1337/14143513 |

2

|     | Code Provision | ICC Website |
| --- | --- | --- |
| 4. | **2015 Washington State Building Code § 202, Definitions**<br><br>"MASS TIMBER. Structural elements of Type IV construction primarily of solid, built-up, panelized or engineered wood products that meet minimum cross section dimensions of Type IV construction."<br><br>2015 Washington State Building Code, § 202, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits definition of "MASS TIMBER."<br><br>2015 Washington State Building Code, § 202, *available at* https://codes.iccsafe.org/content/document/1337/14143051 |
| 5. | **2015 Washington State Building Code § 509.4.1.1, Type IV-B and IV-C Construction**<br><br>"Where Table 509 specifies a fire-resistance-rated separation, mass timber elements serving as fire barriers or horizontal assemblies to separate occupancies in Type IV-B or IV-C construction shall be separated from the interior of the incidental use with an approved thermal barrier consisting of a minimum of ½ inch (12.7 mm) gypsum board or a material that is tested in accordance with and meets the acceptance criteria of both the Temperature Transmission Fire Test and the Integrity Fire Test of NFPA 275."<br><br>2015 Washington State Building Code, § 509.4.1.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 509.4.1.1.<br><br>2015 Washington State Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14145291 |

3

| 6. | **2015 Washington State Building Code § 602.4, Type IV**<br><br>"Type IV construction is that type of construction in which the building elements are mass timber or noncombustible materials and have fire-resistance ratings in accordance with Table 601. Mass timber elements shall meet the fire-resistance rating requirements of this section based on either the fire-resistance rating of the noncombustible protection, the mass timber, or a combination of both and shall be determined in accordance with Section 703.2 or 703.3. The minimum dimensions and permitted materials for building elements shall comply with the provisions of this section including Table 602.4.4 and Section 2304.11. Mass timber elements of Types IV-A, IV-B and IV-C construction shall be protected with noncombustible protection applied directly to the mass timber in accordance with Sections 602.4.1 through 602.4.3. The time assigned to the noncombustible protection shall be determined in accordance with Section 703.8 and comply with Section 722.7.<br><br>Cross-laminated timber shall be labeled as conforming to ANSI/APA PRG 320 as referenced in Section 2303.1.4.<br><br>Exterior load-bearing walls and nonload-bearing walls shall be mass timber construction, or shall be of noncombustible construction.<br><br>Exception: Exterior load-bearing walls and nonload-bearing walls of Type IV-HT Construction in accordance with Section 602.4.4. | Incorrectly displays section as "Type IV construction (Heavy Timber, HT) is that type of construction in which the exterior walls are of noncombustible materials and the interior building elements are of solid or laminated wood without concealed spaces. The details of Type IV construction shall comply with the provisions of this section and Section 2304.11. Exterior walls complying with Section 602.4.1 or 602.4.2 shall be permitted. Minimum solid sawn nominal dimensions are required for structures built using Type IV construction (HT). For gluedlaminated members and structural composite lumber (SCL) members, the equivalent net finished width and depths corresponding to the minimum nominal width and depths of solid sawn lumber are required as specified in Table 602.4. Cross-laminated timber (CLT) dimensions used in this section are actual dimensions."<br><br>2015 Washington Building Code, § 602.4, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

4

| Code Provision | ICC Website |
|---|---|
| The interior building elements, including nonload-bearing walls and partitions, shall be of mass timber construction or of noncombustible construction.<br><br>Exception: Interior building elements and nonload-bearing walls and partitions of Type IV-HT Construction in accordance with Section 602.4.4.<br><br>Combustible concealed spaces are not permitted except as otherwise indicated in Sections 602.4.1 through 602.4.4.  Combustible stud spaces within light frame walls of Type IV-HT construction shall not be considered concealed spaces, but shall comply with Section 718.<br><br>In buildings of Type IV-A, B, and C, construction with an occupied floor located more than 75 feet above the lowest level of fire department access, up to and including 12 stories or 180 feet above grade plane, mass timber interior exit and elevator hoistway enclosures shall be protected in accordance with Section 602.4.1.2. In buildings greater than 12 stories or 180 feet above grade plane, interior exit and elevator hoistway enclosures shall be constructed of noncombustible materials."<br><br>2015 Washington State Building Code, § 602.4, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | |

|   | Code Provision | ICC Website |
|---|---|---|
| 7. | **2015 Washington State Building Code § 602.4.1, Type IV-A**<br><br>"Building elements in Type IV-A construction shall be protected in accordance with Sections 602.4.1.1 through 602.4.1.6. The required fire-resistance rating of noncombustible elements and protected mass timber elements shall be determined in accordance with Section 703.2 or Section 703.3."<br><br>2015 Washington State Building Code, § 602.4.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Incorrectly states text as "Fire-retardant-treated wood framing complying with Section 2303.2 shall be permitted within exterior wall assemblies with a 2-hour rating or less."<br><br>2015 Washington Building Code, § 602.4.1, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

|   | **Code Provision** | **ICC Website** |
|---|---|---|
| 8. | **2015 Washington State Building Code § 602.4.1.1, Exterior Protection**<br><br>"The outside face of exterior walls of mass timber construction shall be protected with noncombustible protection with a minimum assigned time of 40 minutes as determined in Section 722.7.1. All components of the exterior wall covering, shall be of noncombustible material except water resistive barriers having a peak heat release rate of less than 150 kW/m², a total heat release of less than 20 MJ/m² and an effective heat of combustion of less than 18 MJ/kg as determined in accordance with ASTM E1354 and having a flame spread index of 25 or less and a smoke-developed index of 450 or less as determined in accordance with ASTM E84 or UL 723. The ASTM E1354 test shall be conducted on specimens at the thickness intended for use, in the horizontal orientation and at an incident radiant heat flux of 50 kW/m²."<br><br>2015 Washington State Building Code, § 602.4.1.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.1.1<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

7

| | Code Provision | ICC Website |
|---|---|---|
| 9. | **2015 Washington State Building Code § 602.4.1.2, Interior Protection**<br><br>"Interior faces of all mass timber elements, including the inside faces of exterior mass timber walls and mass timber roofs, shall be protected with materials complying with Section 703.5."<br><br>2015 Washington State Building Code, § 602.4.1.2, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.1.2.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |
| 10. | **2015 Washington State Building Code § 602.4.1.3, Floors**<br><br>"The floor assembly shall contain a noncombustible material not less than 1 inch in thickness above the mass timber. Floor finishes in accordance with Section 804 shall be permitted on top of the noncombustible material. The underside of floor assemblies shall be protected in accordance with 602.4.1.2."<br><br>2015 Washington State Building Code, § 602.4.1.3, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.1.3.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

8

|     | Code Provision | ICC Website |
| --- | --- | --- |
| 11. | **2015 Washington State Building Code § 602.4.1.4, Roofs**<br><br>"The interior surfaces of roof assemblies shall be protected in accordance with Section 602.4.1.2. Roof coverings in accordance with Chapter 15 shall be permitted on the outside surface of the roof assembly."<br><br>2015 Washington State Building Code, § 602.4.1.4, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.1.4.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |
| 12. | **2015 Washington State Building Code § 602.4.1.5, Concealed Spaces**<br><br>"Concealed spaces shall not contain combustibles other than electrical, mechanical, fire protection, or plumbing materials and equipment permitted in plenums in accordance with Section 602 of the International Mechanical Code, and shall comply with all applicable provisions of Section 718. Combustible construction forming concealed spaces shall be protected in accordance with Section 602.4.1.2."<br><br>2015 Washington State Building Code, § 602.4.1.5, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.1.5.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

9

|     | **Code Provision** | **ICC Website** |
| --- | --- | --- |
| 13. | **2015 Washington State Building Code § 602.4.1.6, Shafts**<br><br>"Shafts shall be permitted in accordance with Sections 713 and 718. Both the shaft side and room side of mass timber elements shall be protected in accordance with Section 602.4.1.2."<br><br>2015 Washington State Building Code, § 602.4.1.6, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.1.6.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |
| 14. | **2015 Washington State Building Code § 602.4.2, Type IV-B**<br><br>"Building elements in Type IV-B construction shall be protected in accordance with Sections 602.4.2.1 through 602.4.2.6. The required fire-resistance rating of noncombustible elements or mass timber elements shall be determined in accordance with Section 703.2 or 703.3."<br><br>2015 Washington State Building Code, § 602.4.2, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Incorrectly states text as "Cross-laminated timber complying with Section 2303.1.4 shall be permitted within exterior wall assemblies with a 2-hour rating or less, provided the exterior surface of the cross-laminated timber is protected by one the following:<br>1. Fire-retardant-treated wood sheating complying with Section 2303.2 and not less than 15/32 inch (12mm) thick;<br>2. Gypsum board not less than ½ inch (12.7 mm) thick; or<br>3. A noncombustible material."<br><br>2015 Washington Building Code, § 602.4.2, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

10

|  | **Code Provision** | **ICC Website** |
|---|---|---|
| 15. | **2015 Washington State Building Code § 602.4.2.1, Exterior Protection**<br><br>"The outside face of exterior walls of mass timber construction shall be protected with noncombustible protection with a minimum assigned time of 40 minutes as determined in Section 722.7.1. All components of the exterior wall covering shall be of noncombustible material except water resistive barriers having a peak heat release rate of less than 150 kW/m², a total heat release of less than 20 MJ/m² and an effective heat of combustion of less than 18 MJ/kg as determined in accordance with ASTM E1354, and having a flame spread index of 25 or less and a smoke-developed index of 450 or less as determined in accordance with ASTM E84 or UL 723. The ASTM E1354 test shall be conducted on specimens at the thickness intended for use, in the horizontal orientation and at an incident radiant heat flux of 50 kW/m²."<br><br>2015 Washington State Building Code, § 602.4.2.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.2.1<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

|  | Code Provision | ICC Website |
|---|---|---|
| 16. | **2015 Washington State Building Code § 602.4.3, Type IV-C**<br><br>"Building elements in Type IV-C construction shall be protected in accordance with Sections 602.4.3.1 through 602.4.3.6. The required fire-resistance rating of building elements shall be determined in accordance with Sections 703.2 or 703.3."<br><br>2015 Washington State Building Code, § 602.4.3, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Incorrectly states text as "Wood columns shall be sawn or glued laminated and shall be not less than 8 inches (203 mm), nominal, in any dimension where supporting floor loads and not less than 6 inches (152 mm) nominal in width and not less than 8 inches (203 mm) nominal in depth where supporting roof and ceiling loads only. Columns shall be continuous or superimposed and connected in an approved manner. Protection in accordance with Section 704.2 is not required."<br><br>2015 Washington Building Code, § 602.4.3, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

12

|    | Code Provision | ICC Website |
|----|----------------|-------------|
| 17. | **2015 Washington State Building Code § 602.4.3.1, Exterior Protection**<br><br>"The exterior side of walls of combustible construction shall be protected with noncombustible protection with a minimum assigned time of 40 minutes as determined in Section 722.7.1. All components of the exterior wall covering, shall be of noncombustible material except water resistive barriers having a peak heat release rate of less than 150 kW/m$^2$, a total heat release of less than 20 MJ/m$^2$ and an effective heat of combustion of less than 18 MJ/kg as determined in accordance with ASTM E1354 and having a flame spread index of 25 or less and a smoke-developed index of 450 or less as determined in accordance with ASTM E84 or UL 723. The ASTM E1354 test shall be conducted on specimens at the thickness intended for use, in the horizontal orientation and at an incident radiant heat flux of 50 kW/m$^2$."<br><br>2015 Washington State Building Code, § 602.4.3.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.3.1.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

13

|     | Code Provision | ICC Website |
| --- | --- | --- |
| 18. | **2015 Washington State Building Code § 602.4.4, Type IV-HT**<br><br>"Type IV-HT construction (Heavy Timber, HT) is that type of construction in which the exterior walls are of noncombustible materials and the interior building elements are of solid wood, laminated heavy timber or structural composite lumber (SCL), without concealed spaces. The minimum dimensions for permitted materials including solid timber, glued-laminated timber, structural composite lumber (SCL) and cross-laminated timber (CLT) and details of Type IV construction shall comply with the provisions of this section, including Table 602.4.4 and Section 2304.11. Exterior walls complying with Section 602.4.4.1 or 602.4.4.2 shall be permitted. Interior walls and partitions not less than 1 hour fire-resistance rating or heavy timber conforming with Section 602.4.4.8.1 shall be permitted. Cross-laminated timber (CLT) dimensions used in this section are actual dimensions. Lumber decking shall be in accordance with Section 2304.9."<br><br>2015 Washington State Building Code, § 602.4.4, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Incorrectly displays text as "Wood beams and girders shall be of sawn or glued-laminated timber and shall be not less than 6 inches (152 mm) nominal in width and not less than 10 inches (254 mm) nominal in depth. Framed sawn or glued-laminated timber arches, which spring from the floor line and support floor loads, shall be not less than 8 inches (203 mm) nominal in any dimension. Framed timber trusses supporting floor loads shall have members of not less than 8 inches (203 mm) nominal in any dimension."<br><br>2015 Washington Building Code, § 602.4.4, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |

14

|  | Code Provision | ICC Website |
|---|---|---|
| 19. | **2015 Washington State Building Code § 602.4.4.1, Fire-Retardant-Treated Wood in Exterior Walls**<br><br>"Fire-retardant-treated wood framing and sheathing complying with Section 2303.2 shall be permitted within exterior wall assemblies not less than 6 inches (152 mm) in thickness with a 2-hour rating or less."<br><br>2015 Washington State Building Code, § 602.4.4.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 602.4.4.1.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147251 |
| 20. | **2015 Washington State Building Code § 703.8, Determination of Noncombustible Protection Time Contribution**<br><br>"The time, in minutes, contributed to the fire-resistance rating by the noncombustible protection of mass timber building elements, components, or assemblies, shall be established through a comparison of assemblies tested using procedures set forth in ASTM E119 or UL 263. The test assemblies shall be identical in construction, loading, and materials, other than the noncombustible protection. The two test assemblies shall be tested to the same criteria of structural failure . . . ."<br><br>2015 Washington State Building Code, § 703.8, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 703.8.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147447 |

|     | **Code Provision** | **ICC Website** |
| --- | --- | --- |
| 21. | **2015 Washington State Building Code § 703.9, Sealing of Adjacent Mass Timber Elements**<br><br>"In buildings of Type IV-A, IV-B, and IV-C construction, sealant or adhesive shall be provided to resist the passage of air in the following locations . . . ."<br><br>2015 Washington State Building Code, § 703.9, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 703.9.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147447 |

16

| | Code Provision | ICC Website |
|---|---|---|
| 22. | **2015 Washington State Building Code § 718.2.1, Fireblocking Materials**<br><br>"Fireblocking shall consist of the following materials:<br>1. Two-inch (51 mm) nominal lumber.<br>2. Two thicknesses of 1-inch (25 mm) nominal lumber with broken lap joints.<br>3. One thickness of 0.719-inch (18.3 mm) wood structural panels with joints backed by 0.719-inch (18.3 mm) wood structural panels.<br>4. One thickness of 0.75-inch (19.1 mm) particleboard with joints backed by 0.75-inch (19 mm) particleboard.<br>5. One-half-inch (12.7 mm) gypsum board.<br>6. One-fourth-inch (6.4 mm) cement-based millboard.<br>7. Batts or blankets of mineral wool, mineral fiber or other approved materials installed in such a manner as to be securely retained in place.<br>8. Cellulose insulation installed as tested for the specific application.<br>9. Mass timber complying with Section 2304."<br><br>2015 Washington State Building Code, § 718.2.1, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits item 9.<br><br>2015 Washington Building Code, § 718.2.1, *available at* https://codes.iccsafe.org/content/document/1337/14147447 |

17

|     | **Code Provision** | **ICC Website** |
| --- | --- | --- |
| 23. | **2015 Washington State Building Code § 722.7, Fire-Resistance Rating of Mass Timber**<br><br>"The required fire resistance of mass timber elements in Section 602.4 shall be determined in accordance with Section 703.2 or 703.3. The fire-resistance rating of building elements shall be as required in Tables 601 and 602 and as specified elsewhere in this code. The fire-resistance rating of the mass timber elements shall consist of the fire resistance of the unprotected element added to the protection time of the noncombustible protection."<br><br>2015 Washington State Building Code, § 722.7, *available at* https://sbcc.wa.gov/sites/default/files/2019-12/ga_2015_IBC2ed_070119r.pdf | Omits Section 722.7.<br><br>2015 Washington Building Code, *available at* https://codes.iccsafe.org/content/document/1337/14147447 |

18

|  | **Code Provision** | **ICC Website** |
|---|---|---|
| 24. | **Ohio Building Code Table 2306.3(2), Allowable Shear Values (plf) for Wind or Seismic Loading on Shear Walls of Fiberboard Sheathing Board Construction Utilizing Staples for Type V Construction Only**<br><br>FASTENER Size<br>No. 11 gage galvanized staple, 7/16" crown[f]<br>No. 11 gage galvanized staple, 1" crown[f]<br><br>Ohio Building Code 2017, Table 2306.3(2), *available at* https://www.com.ohio.gov/documents/dico_2017 %20OBC%20Amendments%20(Ch%201,%202, %203,%207,%209,%2010,%2016,%2022,%2023, %2025,%2026,%2034,%2035)%20Effective%20 August%201,%202018.pdf | Incorrectly displays<br><br>FASTENER Size<br>No. 16 gage galvanized staple, 7/16" crown[f]<br>No. 16 gage galvanized staple, 1" crown[f]<br><br>2017 Ohio Building Code with Aug 2018 Updates & Errata 02-08-19, Table 2306.3(2), *available at* https://codes.iccsafe.org/content/chapter/13425/ |
| 25. | **Building Code 2018 of New Jersey § 911.1.1, Location and Access**<br><br>"lxiii. In Section 911.1.1, Location and access, 'fire code official' shall be deleted and 'fire protection subcode official' shall be inserted."<br><br>N.J. Admin. Code § 5:23-3.14.[1] | "The location and accessibility of the fire command center shall be approved by the fire subcode official."<br><br>2018 International Building Code, New Jersey Edition, *available at* https://codes.iccsafe.org/content/NJBC2018P2/chapter-9-fire-protection-and-life-safety-systems. |

---

[1] New Jersey adopts the "2018 International Building Code . . . as the building subcode for New Jersey subject to the modifications stated in (b) . . . ." N.J. Admin Code § 5:23-3.14(a). Section 5:23-3.14(b) sets forth the modifications to the building subcode, including to Section 911.1.1 of the building subcode. N.J. Admin Code §§ 5:23-3.14(b), (b)(8)(lxiii).