# EXHIBIT 2

# Morgan Lewis

**J. Kevin Fee**
Partner
+1.202.739.5353
kevin.fee@morganlewis.com

August 14, 2020

**VIA ECF**

Joseph Gratz
Durie Tangri
217 Leidesdorff Street
San Francisco, CA 94111

**Re:** *International Code Council, Inc. v. UpCodes Inc.*, 1:17-cv-6261-JFK-DCF

Dear Counsel:

I write in response to your letter regarding alleged deficiencies in ICC's Complaint. Defendants' arguments are baseless. Defendants are prohibited from falsely advertising that their codes are accurate, complete, and up-to-date when their website is riddled with what the Court found to be "surprising" errors, Dkt. 105 at 59. These statements are not puffery. Their accuracy can be determined objectively, as the aforementioned finding of the Court demonstrates. Defendants' assertion that consumers know these statements are exaggerations is baseless, finds no support in the Complaint, and raises a factual dispute that is ill-suited to resolution on a motion to dismiss. Finally, Defendants' immateriality argument impermissibly raises a factual issue at the motion to dismiss stage and is counterintuitive at best. Consumers undeniably care about whether they are being provided with accurate copies of the law, as Defendants' insistence on reproducing these laws verbatim confirms. *See* Dkt. 85-1 at 19 ("UpCodes cannot express the enacted law in any other way than to use the text of that law, verbatim.")

### I. Claims that UpCodes is Accurate, Complete, and Up-to-Date Are Not Puffery.

Statements are non-actionable puffery if they are "subjective claims about products which cannot be proven either true of false" or are exaggerations expressed in vague language that consumers understand to be an expression of the seller's opinion. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007) (internal quotes omitted). "Definite and measurable claims cannot be called puffing." 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 27.38 (5th ed. 2018).

ICC identifies countless specific statements that Defendants made that are easily proven true or false. For example, Defendants claim that "[w]e are the only place where **all** the codes are kept

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC 20004       T +1.202.739.3000
United States              F +1.202.739.3001

Joseph Gratz
August 14, 2020
Page 2

**up-to-date** with **all amendments** integrated natively into the code." Compl. ¶ 51 (emphasis added). This statement easily can be proven true or false. In fact, the Court already recognized that that UpCodes' website has not kept all the codes up-to-date. *See, e.g.*, Dkt. 105 at 59. These types of provably false statements are not puffery, especially when, as alleged, Defendants knowingly misrepresented existing facts. *See* Compl. ¶¶ 45, 47, 65, 99. Judge Marrero recently rejected another defendant's puffery defense for precisely this reason. *See Oklahoma Police Pension Fund & Ret. Sys. v. Teligent, Inc.*, 2020 WL 3268531 (June 17, 2020) (Marrero, J.) ("[S]tatements are not puffery when they constitute 'misrepresentations of existing facts' that were made even though the speaker 'knew that the contrary was true.'") (quoting *Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000)).

Defendants also argue that their accuracy claims are clearly exaggerated because it is "impossible" to "instantaneously" update the codes so that they remain accurate. Dkt. 108 at 2. Not so. Jurisdictions typically enact codes or amendments in advance of their effective date. *See*, *e.g.*, https://www.dos.ny.gov/DCEA/noticadopt.html (adopting amendment on 3/6/20 with a 5/12/20 effective date). More importantly, nothing in the Complaint indicates that it is impossible for Defendants to keep their website up-to-date or that consumers recognize such statements to be clearly exaggerated. In fact, the Complaint indicates that UpCodes' customers believe the up-to-date claims are true. *See* Compl. ¶ 59 (customer stating "I'm much more comfortable knowing my team is working off the most up-to-date set of codes.")

Finally, context is critical in determining whether a statement constitutes puffery. *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 500-01 (5th Cir. 2000) (finding "Better Ingredients. Better Pizza" was not puffery when used in the context of claims that Papa John's used fresh-pack tomatoes and filtered water). In the context of researching legal requirements, claims of accuracy are particularly important, and consumers will not interpret them as clearly hyperbolic. In a virtually identical context, the owner of Lexis/Nexis alleged false advertising based on TheLaw.Net's claim that "its products and services are current and up-to-date when in fact they have not been." *Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F. Supp. 2d 942, 946 (S.D. Ohio 2003). TheLaw.Net filed a motion to dismiss, arguing that its statements "at most constitute puffing." *Id.* at 953. The court found that the plaintiff stated a claim and that "Defendant's arguments are better raised in a Motion for Summary Judgment." *Id.* The same holds true here.[1]

### II.  Materiality Is an Issue of Fact, Ill-Suited for a Motion to Dismiss.

An advertising claim is material if it has "the capacity to adversely affect the plaintiff's business by influencing consumer purchasing decisions." *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmbH*, 843 F.3d 48, 70 (2d Cir. 2016). Defendants' argument that consumers do not care if they have accurate codes defies logic, is contradicted by Defendants'

---

[1] Defendants argue that ICC failed to allege the falsity of Defendants' claim that their site features integrated amendments so that a user will "[n]ever miss important requirements" because ICC only identified about two dozen errors. Defendants ignore the allegations that the website "contains countless errors," Compl. ¶ 47, and that the errors identified with specificity in the Complaint are "not an exhaustive list," *id.* ¶ 44. ICC is not required to plead all of the errors with specificity at this stage. Even if there were only two dozen errors, it still would be false to claim that users will never miss important requirements.

Joseph Gratz
August 14, 2020
Page 3

insistence that they must be permitted to copy the language of the codes verbatim rather than provide summaries, and is not appropriately decided on a motion to dismiss.

ICC alleged that Defendants' false statements are "likely to deceive consumers, and that they are likely to influence purchasing decisions and have actually influenced purchasing decisions of consumers." Compl. ¶¶ 75, 96. Indeed, ICC quotes a customer who relied on Defendants' false "up-to-date" claims. Compl. ¶ 59. The Complaint also indicates that consumers are bombarded with these false claims, identifying more than ten instances where Defendants repeat them. Compl. ¶¶ 50-63. Defendants would not focus their advertising campaign on these false claims unless Defendants believed that these claims have capacity to influence purchasing decisions.

Defendants' argument that their false claims are immaterial fails for several reasons. First, "materiality is generally a question of fact poorly suited to a determination at the pleadings stage."[2] *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 518 (S.D.N.Y. 2015) (internal quotes omitted); *see also Basic Inc. v. Levinson*, 485 U.S. 224, 250 (1988) ("materiality depends on the facts and is to be determined on a case-by-case basis"); *Orlander v. Staples, Inc.*, 802 F.3d 289, 298 (2d Cir. 2015) (materiality is "usually a question of fact").

Second, Defendants attempt to minimize the scope of their mistakes ignores the allegations of the Complaint and the context in which they are made. As mentioned in footnote 1 above, the examples set forth in the Complaint[3] are not an exhaustive list. The Complaint makes clear that Defendants' entire process for posting its codes is fundamentally flawed. *See* Compl. ¶¶ 31-34. There is no basis in the Complaint for one to conclude that this level of unreliability is immaterial to consumers looking for a source of legal information. *See Healthport Corp. v. Tanita Corp. of Am.*, 563 F. Supp. 2d 1169, 1180 (D. Or. 2008), aff'd, 324 F. App'x 921 (Fed. Cir. 2009) (claims of "accuracy and validity" for body composition monitors were material because the claims influence purchasing decisions).[4]

For all the foregoing reasons, Defendants' arguments that the Complaint fails to state a claim because the allegedly false statements are puffery or immaterial fail.

---

[2] Defendants' reliance on cases addressing materiality on summary judgment likewise fails to show that ICC's false advertising claims are not well plead. *See Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51 (2d Cir. 2016); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448 (S.D.N.Y. 2005); *Riddell, Inc. v. Schutt Sports, Inc.*, 724 F. Supp. 2d 963 (W.D. Wis. 2010); *New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, 312 F. Supp. 2d 195 (D. Conn. 2004); *see also Glenn v. Advert. Publications, Inc.*, 251 F. Supp. 889 (S.D.N.Y. 1966) (following trial); *Borden, Inc. v. Kraft, Inc.*, No. 84 C 5295, 1984 WL 1458 (N.D. Ill. Sept. 28, 1984) (following evidentiary hearing on preliminary injunction motion).

[3] Defendants argue that ICC incorrectly identifies an error because a reference to "Chapter 1" refers to Chapter of ACI 318 rather than the building code. Dkt 108 at 2. Despite Defendants' assertion, the links on UpCodes' website for the "Chapter 1" references take users to the corresponding section of the building code, not ACI 318. In any event, Court already found that Defendants otherwise made "rather surprising oversights." Dkt 105 at 59.

[4] Defendants cannot rely on alleged errors on ICC's website to support their motion. Defendants' assertion that Exhibit A identifies errors on ICC's website raises disputed factual issues. In any event, there is no evidence that consumers are aware of the "errors." If consumers are not aware of the purported errors, then the errors cannot impact whether Defendants' false statements have the capacity to influence consumer purchasing decisions.

Joseph Gratz
August 14, 2020
Page 4

Sincerely,

J. Kevin Fee

cc: The Honorable Victor Marrero
    United States District Court, SDNY