**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

INTERNATIONAL CODE COUNCIL,
INC.,

               Plaintiff,

    v.

UPCODES, INC.; GARRETT REYNOLDS;
and SCOTT REYNOLDS,

               Defendants.

Civil Action No. 1:17-cv-06261-VM-DCF

**ECF Case**

Hon. Victor Marrero
Courtroom 11B

**DEFENDANTS UPCODES, INC., GARRETT REYNOLDS, AND SCOTT REYNOLDS'S
ANSWER TO COMPLAINT**

Defendants UpCodes, Inc., Garrett Reynolds, and Scott Reynolds (collectively, "Defendants"), by their undersigned counsel, hereby answer the Complaint of Plaintiff International Code Council, Inc. ("Plaintiff") as follows, based on information reasonably available to Defendants.

## ANSWER

## INTRODUCTION[1]

1.      Defendants admit that the Complaint purports to bring claims for false advertising under the Lanham Act and the New York General Business Law for unfair competition under common law.  Defendants admit that ICC is registered as a non-profit corporation and is involved in the development of model codes.  Defendant denies the remaining allegations in this paragraph.

2.      Denied.

## THE PARTIES

3.      Defendants admit that ICC is registered as a non-profit corporation and is involved in the development of model codes.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

4.      Defendants admit that UpCodes is a Delaware corporation.  Defendants deny the remaining allegations in this paragraph.

5.      Defendants admit that Mr. Garrett Reynolds is a co-founder and officer of UpCodes, Inc.  Defendants deny the remaining allegations in this paragraph.

---

[1] Defendants neither admit nor deny the contents of the various headings and subheadings in the Complaint, which are reproduced herein solely for convenience.

6.      Defendants admit that Mr. Scott Reynolds is a co-founder and officer of UpCodes, Inc.  Defendants deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

7.      Defendants admit that the Complaint purports to state claims for false advertising and unfair competition.

8.      Admitted.

9.      Defendants admit that the Court has supplemental jurisdiction over the state law claims recited in the Complaint.

10.     Solely for the purposes of this matter, Defendants admit that venue is proper in this District.  Defendants deny the remaining allegations in this paragraph.

11.     Solely for the purposes of this matter, Defendants admit that jurisdiction and venue are proper in this District, and that Defendants have customers located in this District. Defendants deny the remaining allegations in this paragraph.

## STATEMENT OF FACTS

12.     Defendants admit that ICC is involved in the development of model codes. Defendants admit that the model codes developed by ICC are known as the "International Codes" or "I-Codes."  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

13.     Admitted.

14.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

15.     Defendants admit that ICC publishes custom codes incorporating amendments made by states or local governments for certain jurisdictions.  Defendants deny any remaining

allegations in this paragraph.

16.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

17.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

18.     Defendants admit that ICC sells hard copies and electronic copies of the I-Codes and the Custom Codes.  Defendants admit that ICC offers a tool called premiumACCESS. Defendants deny the remaining allegations in this paragraph.

19.     Denied.

20.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

21.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

22.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

23.     Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

24.     Admitted.

25.     Defendants admit that Garrett Reynolds and Scott Reynolds developed the business model for UpCodes together.  Defendants deny the remaining allegations in this paragraph.

26.     Admitted.

27.     Defendants admit that Garrett Reynolds is a software engineer who worked on

building the UpCodes website.  Defendants deny the remaining allegations in this paragraph.

28.    Defendants admit that UpCodes is a for-profit business.  Defendants deny the remaining allegations in this paragraph.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    UpCodes admits that for a period of time ending on July 2, 2019, a bug on the UpCodes website led to certain appendices being visible on webpages containing the laws for jurisdictions that had not explicitly adopted those appendices.  UpCodes quickly fixed that bug when it was discovered.  UpCodes denies the remaining allegations in this paragraph.

36.    UpCodes admits that for a period of time ending on July 2, 2019, a bug on the UpCodes website led to certain appendices being visible on webpages containing the laws for jurisdictions that had not explicitly adopted those appendices, including IBC 2015 Appendix M on the webpage containing Building Code 2015 of Wyoming.  UpCodes quickly fixed that bug when it was discovered.  UpCodes denies the remaining allegations in this paragraph.

37.    UpCodes admits that ICC quotes a portion of this Court's summary judgment ruling in a separate copyright matter.  UpCodes denies the remaining allegations in this paragraph.

38.    Denied.

39.    UpCodes admits that in integrating over a hundred thousand amendments into the

over a million sections of law hosted on UpCodes, the UpCodes website has on rare occasions inadvertently omitted an amendment.  UpCodes endeavors to correct such rare errors through a rigorous quality control process as well as when it is alerted to them.  UpCodes denies the remaining allegations in this paragraph.

40.     UpCodes admits that Virginia amended International Building Code 2015 to delete Sections 915.2.1, 915.2.2, and 915.2.3, and that UpCodes incorrectly displayed these sections as part of the law of Virginia for a period of time ending before this lawsuit was filed. UpCodes denies the remaining allegations in this paragraph.

41.     Denied.

42.     UpCodes admits that its webpage for the Oregon Structural Specialty Code omitted displaying Appendix C, Appendix I, and Appendix P of the 2018 International Building Code for a period of time ending on June 17, 2020.  UpCodes denies the remaining allegations in this paragraph.

43.     UpCodes admits that its customers have occasionally brought errors on UpCodes' website to UpCodes' attention, and that UpCodes' responded by verifying the errors and making any necessary corrections.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Defendants admit that ICC has quoted and provided screenshots from UpCodes' Terms of Service as of the time the Complaint was filed.  Defendants deny any remaining allegations in this paragraph.

48.     Denied.

49.    Denied.

50.    Defendants admit that ICC provides a screenshot from a previous version of UpCodes's website.  Defendants deny the remaining allegations in this paragraph.

51.    Defendants admit that ICC provides a screenshot from https://twitter.com/upcodes/status/1157041178874744832.  Defendants deny any remaining allegations in this paragraph.

52.    Defendants admit that ICC provides screenshots from a previous version of UpCodes's website.  Defendants deny the remaining allegations in this paragraph.

53.    Denied.

54.    Defendants admit that ICC provides screenshots from a previous version of UpCodes's website.  Defendants admit that the third screenshot presents an excerpt of text from https://up.codes/building-codes-online.  Defendants deny the remaining allegations in this paragraph.

55.    Defendants admit that ICC provides a screenshot from a previous version of UpCodes's website.  Defendants deny the remaining allegations in this paragraph.

56.    Defendants admit that ICC provides a screenshot from a previous version of UpCodes's website.  Defendants deny the remaining allegations in this paragraph.

57.    Denied.

58.    Denied.

59.    Defendants admit that ICC provides a quote from one of UpCodes's customers as it appeared on the UpCodes website.  Defendants deny any remaining allegation in this paragraph.

60.    Defendants admit that ICC quotes a portion of this Court's summary judgment

ruling in a separate copyright matter.  Defendants deny the remaining allegations in this paragraph.

61.      Defendants admit that ICC provides a screenshot from

https://twitter.com/upcodes/status/1189597217943719936.  Defendants deny the remaining allegations in this paragraph.

62.      Defendants admit that ICC provides a screenshot from

https://up.codes/viewer/new_jersey/ibc-2018/chapter/19/concrete#1905.1.1.  Defendants deny the remaining allegations in this paragraph.

63.      Defendants admit that ICC provides screenshots from a previous version of UpCodes's website.  Defendants deny the remaining allegations in this paragraph.

64.      Defendants admit that ICC offers "Custom Codes" on its website for some jurisdictions, including for some but not all ICC-based New York building codes.  Defendants admit that ICC provides a screenshot from a previous version of the UpCodes website and the ICC website.  Defendants deny the remaining allegations in this paragraph.

65.      Denied.

66.      Denied.

67.      Denied.

68.      Denied.

**CLAIMS FOR RELIEF**

**COUNT I**
**FALSE ADVERTISING UNDER 15 U.S.C. § 1125(A)**

69.      Defendants incorporate by reference the foregoing responses as if fully set forth herein.

70.      Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT II
## FALSE ADVERTISING UNDER NEW YORK
## GENERAL BUSINESS LAW §§ 349 AND 350-a

80.     Defendants incorporate by reference the foregoing responses as if fully set forth

herein.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

90.    Defendants incorporate by reference the foregoing responses as if fully set forth

herein.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendants deny that Plaintiff is entitled to the

requested relief, or to any relief whatsoever.

## JURY TRIAL DEMANDED

Defendants demand trial by Jury of all issues so triable.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiff in the Complaint, Defendants assert

the following affirmative defenses.  Defendants do not concede that they have the burden of

proof on the defenses listed below:

## FIRST AFFIRMATIVE DEFENSE

The statements complained of by ICC are no more than puffery and are recognized as such by the ordinary purchaser and do not deceive the ordinary purchaser.

## SECOND AFFIRMATIVE DEFENSE

ICC comes to the court with unclean hands with respect to the accuracy of its own website and resources as well as with respect to statements about its own website and resources that it has itself made to the purchasing public.  The ICC's website and resources contain and have contained a significantly higher number of errors of the type complained of by ICC than UpCodes' website, and ICC has made similar claims about the completeness and accuracy of its own website that would be false and misleading under ICC's theory of this case.  Such claims include but are not limited to that "[t]he ICC Digital Codes Library has the authorized, most complete and accurate collection of online building codes," that "[a]s the developer of the model codes, viewers are assured that they have access to the latest, most accurate version of the codes through our free online building codes site," that its publication of the 2018 Washington Codes was "fully integrated with State amendments" (when it was in fact missing amendments made by Washington), that ICC's premiumACCESS service offers "the most current building codes across the US" with "an up-to-date database," and that its Digital Codes Library allows users to "never miss a code update," among other statements.  Because ICC's inequitable conduct relates directly to its claims in this action, ICC is not entitled to any equitable relief.

## THIRD AFFIRMATIVE DEFENSE

ICC is estopped from making its claims, in whole or in part, in view of the accuracy of its own website and resources as well as with respect to statements about its own website and resources that it has itself made to the purchasing public, including as alleged in support of

Defendants' Second Affirmative Defense.

## FOURTH AFFIRMATIVE DEFENSE

ICC's claims are barred, in whole or in part, because ICC has suffered no competitive injury as a result of UpCodes' alleged actions.

## FIFTH AFFIRMATIVE DEFENSE

ICC's claims for damages are barred, in whole or in part, because ICC failed to mitigate the losses or damages, if any, that ICC seeks to recover in this action.

## SIXTH AFFIRMATIVE DEFENSE

The Reynolds defendants are not liable because they did not make any of the statements in question and no basis exists for piercing the corporate veil.

## SEVENTH AFFIRMATIVE DEFENSE

ICC's claims are barred, in whole or in part, by the doctrines of laches, acquiescence, and/or waiver, in view of ICC waiting to file this lawsuit until after the Court's summary judgment ruling in the co-pending copyright matter brought by ICC.

## **PRAYER FOR RELEIF**

WHEREFORE, Defendants respectfully prays that the Court:

1.    Deny Plaintiff's prayer for relief in its entirety;

2.    Dismiss the Complaint with prejudice and enter judgment in favor of Defendants;

3.    Award Defendants its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4.    Award Defendants such other and further relief as the Court deems just and equitable.

Dated:  October 14, 2022                DURIE TANGRI LLP


                                 By: */s/ Joseph C. Gratz*
                                     _____
                                     JOSEPH C. GRATZ (*Pro Hac Vice*)
                                     jgratz@durietangri.com
                                     217 Leidesdorff Street
                                     San Francisco, CA 94111
                                     Telephone: (415) 362-6666
                                     Facsimile: (415) 236-6300

                                     Attorney for Defendants and Counterclaim-Plaintiff
                                     UPCODES, INC., GARRETT REYNOLDS, and
                                     SCOTT REYNOLDS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 14, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ
