**MORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

February 1, 2023

> **Application Granted**
>
> Valerie Figueredo, U.S.M.J.
> DATED: 2-2-2023
>
> A discovery conference is hereby scheduled for Wednesday, February 15, 2023 at 11:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time.  Please dial (888) 808-6929; access code 9781335. Any response by Plaintiff to the letter at ECF No. 147 is due by no later than Thursday, February 9, 2023.

**VIA ECF**

Hon. Valerie Figueredo
United States Magistrate Judge, S.D.N.Y.

Re:   *ICC. v. UpCodes, inc., et al.,* Case No. 1:17-cv-06261-VM-DCF

Dear Judge Figueredo:

Pursuant to Local Civil Rule 37.2 and Section II.c.2 of the Court's Individual Practices, UpCodes submits this letter motion requesting a discovery conference concerning Plaintiff International Code Council's responses to certain of Defendants' requests for production. For the Court's convenience and pursuant to Local Civil Rule 37.1, a document excerpting verbatim those Requests and ICC's responses is attached hereto as Exhibit A.

   I.   Background

This is a false advertising case.  UpCodes offers a website on which it hosts the building codes adopted into law by various jurisdictions—as of this writing, over a million sections of law—with local amendments integrated into the text.  The premise of ICC's lawsuit is that UpCodes' marketing claims describing the UpCodes website as being "always up to date" and posting codes with "integrated amendments" such that they can be viewed "as enacted by the state or local jurisdiction" are false and/or misleading because UpCodes' website historically contained a handful of errors—for example, erroneously omitting some amendments made by some jurisdictions. (Exhibit B p. 8, 10).  ICC's complaint lists 23 such errors.  (*Id.* at p. 7-10).

UpCodes moved to dismiss.  UpCodes argued that against the backdrop of working to post over a million sections of law with 50,000 amendments integrated for the first time ever, "about two dozen supposed errors" cannot make anodyne claims of accuracy and completeness into material misrepresentations that can support a Lanham Act claim. UpCodes argued that this was particularly so in view of the fact that ICC's website has many errors of its own, which UpCodes detailed in an exhibit.  (ECF No. 111-1 at p. 4, 7-25).

After this Court granted UpCodes' motion to dismiss, ICC appealed and convinced the Second Circuit that resolving the case "requires a factual inquiry into how users interpreted

SF-5320874

**MORRISON FOERSTER**

UpCodes' claims" of accuracy, including "the question of whether or not consumers construed a statement as material." *International Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 59, 64 (2d Cir. 2022) (quotes omitted).

On remand, UpCodes pleaded that "ICC comes to court with unclean hands with the respect to the accuracy of its own website and resources as well as with respect to statements about its own website and resources that it has itself made to the purchasing public," citing several specific examples, and alleging that ICC has made a substantially higher number of errors of the same type that it complains of. (Answer at 10, ECF No. 133).

The RFPs at issue here seek documents related to ICC's own quality control processes, any errors in the codes on its website, and specific claims ICC has made that its website is accurate, complete, and up-to-date. These claims—such as "NEVER MISS A CODE UPDATE," codes "fully integrated with state amendments," and "access to the latest code text"—are similar to the UpCodes marketing copy that ICC alleges is false advertising. (Exhibit A).

ICC has taken the position that ICC's parallel claims about the accuracy of its online service and the extent of errors in its own offering are not "at issue" in this case. It disputes the relevance and proportionality of Defendants' requests. (Exhibit C).

II. The Discovery UpCodes Seeks is Relevant.

Rule 26 entitles UpCodes to explore to what extent ICC has engaged in the same conduct as that it contends is false advertising when practiced by UpCodes.

This case is about UpCodes' claims that its website is "always up to date" and offers "integrated amendments," and similar marketing copy. ICC asserts that these statements were interpreted by consumers as material false promises in view of a handful of instances where the law of specific jurisdictions was displayed incorrectly on UpCodes' website. This is a central disputed issue in this case. What is beyond dispute is that ICC has made very similar claims about its own offerings. If such claims are concrete promises as ICC contends, then ICC's basis for making them about its own offering (including the extent to which its own offering included similar errors) is highly relevant to the credibility of ICC's central argument that UpCodes' nigh-identical statements were material misrepresentations. Indeed, ICC itself argued in an effort to avert dismissal of this action that UpCodes' identification of "errors on ICC's website raises disputed factual issues," and a factual question to be resolved in determining materiality is whether customers are aware of the errors on ICC's website and thus whether such errors can "impact whether [UpCodes'] false statements have the capacity to influence consumer purchasing decisions." (Pls.' Letter Br., Ex. 2 at 3 n.4, ECF No. 111-2). ICC cannot now render these issues off-limits in discovery.

ICC's own conduct is also relevant to UpCodes' equitable defense of unclean hands. That defense requires showing that the plaintiff engaged in "inequitable conduct or bad faith where the misconduct has a material relation to the equitable relief that plaintiff seeks." *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 533 (S.D.N.Y. 2009)

2

SF-5320874

(citation omitted).  That is true when "the plaintiff has engaged in the *same kind of behavior that it challenges*." *Id.* (emphasis added).  Indeed, courts have used the unclean hands doctrine to deny relief in circumstances similar to the ones here.  *See, e.g.*, *id.* at 534 ("[plaintiff] cannot, having jumped on the bandwagon of [advertising the benefits of] calcium and magnesium first, now jump off and claim that [defendant] must get off too.  Therefore, . . . [plaintiff's] own unclean hands also preclude . . . equitable relief. . . ."); *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 356 (S.D.N.Y. 2008) (similar); *Haagen-Dazs v. Frusen Gladje*, 493 F. Supp. 73, 75-76 (S.D.N.Y. 1980) (similar).

During the meet-and-confer process ICC has tried to argue that the parties are not similarly positioned with respect to their claims of accuracy.  First, ICC has quibbled with the errors UpCodes has already identified.  But this is a factual dispute, not a basis to forestall discovery.  And ICC's errors and out-of-date materials in the record thus far are not the extent of the matter.  UpCodes has already tallied many more.  (Declaration of Garrett Reynolds, Exhibit E).  Second, ICC asserts that it is differently positioned because it has pleaded that UpCodes introduces *systematic* errors into the codes it posts via a flawed scanning process.  But ICC has never identified a single scanning error on UpCodes' website.  Instead, *all* of the alleged errors it has identified are similar to ICC's mistakes in posting local amendments and code updates.  (Exhibit B, p. 7-10).

   III. The Discovery UpCodes Seeks is Proportional.

The proportionality requirement of Rule 26 focuses on the "marginal utility of the discovery sought."  *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, No. 17-CV-6788-FPG-MJP, 2021 WL 630910, at *2 (W.D.N.Y. Feb. 18, 2021) (citation omitted).  Courts have denied discovery on proportionality grounds where a litigant has sought to expand discovery beyond the issues raised by the pleadings, e.g. to *all* documents concerning a magazine's editorial decisions in a case alleging discriminatory conduct by magazine staff.  *Robertson v. People Mag.*, No. 14 Civ. 6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015).  Courts have also denied discovery aimed at fishing for general impeachment material unrelated to the allegations at issue.  *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317 (S.D.N.Y. 2021) (collecting similar cases).  But proportionality does not stand in the way of discovery aimed at testing the credibility of central claims in the case, where that discovery is reasonably bounded.  *E.g.*, *La Belle v. Barclays Cap. Inc.*, No. 19 Civ. 3800 (JPO) (GWG), 2021 WL 3363545, at *2 (S.D.N.Y. Aug. 3, 2021); *Daniels v. City of New York*, No. 13 Civ. 6286(PKC), N14 WL 325934, at *1 (S.D.N.Y. Jan. 27, 2014).

UpCodes' discovery is neither a fishing expedition nor directed to a collateral issue.  It is narrower than the discovery ICC has sought, which includes highly burdensome requests for historical versions of UpCodes' entire website, all revisions to the site to correct errors, all of UpCodes' marketing plans and business plans, and *all* marketing copy related to accuracy and completeness (rather than limiting requests to specific statements).  (Exhibit D).

The Court should compel ICC to produce documents responsive to RFPs 4-6, 14-26, and 28.

**MORRISON FOERSTER**

Respectfully submitted,

MORRISON & FOERSTER LLP

    */s/ Eugene Novikov*
EUGENE NOVIKOV
425 Market Street
San Francisco, CA 94105, USA
415-268-7000

*Attorneys for Defendants*
UPCODES, INC.,
GARRETT REYNOLDS, and
SCOTT REYNOLDS

4

SF-5320874