

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

*VIA ECF*

The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

**Re:** *International Code Council, Inc. v. UpCodes, Inc. et al.*, Consolidated Case No. 1:17-cv-6261

Dear Judge Ho:

The parties jointly submit this response to Your Honor's October 26, 2023 Order requesting an update on the status of the case and potential for settlement of this action. Dkt. 185.

    **I.    Brief Statement of the Nature of the Case and/or Principal Defenses**

International Code Council, Inc. ("ICC") is a non-profit organization that develops model codes, such as the International Building Code (codes collectively known as "I-Codes"). Defendant UpCodes, Inc., founded by Defendants Garrett and Scott Reynolds (collectively, "Defendants" or "UpCodes"), posts on its website the text of building codes.

In August 2017, ICC filed a copyright infringement action ("First Copyright Case") against UpCodes. ICC moved for summary judgment and UpCodes moved for partial summary judgment. On May 27, 2020, Judge Marrero denied the Parties' cross-motions for summary judgment in the First Copyright Case, holding that although UpCodes' accurate posting of the I-Codes as adopted into law was either protected by the law of public domain or fair use as a matter of law, there remained genuine disputes of material facts as to whether "at least some codes" posted on UpCodes' website "have 'indiscriminately mingled' enacted text with unadopted model text." Dkt. 105 at 61. As it "remains ambiguous whether UpCodes posts only the law," summary judgment was precluded. *Id.* at 62.

In June 2020, ICC filed a false advertising action ("False Advertising Case") against Defendants based on Defendants' allegedly false and/or misleading claims regarding (1) the accuracy of the codes available on UpCodes' website, including that its codes were "always up to date" and "never work from outdated code"; (2) UpCodes' publication of codes with integrated amendments, including claims such as "UpCodes hosts the adopted codes as enacted by state or local jurisdiction" and "UpCodes has integrated the local codes in jurisdictions like Pennsylvania and New York State;" and (3) UpCodes as the sole source of codes with integrated amendments, including claims that UpCodes is the "only place where all the codes are kept up-to-date with all the amendments integrated natively in the code." ICC alleged that these statements were false



November 9, 2023
Page Two

and/or misleading on the basis that the codes displayed on UpCodes' website contained significant errors including scanning errors, posting non-law, omitting law, and failing to integrate various state and local amendments, and that UpCodes is not the only source for such codes.

The First Copyright Case and False Advertising Case were consolidated for pretrial purposes on June 15, 2020. On March 1, 2021, Judge Marrero dismissed the False Advertising Case for failure to state a claim and ordered the parties to submit a proposed timeline for trial of the First Copyright Case. Dkt. 113. ICC appealed the dismissal of the false advertising action on March 30, 2021, Dkt. 118, and it proposed scheduling the trial in the First Copyright Case after the Second Circuit issued its decision on ICC's appeal so that the trial of both actions could be consolidated if the Second Circuit reversed the dismissal. Dkt. 117. On July 29, 2022, the Second Circuit reversed the dismissal, noting UpCodes's claims of accuracy could not be deemed non-actionable puffery without further fact discovery since "[w]e do not see" how a statement such as UpCodes' claims that "its products were 'always up to date'" could be "anything other than an explicit claim about the quality of its products," but that UpCodes's claims of completeness such as "that its website provides 'complete understanding of relevant material'" were non-actionable puffery as a matter of law since "[t]hey are subjective statements of UpCodes's opinion." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 59, 62-63 (2d Cir. 2022). The False Advertising Case then proceeded to discovery.

In December 2022, ICC filed the Second Copyright Case alleging the infringement of additional copyrighted works and separate claims alleging the intentional removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)(1) and (3). On January 1, 2023, the Second Copyright Case was consolidated with the First Copyright Case and the False Advertising Case for pretrial purposes.

In the First Copyright Case, UpCodes' principal defenses include that: (1) some or all of the material in which ICC claims copyright is in the public domain as a result of its adoption into law; (2) ICC's copyright claims are barred or limited by the doctrine of merger, since the idea and expression of a law are one and the same; and (3) to the extent UpCodes copies ICC's expression, including its building codes as adopted into law, that copying constitutes fair use.

In the False Advertising Case, UpCodes' principal defenses include that: (1) the statements complained of by ICC are no more than puffery; (2) ICC comes to the court with unclean hands with respect to the accuracy of its own website and resources as well as with statements about its own website and resources that it has itself made to the purchasing public; (3) ICC's claims are barred by the doctrines of laches, acquiescence, and/or waiver; and (4) the Reynolds defendants



November 9, 2023
Page Three

are not liable because they did not make any of the statements in question and no basis exists for piercing the corporate veil.

In the Second Copyright Case, in addition to the principal defenses raised in the First Copyright Case, as well as other affirmative defenses as listed in its answer (Dkt. 152), UpCodes' answer states that ICC's claims are barred by the doctrines of laches, acquiescence, and/or waiver in view of ICC waiting to file its claims under § 1202.

## II.   Brief Explanation of Jurisdiction and Venue in this Court

**Copyright Cases:** ICC's claims in the First Copyright Case (No. 1:17-cv-6261) and in the Second Copyright Case (No. 1:22-cv-10815) both arise under 17 U.S.C. § 501 for the infringement of federally registered copyrights. In addition, in the Second Copyright Case, ICC alleges the alteration or removal of copyright management information in violation of 17 U.S.C. § 1202. The Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this court pursuant to 28 U.S.C. § 1400(a) because Defendants may be found in this district. *See* UpCodes' Answer to Second Copyright Case Complaint, Dkt. 20 ¶ 8 ("Solely for purposes of this matter, Defendants admit that venue is proper in this District. Defendants deny the remaining allegations of this paragraph."); UpCodes' Answer to Second Copyright Case Complaint, Dkt. 152 ¶ 10 ("Solely for the purposes of this matter, Defendants admit that venue is proper in this District.").

**False Advertising Case:** ICC's False Advertising Case (No. 1:20-cv-4316) arises under the Lanham Act, 15 U.S.C. § 1125(a). This court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331, 1338(a) and 1338(b). The Court has supplemental jurisdiction over the other claims at issue in the False Advertising Case, false advertising under New York General Business Law §§ 349 and 350-a and unfair competition under New York common law, pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because ICC alleges that Defendants have committed allegedly tortious conduct within this judicial district in that the events or omissions giving rise to the claims occurred, at least in part, in the Southern District of New York. Jurisdiction and venue are proper in this District, in part, because ICC alleges that consumers in this District are likely to be confused and deceived by Defendants' false and misleading statements and UpCodes advertises and promotes their products and services to consumers in this District. See UpCodes' Answer to False Advertising Complaint, Dkt. 133 ¶ 11 ("Solely for the purposes of this matter, Defendants admit that jurisdiction and venue are proper



November 9, 2023
Page Four

in this District, and that Defendants have customers located in this District. Defendants deny the remaining allegations in this paragraph.").

### III. Case Deadlines

On October 30, 2023, Judge Figueredo entered the operative Case Management Schedule governing deadlines in the Consolidated Case. (Dkt. No. 187.) A copy of this order is attached for the Court's reference and the case schedule is detailed below.

| Event | Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|
| Substantial Completion of Document Production in False Advertising Case and Second Copyright Case | January 19, 2024 | |
| Close of Fact Discovery in False Advertising Case and Second Copyright Case | May 10, 2024 | |
| Opening Expert Reports from Party Bearing Burden of Proof in False Advertising Case and Second Copyright Case | July 19, 2024 | |
| Rebuttal Expert Reports in False Advertising Case and Second Copyright Case | September 6, 2024 | |
| Close of Expert Discovery in False Advertising Case and Second Copyright Case | October 25, 2024 | |
| Motions for Summary Judgment in False Advertising Case and Second Copyright Case | January 17, 2025 | |



November 9, 2023
Page Five

| Event | Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|
| Oppositions to Motions for Summary Judgment in False Advertising Case and Second Copyright Case | February 14, 2025 | |
| Replies in Support of Motions Summary Judgment in False Advertising Case and Second Copyright Case | February 28, 2025 | |
| Parties to exchange<br>* list of claims<br>* contentions of fact<br>* witness lists<br>* exhibit lists<br>* deposition designations<br>* proposed jury instructions<br>* proposed verdict forms | June 6, 2025<br><br>or<br><br>60 days after a decision on all dispositive motions, whichever is later[1] | 94 days before trial |
| Parties to exchange objections to<br>* witness lists<br>* exhibit lists<br>* deposition designations<br>* proposed jury instructions<br>* proposed verdict form | June 20, 2025 | 80 days before trial |
| Parties to complete meet and confer regarding list of claims and contentions of fact, and objections to<br>* witness list<br>* exhibit list<br>* deposition designations<br>* proposed jury instructions<br>* proposed verdict form | June 30, 2025 | 70 days before trial |
| Parties to Confer to Attempt to Agree on Stipulations of Fact and Admissibility | July 2, 2025 | 67 days before trial |

---

[1] If after June 6, 2025, all subsequent dates will be pushed back to keep the same number of days before trial.



November 9, 2023
Page Six

| Event | Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|
| Motions *in Limine* | July 9, 2025 | 61 days before trial |
| Joint Pretrial Order | July 30, 2025 | 40 days before trial |
| Each Party's Pretrial Memorandum with Brief Discussion of the Issues to Be Tried and Authorities Relied Upon | July 30, 2025 | 40 days before trial |
| Joint Proposed Voir Dire | July 30, 2025 | 40 days before trial |
| Joint Proposed Request to Charge | July 30, 2025 | 40 days before trial |
| Joint List of Individuals, Companies and Other Entities that May Appear as Witnesses or Otherwise Be Referred to During Trial | July 30, 2025 | 40 days before trial |
| Joint Proposed Verdict Form | July 30, 2025 | 40 days before trial |
| Oppositions to Motions *in Limine* | July 30, 2025 | 40 days before trial |
| Reply Briefs on Motions *in Limine* | August 15, 2025 | 24 days before trial |
| Final Pretrial Conference | August 22, 2025 | 17 days before trial |
| Requests to Bring Computers into Courthouse | August 28, 2025 | 11 days before trial |
| Trial | September 8, 2025 (Estimated 20 days) | |

**IV.    Scheduled Conference Dates and Matters to Be Discussed**

On May 4, 2023, Judge Marrero adjourned the Parties' case management conference to a date within two weeks of the completion of fact discovery. (Dkt No. 169.)

**V.    Outstanding Motions**



November 9, 2023
Page Seven

None.

    **VI.    Pending Appeals**

None.

    **VII.    Discovery Undertaken to Date**

Fact and expert discovery have concluded in the First Copyright Case. Discovery remains ongoing for the False Advertising Case and the Second Copyright Case.

To date, neither party has taken a deposition in either the False Advertising or Second Copyright Case. The Parties currently remain engaged in ongoing rolling document productions, and both Parties have already completed significant third-party document discovery. *See* Dkt. 186 (describing discovery to date).

At the present moment, discovery is not the obstacle to meaningful settlement negotiations.

    **VIII.    Status of Prior Settlement Discussions**

The Parties have engaged in several rounds of settlement discussions. In connection with the Second Circuit appeal, the parties participated in mediation on May 17, 2021. During the mediation, the parties discussed the potential for resolving both the false advertising and copyright claims. At this time, the Parties do not believe that additional settlement discussions would be productive, but they will contact Your Honor if the status regarding settlement changes.

    **IX.    Estimated Length of Trial**

The trial for the Consolidated Case (including all claims raised in the First Copyright Case, False Advertising Case and the Second Copyright Case) is estimated to last for 20 days.

Sincerely,

J. Kevin Fee

CC: All counsel of record