

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Jane W. Wise
jane.wise@us.dlapiper.com
T  202.799.4149
F  202.863.7849

August 22, 2025
*Via ECF*

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *International Code Council, Inc. v. UpCodes, Inc. et al.* – Consolidated Case Nos. 1:17-cv-6261, 1:20-cv-04316, and 1:22-cv-10815

Dear Magistrate Judge Figueredo:

International Code Council ("ICC") submits this letter motion concerning the discovery schedule in consolidated case No. 1:17-cv-6261. ICC respectfully request that the Court reset the scheduling order as shown in the chart below due to extraordinary circumstances. Defendants do not consent to this request.

ICC has been diligently pursuing third party discovery in this case, however, factors outside of ICC's control have caused the third-party discovery process to be significantly delayed. First, beginning in 2023, in response to a request for discovery from ICC, UpCodes refused to produce its customer list. As a result, ICC filed a motion to compel discovery as to the customer lists on December 5, 2023 (Dkt. Nos. 191-192). On January 29, 2024, the Court held a hearing and granted ICC's motion to compel and ordered that UpCodes produce its customer list to ICC. (Dkt. No.202). UpCodes produced the customer list on February 15, 2024. When granting the motion to compel, the Court prohibited ICC from serving subpoenas on any UpCodes customers until ICC and UpCodes reached an agreement as to the scope of the third-party subpoenas. Starting in March 2024, ICC made several attempts to discuss the appropriate scope with UpCodes, but the parties ultimately reached an impasse on August 4, 2025, and ICC filed a motion to compel regarding the scope of the third-party subpoenas on August 4, 2025 (Dkt. No. 229). The hearing to address this dispute is scheduled for Wednesday, September 24, 2025 (Dkt. No. 237), which is just six days before the current close of the discovery period. Under the current schedule, ICC is unable to serve the subpoenas that are the subject of that motion, address any deficiencies, or depose third parties as needed, before the current close of discovery on September 30, 2025.

While waiting for the customer list, ICC continued to pursue third-party discovery against UpCodes' customers who could be identified without the customer list. However, UpCodes' counsel (representing many of UpCodes' customers) objected to the scope of the discovery and



August 22, 2025
Page Two

refused to produce what were relevant and responsive documents. On September 6, 2024, ICC filed a motion to enforce a Rule 45 subpoena on one such customer, Skidmore, Owings, & Merrill, LLP, and that motion was granted on July 15, 2025.[1] After Your Honor held that the documents that ICC requested from this UpCodes customer were relevant and the scope of the subpoena was reasonable, ICC expected that UpCodes would consent to ICC serving virtually identical subpoenas on certain of the customers that were identified in UpCodes' customers list. To ICC's surprise, UpCodes did not consent to this proposal, necessitating the current motion to compel.

Thus, despite its efforts, ICC is currently significantly unable to obtain discovery information that is crucial to its claims and rebutting UpCodes' defenses. As ICC has stated many times, information about UpCodes' customers is vitally important to ICC's theories of irreparable harm and damages and to rebut UpCodes' fair use defense. Currently, ICC is restricted from seeking such discovery from UpCodes' customers, and, under the current schedule, ICC will only have six days after the September 24, 2025 hearing on its motion to compel to complete all fact discovery in this case even if Your Honor rules on the motion during the hearing.

ICC acknowledges that in its most recent order, the Court noted that no further extensions would be granted absent extraordinary circumstances. ICC submits that because ICC has been unable to meaningfully engage in discovery with respect to UpCodes' customers (despite its diligent efforts to do so over the past more than two years) and because this current dispute regarding the third-party subpoenas will not be decided until days before the end of the discovery period, extraordinary circumstances do exist that necessitate extending the close of the discovery period.

Accordingly, ICC moves to reset the scheduling order in accordance with the proposed amended case schedule below for the consolidated cases for good cause to allow time for the parties to continue to conduct discovery.

Respectfully submitted,

*Jane W. Wise*

Jane W. Wise

---

[1] *See International Code Council, Inc., v. Skidmore, Owings & Merrill, LLP*, Case No. 1:24-mc-00412-JHR, Dkt. No. 20.



August 22, 2025
Page Three

| Event | Current Deadline | Proposed New Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|---|
| Close of Fact Discovery in False Advertising Case and Second Copyright Case | September 30, 2025 | December 12, 2025 | |
| Opening Expert Reports from Party Bearing Burden of Proof in False Advertising Case and Second Copyright Case | October 30, 2025 | January 12, 2026 | |
| Rebuttal Expert Reports in False Advertising Case and Second Copyright Case | December 5, 2025 | February 16, 2026 | |
| Close of Expert Discovery in False Advertising Case and Second Copyright Case | January 15, 2026 | March 30, 2026 | |
| Motions for Summary Judgment in False Advertising Case and Second Copyright Case | February 13, 2026 | April 27, 2026 | |
| Oppositions to Motions for Summary Judgment in False Advertising | March 13, 2026 | May 25, 2026 | |



August 22, 2025
Page Four

| Event | Current Deadline | Proposed New Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|---|
| Case and Second Copyright Case | | | |
| Replies in Support of Motions Summary Judgment in False Advertising Case and Second Copyright Case | March 27, 2026 | June 8, 2026 | |
| Parties to exchange<br>* list of claims<br>* contentions of fact<br>* witness lists<br>* exhibit lists<br>* deposition designations<br>* proposed jury instructions<br>* proposed verdict forms | July 17, 2026<br><br>or<br><br>60 days after a decision on all dispositive motions, whichever is later[2] | October 5, 2026<br><br>or<br><br>60 days after a decision on all dispositive motions, whichever is later[3] | 94 days before trial |
| Parties to exchange objections to<br>* witness lists<br>* exhibit lists<br>* deposition designations<br>* proposed jury instructions<br>* proposed verdict form | July 31, 2026 | October 19, 2026 | 80 days before trial |

---

[2] If after, July 17, 2026, all subsequent dates will be pushed back to keep the same number of days before trial.
[3] If after, September 28, 2026, all subsequent dates will be pushed back to keep the same number of days before trial.


August 22, 2025
Page Five

| Event | Current Deadline | Proposed New Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|---|
| Parties to complete meet and confer regarding list of claims and contentions of fact, and objections to<br>* witness list<br>* exhibit list<br>* deposition designations<br>* proposed jury instructions<br>* proposed verdict form | August 10, 2026 | October 29, 2026 | 70 days before trial |
| Parties to Confer to Attempt to Agree on Stipulations of Fact and Admissibility | August 13, 2026 | November 2, 2026 | 67 days before trial |
| Motions *in Limine* | August 19, 2026 | November 9, 2026 | 61 days before trial |
| Joint Pretrial Order | September 9, 2026 | December 1, 2026 | 40 days before trial |
| Each Party's Pretrial Memorandum with Brief Discussion of the Issues to Be Tried and Authorities Relied Upon | September 9, 2026 | December 1, 2026 | 40 days before trial |
| Joint Proposed Voir Dire | September 9, 2026 | December 1, 2026 | 40 days before trial |
| Joint Proposed Request to Charge | September 9, 2026 | December 1, 2026 | 40 days before trial |
| Joint List of Individuals, Companies and | September 9, 2026 | December 1, 2026 | 40 days before trial |



August 22, 2025
Page Six

| Event | Current Deadline | Proposed New Deadline | Days Before Trial (for Pretrial Submissions) |
|---|---|---|---|
| Other Entities that May Appear as Witnesses or Otherwise Be Referred to During Trial | | | |
| Joint Proposed Verdict Form | September 9, 2026 | December 1, 2026 | 40 days before trial |
| Oppositions to Motions *in Limine* | September 9, 2026 | December 1, 2026 | 40 days before trial |
| Reply Briefs on Motions *in Limine* | September 25, 2026 | December 1, 2026 | 24 days before trial |
| Final Pretrial Conference | October 1, 2026 | December 21, 2026 | 18 days before trial |
| Requests to Bring Computers into Courthouse | October 8, 2026 | Monday, December 28, 2026 | 11 days before trial |
| Trial | October 19, 2026 (Estimated 20 days) | January 7, 2027 (Estimated 20 days) | |