**MORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

August 27, 2025

Writer's Direct Contact
+1 (415) 268-6066
JGratz@mofo.com

**Via ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *International Code Council, Inc. v. UpCodes, Inc., et al.*
       **Consolidated Case Nos. 1:17-cv-6261, 1:20-cv-04316-VM-VF, 1:22-cv-10815**

Dear Judge Figueredo:

Defendants ("UpCodes") respectfully request that the Court deny Plaintiff ICC's motion, which seeks to extend the case schedule for the *eighth* time.  When it granted the seventh extension, the Court explicitly warned that "[b]ecause the Court has already granted six prior extensions of time and because this is a 2017 case (and the consolidated cases have also been pending for several years)," it was the "last extension request that the Court will grant absent extraordinary circumstances."  (ECF No. 224 at 2.)  ICC's request is necessitated not by any extraordinary circumstances, but by ICC choosing to go silent on a discovery issue for fifteen months then suddenly re-raising it at the eleventh hour.  Accordingly, the motion should be denied.

**ICC Has Already Received Extensive Discovery**

ICC claims it has been "significantly unable to obtain discovery information that is crucial to its claims. . . ."  (ECF No. 238 at 2.)  To the contrary, ICC has obtained a vast amount of discovery over the course of these consolidated cases, which have been pending since 2017.

Even setting aside the discovery ICC received in the First Copyright case (where discovery has concluded), to date UpCodes has produced more than 155,000 pages of documents (excluding the over 2.1 million pages of the textual histories of UpCodes' website), responded to 149 requests for production, and answered 50 interrogatories.[1]  ICC has also served subpoenas on 36 third parties, including UpCodes' investors and more than 20 of UpCodes' customers.[2]  As to discovery specifically related to UpCodes' customers, UpCodes has produced more than 5,000 documents

---

[1] On August 25, 2025, ICC served an additional 32 interrogatories between the False Advertising and Second Copyright cases.
[2] The 18 third parties represented by the same counsel as UpCodes have produced more than 8,900 pages of documents in response to ICC's subpoenas.

MOFO-360302246

**MORRISON FOERSTER**

The Honorable Valerie Figueredo
August 27, 2025
Page Two

containing customer communications.[3]  ICC's claim that it lacks vital information rings hollow against the backdrop of the extensive discovery record.

**ICC's Delay Is Self-Inflicted and Unexcused**

ICC's claim of "extraordinary circumstances" rests on a timeline that, upon inspection, reveals a critical and unexplained period of inaction on ICC's part lasting more than a year.

On January 29, 2024, the Court gave ICC a clear directive regarding subpoenas to UpCodes' customers.  The Court's instruction left no room for ambiguity:

> [J]ust to be abundantly clear, Mr. Fee, ICC's not allowed to contact these customers until either, one, you have met and conferred with UpCodes' counsel and reach some agreement as to the nature of the communication, the substance of the communication, or if you don't reach an agreement with them, you come to [the Court] and [the Court has] given you an order allowing you to contact these people.

Jan. 29, 2024, Hr'g Tr. 45:18-25 (ECF No. 202).  ICC was given a choice:  either reach an agreement with UpCodes or file a motion with the Court.

Instead, ICC chose inaction.  The timeline tells the story:

- **February 15, 2024:**  UpCodes produced its customer list, putting the ball squarely in ICC's court to act on the Court's directive.

- **March 5-6, 2024**:  The parties briefly corresponded about potential topics of requests, whether ICC would identify additional customers, and potential for declarations in lieu of subpoenas.

- **March 6, 2024 – June 30, 2025**:  For *15 months*, ICC was completely silent on the issue.  It did not seek to continue negotiations, nor did it follow the Court's explicit invitation to file a motion if an agreement could not be reached.  During this silence, four schedule extensions were granted.  (ECF Nos. 209, 211, 220, 224.)

- **August 4, 2025**:  ICC declared an "impasse" and filed the motion that is now scheduled for a hearing days before the discovery deadline.

ICC's current predicament—facing a hearing six days before the close of discovery—is not an "extraordinary circumstance."  It is the predictable and direct consequence of its decision to do nothing on this issue for 15 months.

---

[3] On July 21, 2025, UpCodes offered to procure declarations from five additional customers, but ICC rejected this offer.

MOFO-360302246

**MORRISON FOERSTER**

The Honorable Valerie Figueredo
August 27, 2025
Page Three

**Conclusion**

ICC was aware of the high bar required for an eighth extension and was given an unambiguous path forward to resolve the discovery issue it faces over a year and a half ago. It chose not to take it. To grant another extension would be to reward a lack of diligence.

For these reasons, UpCodes respectfully requests that the Court deny ICC's motion.

Sincerely,

*/s/ Joseph C. Gratz*

Joseph C. Gratz


cc:   kevin.fee@us.dlapiper.com
      jane.wise@us.dlapiper.com

MOFO-360302246