# EXHIBIT 1

**(DISCOVERY REQUESTS AND RESPONSES/OBJECTIONS)**

Exhibit 1 - Page 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UPCODES, INC., GARRETT REYNOLDS, and SCOTT REYNOLDS, <br><br> Defendants. | Civ. Action No. 1:22-cv-10815-DEH-VF* <br><br> **EXHIBIT 1** <br><br> *consolidated for pre-trial purposes with Civ. Action No. 1:17-cv-6261-DEH-VF |

Per the Local Civil Rule 37.1, this Exhibit 1 specifies and quotes verbatim each discovery request and response to which the motion is address. The following requests and responses are from International Code Council, Inc.'s Second Set of Request for Production of Documents, served on March 6, 2024, and ICC's Responses and Objections to Defendant's First Set of Interrogatories, served on March 21, 2024.

## INTERROGATORIES AND RESPONSES (NOS. 1, 2, 6, AND 7)

**INTERROGATORY NO. 1:**

Identify by URL all text on the UpCodes Website that You contend infringed Your Codes, including the Codes listed in Exhibit A of the Complaint, ECF No. 2-1 of Case No. 1:22-cv-10815.

**RESPONSE TO INTERROGATORY NO. 1:**

ICC objects to this Interrogatory on the basis that the call to "identify by URL all text on the UpCodes Website that You contend infringed Your Codes" is vague and ambiguous such that ICC cannot reasonably ascertain the object the of UpCodes' Interrogatory. Accordingly, ICC will not "identify by URL" portions of UpCodes website absent a clarification from UpCodes

-3-

regarding the object of this Interrogatory. ICC is available to meet and confer to clarify the meaning of this Interrogatory.

ICC further objects to this Interrogatory as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in scope. ICC objects to this Interrogatory to the extent it asks ICC to identify all portions of text that previously appeared on UpCodes' Website as previous text on UpCodes' Website is exclusively in the control of UpCodes and not reasonably available to ICC. ICC further objects to this Interrogatory as premature to the extent it seeks information not produced by Defendants, including copies of the current and historical UpCodes Website content. Therefore, ICC reserves the right to supplement, change, or amend this response as discovery proceeds.

Subject to the foregoing, ICC responds as follows: ICC claims copyright protection in all of the Codes identified in Exhibit A to the Complaint. To the extent UpCodes copied, displayed, or prepared a derivative work based on those copyrighted works or portions of those copyrighted works, or otherwise violated one of the exclusive rights identified in 15 U.S.C. § 106, ICC contends that such actions constitute copyright infringement. Therefore, any code that is currently posted or has been posted on UpCodes Website that includes the entire text of ICC's copyrighted work or portions thereof, including codes that incorporate amendments by state and local jurisdictions, infringe ICC's exclusive rights as the copyright owner of the works identified in Exhibit A to the Complaint.

**INTERROGATORY NO. 2:**

For each URL identified in response to Interrogatory No. 1, identify all facts and documents that form the basis for Your contention that "both Scott and Garrett Reynolds personally and directly participate in the decision to post Plaintiff's Copyright Works on the

-3-

UpCodes website and/or scanning and/or posting I-Codes, ICC standards, and Custom Codes to the UpCodes website and mobile web platform," Complaint, ECF No. 2 of Case No. 1:22-cv-10815, ¶ 36.

**RESPONSE TO INTERROGATORY NO. 2:**

ICC objects to this Interrogatory on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. On the basis of this objection, ICC will withhold privileged information that may be responsive to this Interrogatory.

ICC objects to this Interrogatory as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in scope. ICC objects to this Interrogatory to the extent it asks ICC to identify facts and documents in the control of UpCodes, Scott Reynolds, and Garrett Reynolds, and not reasonably available to ICC.

At this stage in this Action, and without the benefit of the completion of discovery, ICC is still investigating the extent of Scott and Garrett Reynolds' involvement in the infringement of Plaintiff's Copyright Works. Therefore, ICC reserves the right to supplement, change, or amend this response as discovery proceeds.

Subject to the foregoing, ICC responds as follows: Scott and Garrett Reynolds are the founders and owners of UpCodes. Scott and Garrett Reynolds do not dispute that they copied, scanned, and manipulated ICC's Codes to create digital versions. *See, e.g.*, Dkt. 92-1 ¶¶ 103-13, Dkt. 100-1 ¶¶ 103-13. Scott and Garrett Reynolds have also posted comments indicating that they remain personally and directly involved in the decision to post the content on UpCodes platforms. *See, e.g.*, https://techcrunch.com/2020/11/16/a-court-decision-in-favor-of-startup-upcodes-may-help-shape-open-access-to-the-law/.

**INTERROGATORY NO. 6:**

If You contend that You hold copyright in any text that currently appears on the UpCodes Website, identify any portion of that text that You contend does not carry the force of law in one or more jurisdictions.

**RESPONSE TO INTERROGATORY NO. 6:**

ICC objects to this Interrogatory on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. On the basis of this objection, ICC will withhold privileged information that may be responsive to this Interrogatory.

ICC objects to this Interrogatory on the basis that "carry the force of law in one or more jurisdictions" is vague and ambiguous such that ICC cannot reasonably ascertain the object the of UpCodes' Interrogatory. ICC also objects on the basis that "carry the force of law in one or more jurisdictions" calls for a legal conclusion. ICC further objects to this Interrogatory as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in scope. ICC objects to the relevance of this Interrogatory on the grounds that the fact that one jurisdiction (such as New York) incorporates by reference a provision does not permit Defendants to reproduce that provision in any context where that provision does not carry the force of law (e.g., as a portion of the New Jersey code when New Jersey has not adopted that same provision).

ICC further objects to this Interrogatory as premature to the extent it seeks information not produced by Defendants, including copies of the current and historical UpCodes Website content. Therefore, ICC reserves the right to supplement, change, or amend this response as discovery proceeds.

Subject to the foregoing, ICC responds as follows: ICC claims copyright protection in all

-6-

portions of codes that are currently posted on UpCodes Website which the state and local jurisdictions who enacted those codes copied or derived from codes developed by ICC. ICC also claims copyright protection in the content of the codes listed in Exhibit A to the Complaint that has explicitly not been adopted by state and local jurisdictions when enacting their codes and that UpCodes has displayed on its website, including as part of a redline or code comparison. ICC also owns the copyrights in all code commentary, notes, non-binding portions or optional provisions of ICC's Codes or any other copyrighted language that does not "carry the force of law."

**INTERROGATORY NO. 7:**

If You contend that You hold copyright in any text that previously appeared on the UpCodes Website, identify any portion of that text that You contend does not carry the force of law in one or more jurisdictions

**RESPONSE TO INTERROGATORY NO. 7:**

ICC objects to this Interrogatory on the basis that "carry the force of law in one or more jurisdictions" is vague and ambiguous such that ICC cannot reasonably ascertain the object the of UpCodes' Interrogatory. ICC also objects on the basis that "carry the force of law in one or mor jurisdictions" calls for a legal conclusion. ICC further objects to this Interrogatory as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in scope. ICC objects to this Interrogatory to the extent it asks ICC to identify all portions of text that previously appeared on UpCodes' Website as previous text on UpCodes' Website is exclusively in the control of UpCodes and not reasonably available to ICC.

Subject to the foregoing, ICC responds as follows: ICC claims copyright protection in all portions of codes that were posted on UpCodes Website which the state and local jurisdictions

who enacted those codes copied or derived from codes developed by ICC. ICC also claims copyright protection in the content of the codes beginning in Bates Numbers ICC00161995, ICC00162324, ICC00162123, ICC00165302, ICC00170519, ICC00202513, ICC00141848, ICC00140289, ICC00148718, ICC00149995, ICC00189354, ICC00184328, ICC00163638, ICC00162485, ICC00259402, ICC00258690, ICC00112621, ICC00111500, ICC00120405, ICC00224558, ICC00224485, ICC00241572, ICC00245542, ICC00212117, ICC00212432, ICC00206520, ICC00206743 that has explicitly not been adopted by state and local jurisdictions when enacting their codes and that UpCodes has previously displayed on its website.

### REQUEST FOR PRODUCTION AND RESPONSE (NO. 29)

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show the historical text of codes on ICC's website corresponding to any section of historical text UpCodes provides of the UpCodes website, consistent with the time period and frequency agreed upon by the Parties for the historical text of sections of codes on UpCodes' website in response to ICC's RFP No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

ICC objects to this Request because the phrase "historical text of codes on ICC's website corresponding to any section of historical text UpCodes provides of the UpCodes website" is vague and ambiguous such that ICC cannot ascertain with reasonably certainty what documents UpCodes is requesting. ICC further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to the claims and defenses, and thus not proportionate to the needs of the case. This Request is overly broad and unduly burdensome insofar as it seeks documents that have no relation to ICC's copyright infringement and removal of copyright management information claims and UpCodes' related defenses. ICC objects to this Request and will not search for and produce documents to the extent it seeks information that is

publicly available, including on ICC's website wherein ICC makes previous versions of ICC's codes available for public viewing. Accordingly, ICC will not search for and produce documents absent a clarification of what is sought by this Request and a proffer of its relevance from Defendants.