# ΙΙΙORRISON FOERSTER

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: December 10, 2025**

ICC's subpoenas were served on non-parties on December 2 and December 4, 2025, noticing depositions pursuant to Rule 30(b)(6) for December 12, 2025. The non-parties were given, at most, 10 calendar days to comply. That period of time is unreasonable. Courts in this District have found fourteen days from the date of service to be presumptively reasonable. See, e.g., Brown v. Hendler, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011). The identities of these third parties have been known to ICC since at least February 15, 2024. Under Rule 45(c)(3)(A)(i), the court must quash a subpoena that fails to allow a reasonable time to comply. Because the subpoenas were served with less than fourteen days' notice, the request to quash is granted. The Clerk of the Court is respectfully directed to close the motion at ECF No. 258.

December 9, 2025

**VIA ECF**

Hon. Valerie Figueredo
United States Magistrate Judge, S.D.N.Y.

>    Re:    *Int'l Code Council, Inc. v. UpCodes, Inc., et al.,*
>           Case No. 1:17-cv-06261-DEH-VF

Dear Judge Figueredo:

We represent DSGW Architecture, Cuningham Group, FXCollaborative, and GWWO, Inc. ("the Third Parties"), four of the six non-party UpCodes customers recently served with deposition subpoenas by Plaintiff International Code Council, Inc. ("ICC"). Kamdar Decl. Ex. A. Pursuant to Local Civil Rule 37.2 and Section II.c.2 of the Court's Individual Practices, we respectfully request the Court quash the subpoenas or, in the alternative, issue an immediate stay of the forthcoming depositions—scheduled for this Friday, December 12, 2025—and hold a discovery conference to address Plaintiff ICC's attempt to circumvent the Court's prior orders and ambush non-parties with burdensome, improper discovery.

Despite the Court's September 5, 2025 Order carefully limiting ICC's third-party discovery to a small set of categories of *documents*, ICC served *deposition* subpoenas commanding the Third Parties to prepare Rule 30(b)(6) witnesses on twenty broad topics—covering years of contracts and code usage—with less than ten days to comply. ICC admitted that these subpoenas exceed the presumptive ten-deposition limit under the Federal Rules but argued it did not need the Court's leave because it "does not intend to conduct" all of them. Kamdar Decl. Ex. B. ICC further argued that the Court's prior orders are "silent" on depositions, supposedly granting it carte blanche to depose customers with ten days' notice (at most). *Id.* We respectfully request the Court's immediate intervention.

**Background**

For years, the Court has restricted ICC's ability to involve non-party customers in this litigation. At the January 29, 2024 hearing, the Court was explicit: "ICC's not allowed to communicate with any of these individuals on the customer list until either there's been some agreement with counsel for UpCodes as to what that communication will look like and what will be asked or you come to me and gotten an order from me or another court." Jan. 29, 2024 Hr'g Tr. at 44:21–45:4.

The Court modified this ban only slightly in its September 5, 2025 Order (ECF No. 247). That Order permitted ICC to serve document subpoenas within five narrow categories on a set of thirty "enterprise" customers of UpCodes. It extended the fact-discovery deadline to December 12, 2025 specifically to facilitate this limited document discovery, warning that this was the final

**ᎷᎾRRISON ᖴOERSTER**

December 9, 2025
Page Two

extension.  The Order, which expressly addressed subpoenas "for documents," did not authorize depositions.

Despite these restrictions, on December 2 and 4, 2025, ICC served subpoenas on the Third Parties (and to two other customers around the same time), noticing Rule 30(b)(6) depositions for December 12.  Kamdar Decl. ¶¶ 16-19.  The subpoenas demand testimony on twenty broad topics covering years of contracts, communications, and code usage on both parties' websites.

On December 8, 2025, at 3:30 p.m. ET, counsel for the Third Parties and ICC met and conferred on this topic for approximately 20 minutes.  Aditya Kamdar and Kingston Pung attended on behalf of the Third Parties.  Jane Wise and Jordan Chisek attended on behalf of ICC.  ICC refused to withdraw the subpoenas, maintaining their position outlined in the parties' correspondence: that the September 5 Order is merely "silent" on depositions, that ten days from issuance to date of deposition is "reasonable" notice, and that it is fine to notice more than the ten depositions because "ICC does not intend to conduct more than the allotted 10 depositions."  Kamdar Decl. Ex. B.  As a result, the parties are at an impasse.

**The Subpoenas Violate the Court's Prior Directives**

As an initial matter, the Court required that the parties meet and confer on the "nature of the communications" ICC intends to have with UpCodes' customers before sending any further discovery.  Jan. 29, 2024 Hr'g Tr. at 45:18–25.  ICC did not meet and confer before serving the December 2025 deposition subpoenas on UpCodes' customers.

ICC's position—that the September 5 Order is "silent" on depositions, and therefore permissive—turns the procedural history on its head.  The default status of customer discovery in this case was a total bar on communication, imposed by the Court in January 2024.  The September 5 Order granted a carefully tailored exception, limiting ICC to a set number of customer subpoenas, to "enterprise" customers only, and to a "narrowed . . . scope" of "5 categories of documents."  Any further discovery not explicitly permitted by that exception—let alone depositions on twenty broad topics—remains barred by the Court's prior directive.  ICC cannot manufacture permission out of silence, particularly in the face of the Court's explicit limitations.

**ICC Failed to Allow a Reasonable Time to Comply**

Rule 45(d)(3)(A)(i) requires a court to quash or modify a subpoena that "fails to allow a reasonable time to comply."  ICC argues that the time between service and deposition—ten calendar days, at most, and fewer business days, to identify, prepare, and present a corporate designee on twenty broad topics—is sufficient.  Not so.

Numerous courts, including in this District, have held that compliance periods shorter than fourteen days are presumptively unreasonable, particularly for non-party depositions. *See, e.g., Brown v. Hendler*, No. 09 CIV. 4486 RLE, 2011 WL 321139, at \*2 (S.D.N.Y. Jan. 31, 2011) ("[T]he Court finds that nine days was not a reasonable time to comply with the subpoena."); *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 MISC. 23, 2020 WL 4700910, at \*3

**IIIORRISON FOERSTER**

December 9, 2025
Page Three

(S.D.N.Y. Aug. 13, 2020) ("Indeed, in changing the notice requirement of Rule 45 from ten days to fourteen days, the intent of the 1991 advisory committee was to allow parties more time to object to such subpoenas.").

The untimeliness here is particularly egregious given that the Third Parties were identified on UpCodes' customer list produced on February 15, 2024. Kamdar Decl. ¶ 4. The Third Parties have been otherwise cooperative, producing documents either in response to ICC's October 2025 subpoenas or, in FXCollaborative's case, producing documents as early as March 2024. *Id.* ¶¶ 5-15. Given the extensive time ICC has had to seek discovery from the Third Parties, demanding depositions at the eleventh hour of discovery is plainly unreasonable. Any assurance by ICC that the deposition date can be flexible is insufficient and directly at odds with the Court's admonition that the December 12 deadline is a final extension.

**The Subpoenas Impose Undue Burden by Circumventing Rule 30 Limits**

ICC admits it has served more deposition notices than the ten depositions that can be taken under Rule 30 absent leave. Fed. R. Civ. P. 30(a)(2)(A)(i). Its defense—that it "does not intend to conduct" them all—is an admission of abuse. ICC is using the *threat* of depositions to burden non-parties with the costs of retaining and conferring with counsel, evaluating objections, and preparing witnesses for testimony ICC knows it cannot take without leave.

Under Rule 45, ICC has a duty to avoid imposing undue burden or expense on non-parties. Forcing multiple non-party businesses to prepare for depositions in a game of chicken, where ICC decides at the last minute which ones to actually proceed with, is the definition of undue burden. The cost of preparing a Rule 30(b)(6) witness on twenty topics is significant. Forcing non-parties to incur that cost for a deposition that exceeds the statutory limit is harassment. ICC should have sought leave well in advance of the days before the close of fact discovery if it believed additional depositions were necessary.

**Request for Relief**

For the foregoing reasons, the Third Parties respectfully request that the Court quash ICC's improper subpoenas or, in the alternative, issue an immediate stay of the forthcoming depositions and hold a discovery conference on this issue. Pursuant to Rule 45(d)(1), the Third Parties respectfully request the Court award reasonable fees and costs incurred in addressing ICC's refusal to withdraw plainly defective subpoenas.

Sincerely,

*/s/ Aditya V. Kamdar*

Aditya V. Kamdar