# Morrison Foerster

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

Writer's Direct Contact
+1 (202) 887-6954
AKamdar@mofo.com

December 12, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *International Code Council, Inc. v. UpCodes, Inc., et al.*
       Consolidated Case Nos. 1:22-cv-10815-VM-VF, 1:20-cv-04316, 1:17-cv-06261

Dear Judge Figueredo:

UpCodes urgently objects to the Rule 30(b)(6) deposition of third-party H2M architects + engineers ("H2M"), currently set to take place **by Zoom at 10:30 a.m. ET today, Friday, December 12**. We respectfully request the Court order ICC not to proceed with this deposition. In the alternative, should the deposition proceed before the Court can rule, UpCodes requests an order that any testimony elicited may not be used against UpCodes due to lack of reasonable notice, pursuant to Rule 32(a)(5)(A) or otherwise.

The H2M subpoena is materially identical to the subpoenas this Court quashed just two days ago. On Wednesday, December 10, the Court granted a letter motion from four other UpCodes customers, holding the notice period "unreasonable . . . [b]ecause the subpoenas were served with less than fourteen days' notice." ECF No. 259.

H2M's subpoena suffers from the exact same deficit: it was served on or about December 4, noticing a deposition for December 12. Given the Court's recent ruling, UpCodes had every reason to believe that ICC would not proceed with this clearly deficient subpoena.

But yesterday, Thursday, December 11, at 2:13 p.m. ET—less than 24 hours before the deposition—UpCodes received notice for the first time that ICC intended to go forward, and only because UpCodes' counsel was added to an email thread by H2M's General Counsel. This thread was also the first time UpCodes' counsel learned that the deposition, noticed for 9 a.m. ET at DLA Piper's New York office, was now going to take place at 10:30 a.m. ET over Zoom.

ICC never provided any written notice of these material changes, despite having ample opportunity and every obligation to do so. This is not permissible under the Federal Rules. Rule 45(a)(1)(A)(iii) requires that a subpoena specify the time and place of the deposition. Rule 30(b)(1) requires "reasonable written notice" to all parties. Changing both the time and the mode of the deposition on the eve of the proceeding without formal notice is improper and prejudicial.

MF-364746018

December 12, 2025
Page 2

The deposition is further improper because ICC is flouting *two* court orders in pursuing it. As explained by the third parties earlier this week in their letter brief (ECF No. 258), (1) ICC is not allowed, under this Court's January 29, 2024 Order, to reach out to UpCodes customers absent agreement or leave from the Court, which it did not seek nor receive, and (2) the Court's September 5 Order extending the case schedule authorized ICC to serve narrow *document* subpoenas, not *deposition* subpoenas.

ICC is attempting to pursue a deposition on less than 24 hours' active notice, based on a subpoena served with insufficient time, regarding a subject matter unauthorized by the Court. UpCodes respectfully requests the Court direct ICC not to proceed or, in the alternative, enter a protective order barring the use of any resulting testimony against UpCodes.

Sincerely,

*/s/ Aditya V. Kamdar*

Aditya V. Kamdar