

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Jane W. Wise
jane.wise@us.dlapiper.com
T   202.799.4149
F   202.863.7849

December 12, 2025
*VIA ECF*

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:    *International Code Council, Inc. v. UpCodes, Inc. et al. – Consolidated Case Nos. 1:17-cv-6261, 1:20-cv-04316, and 1:22-cv-10815***

Dear Magistrate Judge Figueredo:

We write in response to UpCodes' emergency request filed this morning concerning the scheduled deposition of H2M architects + engineers ("H2M") set to take place via zoom today at 10:30 AM ET.  UpCodes' counsel does not represent H2M, who is separately represented.  Despite speaking with UpCodes' counsel last night about this deposition and confirming UpCodes planned to attend, ICC learned for the first time this morning that UpCodes objected to the H2M subpoena when it received UpCodes' letter motion filed at 1:10 AM ET.  UpCodes did not meet and confer with ICC concerning letter motion, nor did UpCodes raise any objection to any of the previously noticed third-party subpoenas in this case.  UpCodes' failure to meet and confer, particularly when it had ample opportunity to do so, compels denial of UpCodes' motion.  *Olin Corp. v. Lamorak Ins. Co.*, No. 84 Civ. 1968 (JSR), 2021 WL 396781, at *10 (S.D.N.Y. Feb. 4, 2021) (finding that a party's failure to certify that it met and conferred a over any issue in the motion "dooms" the application); *Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) (denying discovery motion for failure to meet and confer).

H2M's has not sought a protective order and has not raised objections based on notice or burden to ICC's subpoena.  Nor was the time provided by ICC's notice of subpoena unreasonable.  *Fu v. Consol. Edison Co. of New York, Inc.*, 2018 WL 4373995, at *5 (S.D.N.Y. Sept. 13, 2018) ("While six days is at the shorter end of the spectrum of reasonable notice, the Second Circuit has held that even four days' notice of deposition is not unreasonable as a matter of law.") (citing *F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983); *Matter of MP Reorganization*, 2024 WL 4954320, at *2 (S.D.N.Y. Nov. 30, 2024) ("The subpoena to appear for the deposition was served on November 21, 2024, giving Brahms and his counsel an 11-day timeline to comply. . . As a matter of law, 11 days is not presumptively unreasonable . . . .").



December 12, 2025
Page Two

H2M notified ICC that its witness was not available until 10:30 am and would only be made available by zoom on Wednesday, December 10th, and UpCodes learned of these minor scheduling accommodations within 24 hours. These accommodations make it easier for UpCodes' counsel to attend the deposition, as the time is later in the morning (UpCodes' counsel are located on the West Coast), and UpCodes' counsel have been provided with a link to the remote deposition. Unsurprisingly, nothing in UpCodes' letter motion states that UpCodes is unable to attend the deposition, as UpCodes expressly stated that it plans to attend the deposition today. Moreover, UpCodes' request to bar the testimony is unfounded. *Shanker v. Helsby,* 515 F. Supp. 871, 873 n.4 (S.D.N.Y.1981), *aff'd,* 676 F.2d 31 (2d Cir.1982) (lack of notice does not bar the admissibility of deposition where objecting party had opportunity to cure by scheduling cross-examination). UpCodes has the ability to attend the deposition and will have the opportunity to cross-examine H2M's witness. UpCodes' true aim appears to be calculated to prevent relevant and admissible testimony from being considered in this case.

Finally, ICC did not have the opportunity to respond to the motion for protective order filed by DSGW Architecture, Cuningham Group, FXCollaborative, and GWWO, Inc. ICC disputes many of the contentions raised in that letter motion, including the suggestion that ICC violated the Court's prior orders. ICC reserves the right to seek reconsideration of the Court's decision on that motion.

Respectfully submitted,

Jane W. Wise