

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Jane W. Wise
jane.wise@us.dlapiper.com
T   202.799.4149
F   202.863.7849

December 12, 2025
*VIA ECF*

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:**    *International Code Council, Inc. v. UpCodes, Inc. et al.* **– Consolidated Case Nos. 1:17-cv-6261, 1:20-cv-04316, and 1:22-cv-10815**

Dear Magistrate Judge Figueredo:

Pursuant to Your Honor's Individual Practices § II(c) and Rule 26(c) of the Federal Rules of Civil Procedure, ICC requests a protective order against UpCodes' 3,225 requests for admission.  On December 5, 2025, counsel for the parties conferred and are at an impasse.  UpCodes offered to permit ICC to respond only to a subset of the requests subject to certain conditions but would not withdraw the other 3,184 requests.  Accordingly, ICC was forced to file this motion.

## I.    Background of the Dispute

UpCodes previously served two sets of requests for admission totaling 270 requests to which ICC timely responded.  At an October 8, 2025 discovery conference regarding different issues, UpCodes referenced these requests saying it sought to understand when ICC made changes to the codes on its website, but ICC denied them.  Dkt. No. 254 ("10.08.25 Hr'g Tr.") at 43:2-9.  As ICC explained, the Requests were poorly worded, but ICC accurately responded to them.[1]  *Id*. at 43:19-23.  The Court queried whether UpCodes may want to "serve another RFA, perhaps more targeted," about the static nature of ICC's website and the published version history for its publications.  *Id*. at 43:24-44; 46:4-6.  UpCodes indicated it would do so.  *Id*. at 44:4-5.

More than one month after that conference, on November 12 & 13, 2025, UpCodes served two sets of requests for admission, attached hereto as Exhibits A & B, totaling ***3,225*** new requests (the "Requests") and bringing the total requests for admission to date to 3,504.  The Requests are facially burdensome and a far cry from what the Court contemplated at the October 8 conference.  Serving more than three thousand requests for admission on the last day to serve discovery on its own is not proportional to the needs of the case at this late stage of litigation, and an abusive tactic designed to harass ICC.  ICC thus respectfully requests a protective order be entered that (i) ICC is not requested to respond to the Requests, and (ii) pending resolution of this Letter-Motion, ICC's

---

[1] ICC explained this to UpCodes' counsel in 2024 after ICC served its objections and responses.



December 12, 2025
Page Two

deadlines to respond to the Requests be stayed.

## II.      Argument

Federal Rule of Civil Procedure 36 was not designed to "elicit facts and information," but rather "to establish admission of facts about which there is no real dispute." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018).  "Stated differently, Rule 36 'is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." *Id.* (quoting 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2252 (3d ed. 2006)).  Courts impose a burden on the requesting party to "set[] forth its requests simply and directly, not vaguely or ambiguously." *BAT LLC v. TD Bank, N.A.*, No. 15-CV-05839, 2018 WL 3626428, at \*5 (E.D.N.Y. July 30, 2018).  When requests for admission do not adhere to these principles or are unduly burdensome, "a court may excuse a party from responding to the requests." *Republic of Turkey*, 326 F.R.D. at 399.  Federal Rule of Civil Procedure 26(c) "affords protection for abusive or embarrassing discovery." *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 268 (E.D.N.Y. 2023), *aff'd*, No. 2:22-CV-01791, 2024 WL 127967 (E.D.N.Y. Jan. 11, 2024).  Courts routinely grant protective orders against unduly burdensome and/or improper requests for admission. *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386VSBKHP, 2021 WL 735241, at \*2 (S.D.N.Y. Feb. 25, 2021); *Galgano v. County of Putnam*, 2021 U.S. Dist. LEXIS 146465, \*4 (S.D.N.Y. June 30, 2021).

Here, there is good cause to issue a protective order against the Requests because they are unduly burdensome, vague, and disproportionate to the needs of this case.  First, the sheer number of requests demonstrates abuse of the request for admission discovery mechanism.  UpCodes issued ***3,225 additional*** Requests on top of the 279 Requests it has already propounded.  Courts in this Circuit have rejected volumes of requests for admission far smaller than those propounded by UpCodes. *See Spectrum Dynamics Med. Ltd.*, 2021 WL 735241, at \*2 (issuing protective order for 1,672 requests); *Galgano*, 2021 U.S. Dist. LEXIS 146465, \*4 (same for 329 requests); *BAT LLC*, 2018 WL 3626428, at \*6 (same for 157 requests); *Joseph L. v. Connecticut Dep't of Child. & Fams.*, 225 F.R.D. 400, 403 (D. Conn. 2005) (same for 163 requests).

Not only are UpCodes' Requests voluminous, most require an immense amount of work to respond to, thus amplifying the burden on ICC.  "In determining whether a discovery request is burdensome the court must weigh the burden to the producing party against the need of the party seeking the information." *Michaud v. United States*, 2017 U.S. Dist. LEXIS 169561, \*7 (D. Conn. Oct. 13, 2017) (quoting *Cook v. United States*, 109 F.R.D. 81, 85 (E.D.N.Y. 1985)).  Here, a many of the Requests ask for an admission as to whether some particular code on ICC's website contained errors and, if so, whether such errors were addressed at specific points in time. *See e.g.*, Ex. A at Request No. 327-332.  Responding to those Requests would take significant time (likely months) because the requests necessitate a painstaking review of each code (often more than 1,000 pages each), the corresponding jurisdiction's legislation, and researching the changes present on the

DLA PIPER

December 12, 2025
Page Three

identified date.   Additionally, the majority of Requests are fatally vague and ambiguous and improperly seek admissions regarding questions of law.  For example, UpCodes repeatedly uses the term "errors" with no stated definition or limitation, or even whether the error was present in the text supplied by the jurisdiction.  *See generally* Ex. A & B.  For example, in Request 579, it is unclear whether an "error" would include a mistake made by Florida in its amendments to ICC's model residential code.  As used in the Requests, the term "error" captures more than just typos and could include, for instance, a code's mistaken citation to other codes in that state.  Responding to such vaguely-worded requests necessarily calls for legal interpretation or analysis.  *See BAT LLC*, 2018 WL 3626428, at *6 (granting protective order against requests that were "vaguely worded" and "sought admissions as to the content and interpretation—rather than genuineness—of documents.").  Moreover, answering the requests would require painstaking research.  Request 579 states "Admit that the 2014 Florida Residential Code Version Mar 2015 (Bates Number ICC00282390) on ICC's website contains no errors."  The Florida Residential Code is over 900 pages long.  Responding would require ICC to analyze the entire document compared to the then-existing residential code of Florida.  *See U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-04044, 2020 WL 9549505, at *4 (S.D.N.Y. Nov. 30, 2020) (request for admission should be "limited to a singular relevant fact" and not require the answering party to "conduct[] a wide-ranging review . . . to determine whether [the requesting party's] conclusion is correct.").  UpCodes' purported need does not outweigh the significant burden of responding to the Requests.

Separately, the Requests are contrary to UpCodes' representations to the Court, substantively flawed, and not helpful to narrowing the issues in the case.  First, at the prior conference, the Court considered, and UpCodes agreed to provide, a "targeted" request for admission to essentially clean up the inaccurate language in its prior requests relating to how ICC makes changes to its website.  10.08.25 Hr'g Tr. at 43:24-44:5.   Serving *3,225 additional* requests (many of which were untimely)[2] far exceeds the suggestion to "serve another RFA" contemplated at the October Hearing.  *Id.* at 44:1.  UpCodes specifically seeks to learn about changes at specific points in time to each code on the ICC website and how any changes were addressed.  *See, e.g.*, Ex. A at Requests 333-344.  The Court already recognized that such requests were not practical, saying "I'm not sure how you would create a declaration for someone to attest to what changes were made and when, if they haven't maintained a log of that."  10.08.25 Hr'g Tr. at 40:22-25.

For the reasons set forth above, ICC respectfully requests a protective order be entered that (i) ICC is not requested to respond to UpCodes Third and Fourth Sets of Requests for Admission, and (ii) pending resolution of this Letter-Motion, ICC's deadlines to respond to the Requests be stayed.

---

[2] UpCodes 4th Set of RFAs on November 13, 2025 are unenforceable as they were served *after* the last day to serve discovery.  *See* Ex. B; 2025-09-05 Docket Entry.  *See Bhatt v. Lalit Patel Physician P.C.*, 2023 WL 2895935, at *1 (E.D.N.Y. Apr. 11, 2023) (requests that "could only have been responded to after the discovery cut-off" were "*per se* late, and unenforceable.").



December 12, 2025
Page Four


Respectfully submitted,

Jane W. Wise