**IIIORRISON FOERSTER**

2100 L STREET, NW
SUITE 900
WASHINGTON
DC  20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

January 15, 2026

**Via ECF**

Writer's Direct Contact
+1 (202) 887-6954
AKamdar@mofo.com

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *International Code Council, Inc. v. UpCodes, Inc., et al.*
     **Consolidated Case Nos. 1:20-cv-04316-VM-VF, 1:17-cv-06261, 1:22-cv-10815**

Dear Judge Figueredo:

Pursuant to Local Civil Rule 37.2 and Section II.C.2 of the Court's Individual Practices, Defendants (collectively, "UpCodes") submit this letter motion requesting a discovery conference and an order compelling Plaintiff International Code Council ("ICC") to (a) supplement its production of financial documents and user metrics that ICC agreed are responsive to UpCodes' requests for production and (b) produce supplemental materials that provide the missing context necessary to interpret the documents already produced—or, alternatively, provide an additional Rule 30(b)(6) witness for deposition.  ICC's current production consists of outdated documents that lack basic contextual information, and ICC has not produced explanatory material nor a Rule 30(b)(6) witness prepared to meaningfully testify about those documents and their contents.

Despite numerous emails identifying significant gaps in ICC's document production, as well as deposition testimony from ICC's Rule 30(b)(6) designee (its current CFO, Gosia Furman) confirming that the requested materials can be readily collected, ICC has refused to supplement its production and continues to disregard its discovery obligations.

These deficiencies are compounded by ICC's failure to respond to UpCodes' repeated, good-faith efforts to comply with the Court's meet and confer requirements.  As reflected in **Exhibit 1**, UpCodes sought to meet and confer regarding the issues raised herein on five separate occasions—December 11, 12, 16, 22, and January 6—with ***no response*** from ICC. ICC cannot evade its duty to supplement under Rule 26, including after the close of fact discovery, by staying silent.  *See Ferring Pharms. Inc. v. Serenity Pharms., LLC*, No. 1:17-cv-09922 (CM) (SDA), 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019) ("[t]he duty to supplement [under Rule 26(e)] continues even after the discovery period has closed.").

## I.    Background

UpCodes served financial discovery requests directly relevant to assessing ICC's theories of harm.  *See* **Ex. 2**.  In response to UpCodes' *False Advertising* RFP Nos. 7 and 8, ICC agreed

**IIIORRISON FOERSTER**

The Honorable Valerie Figueredo
January 15, 2026
Page Two

to produce its revenues and unit sales of each printed building code since January 2017.  *See id*. at 1-2.  In response to UpCodes' *Copyright II* RFP Nos. 1, 11, 21-24, and 26-27, ICC agreed to produce documents related to copyright infringement damages, including but not limited to licensing discussions, audited financials, revenues, sales, costs, and metrics related to paying subscribers.  *See id*. at 2-9.

Notwithstanding these agreements, ICC has produced outdated and incomplete financial and metrics information, prompting UpCodes to request supplementation.  *See generally* **Ex. 1**.  Although ICC agreed to supplement its production if additional responsive documents were available, s*ee id*., ICC failed to properly do so—despite testimony from Ms. Furman, ICC's CFO, that ICC maintains, and has readily available, updated versions of the requested financial documents.  *See, e.g.* **Ex. 3** at 131:2-23, 139:7-17, 147:17-21; 268:20-273:13.  Ms. Furman further testified that additional information is necessary to fully understand the financial data in ICC's produced documents.  *See id*. at 209:21-226:13; 227:20-247:11.  In light of this testimony, UpCodes repeatedly requested that ICC supplement its deficient financial production.  *See* **Ex. 1.**  ICC failed to respond.  *See id*.

## II.    ICC Must Supplement Its Production with Updated Financial Documents and Metrics (FAL RFP Nos. 7-8; Copyright II RFP 1, 11, 21-24, 26-27)

ICC should be compelled to produce updated financial documents related to its budgets, pricing, costs, sales of the copyrighted works at issue, and metrics and analytics of paying users.[1]  When confronted with its deficient production, ICC confirmed that "where appropriate and feasible," ICC would "make a supplemental document production."  *See* **Ex. 1**.  The only objection raised was that ICC could not "be asked to supplement a budget from a single year from over a decade ago."  And ICC's eventual supplement pertained only to four of the approximately two dozen outdated documents.

To the extent ICC intends to argue that it did not produce updated versions of the other documents because they could not be "supplemented," that objection misses the point.  UpCodes is not seeking, for example, to "supplement" a decade-old budget already produced; rather, it seeks updated versions of the budget and other recurring financials that ICC creates in the ordinary course.  ICC has never taken the position that it has ceased creating such documents, nor has it explained why updated versions through the present cannot be produced.  To the contrary, Ms. Furman was asked about several financial documents and confirmed that ICC maintains updated versions.  *See, e.g.*, **Ex. 3** at 139:7-17, 147:17-21, 268:20-273:13.  Accordingly, under Rule 26(e)(1)(A), ICC must supplement its production to include the missing years through the present.

---

[1] These documents include spreadsheets bearing the Bates numbers ICC00399156; ICC00268044; ICC00069223; ICC00069239; ICC00039340; ICC00039292; ICC00038248; ICC00058528; ICC00266362; ICC00266363; ICC00266365; ICC00266366; ICC00301091; ICC00266476; ICC00266476; ICC00266477; ICC00266478; ICC00263736; ICC00399133; and ICC00038148.

**IIIORRISON FOERSTER**

The Honorable Valerie Figueredo
January 15, 2026
Page Three

**III.    ICC Must Produce Documents Sufficient—or a Rule 30(b)(6) Witness Prepared—to Explain Already Produced Financial Documents**

ICC has not only refused to provide updated versions of its financial documents and metrics but has also failed to provide complete and usable versions of the financial and metrics materials it has already produced.

*First*, ICC's sales data is not interpretable in its current form.[2]  Ms. Furman testified that an "Item Class Code" parameter is required to determine the type of sale reflected in an invoice, and that no such item class code currently exists in ICC's produced sales data.  *See* **Ex. 3** at 193:6-25.  Despite this testimony, ICC has ignored UpCodes' repeated requests to produce sales data that include the necessary item class codes.  *Second*, ICC produced its general ledger without producing the underlying payments records.[3]  Ms. Furman confirmed that ICC maintains the payment records underlying its ledgers and that producing those records would not be burdensome.  *See* **Ex. 3** at 123:22-25, 131:2-23.  Nevertheless, ICC has refused to produce these records despite UpCodes' repeated requests.  *See* **Ex. 1**.

*Third*, four[4] of ICC's produced metrics documents are missing critical explanatory information.  ICC had specifically agreed to prepare Ms. Furman, ICC's 30(b)(6) witness, regarding these four documents.  *See* **Ex. 4**.[5]  But when asked about these documents, Ms. Furman, was unable to answer basic questions such as what the headings represented or what the metrics listed correspond to.  *See, e.g.*, **Ex. 3** at 209:21-226:13; 227:20-247:11.  For example, for ICC00268044, which purports to be ICC's website analytics, Ms. Furman could not explain what the "Users" or "Pageviews" metrics represent, and she could not identify the URLs to which each metric corresponds.  *See id*. at 213:2-219:7.  UpCodes requested that ICC make another witness available for deposition to testify regarding these documents.  *See* **Ex. 1**.  ICC did not respond.  *See id.*  ICC should therefore be compelled to either produce a witness knowledgeable about these documents or, at a minimum, produce documents providing the missing information as detailed in UpCodes' correspondence.  *See* **Ex. 1**.

**IV.    Request for Relief**

For the reasons stated above, ICC should be compelled to produce updated versions through the present of documents cited in Section II and provide the requested additional detail with respect to documents cited in Section III.  In the alternative, ICC should be ordered to present an additional Rule 30(b)(6) witness prepared to testify about the missing contextual information necessary to interpret the documents ICC has produced.

---

[2] ICC00069223; ICC00266362; ICC00266365; ICC00266366; ICC00278363; ICC00278364; ICC00301091; ICC00266476; ICC00266477; ICC00266478; and ICC00301090.
[3] ICC00266363 and ICC00069239.
[4] ICC00268044; ICC00263736; ICC00399133; and ICC00399156.
[5] Johnson Exs. 198-202 correspond to ICC000268044; ICC00263736; ICC00399133; ICC00399134 and ICC00399156.

**IIIORRISON FOERSTER**

The Honorable Valerie Figueredo
January 15, 2026
Page Four

Sincerely,

*/s/ Aditya V. Kamdar*
Aditya V. Kamdar

**IIIORRISON FOERSTER**