

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: January 26, 2026**

The motion to seal is GRANTED. The Clerk of the Court is respectfully directed to maintain the sealing at ECF Nos. 280-1 and 280-3 and to close the motion at ECF No. 282.

January 23, 2026
*VIA ECF*

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *International Code Council, Inc. v. UpCodes, Inc., et al.* **Consolidated Case Nos. 1:20-cv-04316, 1:17-cv-06261, 1:22-cv-10815**

**Dear Judge Figueredo:**

Pursuant to the Court's January 16, 2026 Order, Dkt. 278, Local Civil Rule 37.2, and Section II.C.2 of the Court's Individual Practices, Plaintiff International Code Council ("ICC") submits this letter motion to maintain the sealed treatment of its Confidential Information referenced or quoted in Defendants (collectively, "UpCodes") January 15, 2026 letter motion (Dkt. Nos. 274, 274-1, 274-2, 274-3, & 274-4).

Specifically, UpCodes' letter motion included two exhibits, Exhibit 1 and Exhibit 3 (Dkt. Nos. 274-1 & 274-3), that include information that ICC has designated as "Highly Confidential – Attorneys' Eyes Only."  ICC requests that Exhibits 1 and 3, containing a summary and excerpts of testimony from ICC executives Mr. Mark Johnson and Ms. Gosia Furman, be maintained under seal as originally proposed by UpCodes in its January 15, 2026 Letter (Dkt. 272) and resubmitted with this motion ("ICC's Proposed Redactions and Sealings").  ICC's Proposed Redactions and Sealings include discussions of sensitive financial information, customer information, and business performance metrics that are highly confidential.

Sealed treatment of ICC's Proposed Redactions and Sealings is appropriate in light of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of public access.  *Id.* (internal citation and quotation marks omitted).  "[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information."  *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (collecting cases).  "[C]ourts may deny access to records that contain "sources of business information that might harm a litigant's competitive standing."  *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) (internal quotations) (collecting cases).

January 23, 2026
Page Two

ICC's Proposed Redactions and Sealings are "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 614 (S.D.N.Y.1998)). "[C]ourts in this Circuit routinely permit parties to redact sensitive financial information akin to the material at issue here." *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020); *see also City of Providence v. BATS Glob. Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) ("The filings contain confidential customer information of a type that is 'commonly sealed.'"). "Courts applying the Second Circuit's *Lugosch* standard have also recognized the sensitivity of confidential business strategies and practices, and have permitted the sealing of such information." *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022). These redactions and sealing are "narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022).

ICC's Proposed Redactions and Sealings have been applied judiciously and are narrowly tailored to shield only "the confidentiality of proprietary business information." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.,* 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Accordingly, ICC respectfully requests that the Court grant ICC's request to maintain the limited, proposed redactions and sealing.

Respectfully submitted,                          By: */s/ Jane W. Wise*
                                                 **DLA PIPER LLP (US)**
Staci J. Trager                                  J. Kevin Fee
200 Avenue of the Stars                          Jane W. Wise
Suite 400 North Tower                            Olivia Houston
Los Angeles, CA 90067                            500 Eighth St NW
staci.trager@us.dlapiper.com                     Washington, DC 20004
                                                 (202) 799-4000
Jordan Chisek                                    kevin.fee@dlapiper.com
555 Mission Street                               jane.wise@dlapiper.com
Suite 2400                                       olivia.houston@us.dlapiper.com
San Francisco, CA 94105
jordan.chisek@us.dlapiper.com

                                                 *Attorneys for Plaintiff American Society*
                                                 *for Testing and Materials d/b/a ASTM*
                                                 *International*