UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

INTERNATIONAL CODE COUNCIL,
INC., et al.,

                Plaintiffs,              17-CV-06261 (VM) (VF)

        -against-                  **<u>ORDER</u>**

UPCODES, INC. et al.,

                Defendants.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

At ECF No. 274 and ECF No. 280, UpCodes filed a letter motion seeking to compel ICC

to supplement its production of various documents. ICC opposed the request. <u>See</u> ECF No. 283-

1. A conference to address the letter motion was held on February 10, 2026. ECF No. 296. As

discussed at the conference, ICC agreed to produce supplemental "user data," as requested by

UpCodes, from January 2017 onward, and if the supplemental data has already been produced by

ICC, ICC will identify the relevant bates numbers. <u>See</u> ECF No. 296 at 18-19. As it concerns

UpCodes' request for supplementation of ICC's sales and cost data, ICC agreed to supplement

such data through 2025, and if ICC has already provided such data, it will point UpCodes to the

relevant bates numbers. <u>See</u> ECF No. 296 at 11-14. To the extent UpCodes also requested budget

information, ICC is directed to provide such information beginning in January 2017. In footnotes

1 through 4 of its letter, UpCodes identified certain documents for which it seeks

supplementation. ICC represented that it has produced documents sufficient to show the relevant

financial information and that it no longer maintains the information in the format it did at the

time the at-issue documents were created. <u>See</u> ECF No. 296 at 20-21. For example, to the extent

one of the documents identified by UpCodes concerns royalty and licensing information, ICC indicated at the conference that it changed the way it maintains some of that royalty information, but that it has provided the same information in a different format. See ECF No. 296 at 34. Where the information sought by UpCodes has already been provided by ICC in a different format, ICC is hereby directed to point UpCodes to where in the production (identified by bates number) UpCodes can find the relevant information. However, to the extent any of the documents identified in the footnotes are "budget documents," ICC is directed to supplement its production with such documents from 2014 onward, if such a budget document exists, as Ms. Furman appears to have indicated during her deposition. See ECF No. 296 at 23-33. UpCodes also asks that ICC make another witness available for a deposition to testify regarding certain aspects of specific documents. ECF No. 280 at 3. The request for an additional Rule 30(b)(6) deposition is denied as UpCodes has not shown that ICC's witness was unprepared to testify about the identified subjects. UpCodes also seeks the payment records underlying ICC's ledgers. ECF No. 280 at 3. Because such information is relevant to showing the extent of the alleged harm to ICC and because ICC's witness testified that such information is readily available, ICC is hereby directed to produce those documents to UpCodes. Finally, UpCodes requests "item class codes" for ICC's sales data, so that it can determine whether sales were for print or electronic copies. ECF No. 280 at 3. Because UpCodes has explained why such information is relevant (ECF No. 296 at 41), ICC is directed to produce that information.

At ECF No. 298, UpCodes submitted a letter motion concerning the expert discovery schedule. UpCodes requested an extension of certain expert discovery deadlines given the pending motion to compel certain financial and metrics documents that are relevant to UpCodes' opening expert report. Given the Court's ruling on the motion to compel at ECF No. 274 and

280, the requested extension of the expert discovery schedule (as outlined in UpCodes' letter) is

granted. The expert discovery schedule is hereby modified as proposed at ECF No. 298 at 2.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos.

273, 274, 280, and 298.

**SO ORDERED.**

DATED:      New York, New York
            April 6, 2026

VALERIE FIGUEREDO
United States Magistrate Judge